UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FRED E. WEIDERHOLD, JR. AS INSPECTOR GENERAL NATIONAL RAILROAD PASSENGER CORPORATION,<br><br>          Petitioner,<br><br>v.<br><br>BOMBARDIER, INC..; ALSTOM TRANSPORTATION, INC.; NORTHEAST CORRIDOR MAINTENANCE SERVICES COMPANY,<br><br>          Respondents. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Civil Action No. 1:05 MS 367<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**MOTION FOR EXTENSION OF TIME TO FILE RESPONSE TO AMENDED PETITION**

Timothy M. Broas
D.C. Bar No. 391145
WINSTON & STRAWN LLP
1700 K Street, NW
Washington, DC  20006
(202) 282-5750

Philip Le B. Douglas
Paul Ryerson
D.C. Bar No. 311944
JONES DAY
222 East 41st Street
New York, NY  10017
(212) 326-3611

*Counsel for Respondents*

Dated:  September 26, 2006

Respondents Bombardier, Inc., Alstom Transportation, Inc., and Northeast Corridor Maintenance Services Company ("NeCMSC") respectfully move the Court for a one-week extension of time (to October 6, 2006) to file their Response, and Memorandum in support thereof, to the Amended Petition for Summary and Expedited Enforcement of Inspector General Subpoenas Duces Tecum (the "Amended Petition"). Respondents make this motion because of the parties' unexpected difficulty in resolving issues relating to the impending transfer, on October 1, 2006, to the National Railroad Passenger Corporation ("Amtrak"), of NeCMSC's responsibilities for servicing and inspecting the *Acela* high-speed trainsets. The resolution of these emergency issues, which Respondents raised to the Court in an emergency motion dated September 26, 2006 (Exhibit A), will likely consume the majority of counsel's time before the current deadline, and Respondents will be unable to discuss and address the significance of any ruling upon the issues raised in the amended petition in time to file under the current schedule.

As set forth in the emergency motion: (1) this Court's August 22, 2006 *Ex Parte* Order directed NeCMSC, along with the other Respondents, to "maintain and preserve any documents that are or may be responsive" to two subpoenas issued in May and June 2005 by Petitioner Weiderhold; (2) the subpoenas, which are broadly and vaguely worded, could be read to apply to virtually every paper and electronic record in NeCMSC's possession; (3) as of 12:01 a.m. on Sunday, October 1, 2006, Amtrak will assume all of NeCMSC's responsibilities for the maintenance and inspection of all 20 *Acela* high-speed trainsets operating between Washington, D.C. and Boston, Massachusetts; (4) for operational and safety reasons, NeCMSC must turn over to Amtrak, by the time that Amtrak assumes those responsibilities, all of NeCMSC's maintenance and safety files and databases, as well as all of its personal computers, among other things; (5) this Court's *Ex Parte* Order could be interpreted as preventing NeCMSC from turning

over that information; (6) Petitioner Weiderhold has been unwilling to discuss how, as a practical matter, NeCMSC could provide Amtrak with the records and computers that Amtrak needs to keep the trains running safely; and (7) as a result, NeCMSC has asked this Court for an emergency hearing, prior to October 1, 2006, to modify the *Ex Parte* Order so that NeCMSC can provide Amtrak with the necessary records and computers.  NeCMSC will be asking the Court, at that hearing, to allow NeCMSC to transfer to Amtrak all files necessary for continued and safe *Acela* service and all contractually mandated computer equipment, provided that (1) NeCMSC takes reasonable steps to make, and retain, accurate copies of all electronic records to be transferred to Amtrak as they existed prior to the transfer and (2) once those copies have been made, to delete proprietary information from all computers (including all servers and personal computers) to be transferred to Amtrak.

Resolving the unforeseen emergency issues raised in Respondents' motion, and necessitated by the parties' inability so far to resolve the important issues regarding a timely transfer of materials to Amtrak, is expected to consume the majority of counsel's time through the current due date for Respondents' opposition.  Moreover, until it becomes clear exactly what records NeCMSC must retain, it will be difficult for Respondents to address the outcome of the Court's resolution of those issues in their response to the amended petition, and discuss the significance of the materials that are transferred to the outcome of the enforcement petition.  If NeCMSC must respond to the Amended Petition by Friday, September 29, 2005, as is currently the case, it may have to do so not knowing what records it will be required to retain (or, at best, having learned that information very shortly before its response is due and without adequate time to develop its response in light of those new developments).  In view of these facts, permitting Respondents to respond to the Amended Petition by Friday, October 6, 2006, is necessary to give them adequate time adequately to prepare its brief.  Counsel for Respondents has asked

3

Petitioner whether he will agree to an extension (Exhibit B), but Respondents have not yet received a response when they filed this motion.

## **Conclusion**

For the foregoing reasons, Respondents respectfully request that the Court permit them to file its Response on or before Friday, October 6, 2006.

Dated:     September 27, 2006                         Respectfully submitted,


   \_/s Philip Le B. Douglas_____
Philip Le B. Douglas (D.C. Bar No. 311944)
JONES DAY
222 East 41st Street
New York, New York  10017
Telephone:  (212) 326-3611

   \_/s Paul S. Ryerson_____
Paul S. Ryerson
JONES DAY
51 Louisiana Ave., N.W.
Washington, D.C. 200001
Telephone:  (202) 879-7603

*Counsel for Respondents Bombardier Inc. and Northeast Corridor Maintenance Services Company*


        /s Timothy M. Broas_____


Timothy M. Broas (D.C. Bar No. 391145)
Winston & Strawn LLP
1700 K Street, N.W.
Washington, D.C. 20006
Telephone:  (202) 282-5750
*Counsel for Respondents Alstom Transportation, Inc. and Northeast Corridor Maintenance Services Company*