UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FRED E. WEIDERHOLD, JR. AS INSPECTOR GENERAL NATIONAL RAILROAD PASSENGER CORPORATION,<br><br>        Petitioner,<br><br>  v.<br><br>BOMBARDIER, INC..; ALSTOM TRANSPORTATION, INC.; NORTHEAST CORRIDOR MAINTENANCE SERVICES COMPANY,<br><br>        Respondents. | )<br>)<br>)<br>)<br>)<br>)<br>)  Civil Action No. 1:05 MS 367<br>)<br>)  **ORAL ARGUMENT**<br>)  **REQUESTED**<br>)<br>)<br>)<br>)<br>)<br>) |

**EMERGENCY MOTION FOR HEARING TO MODIFY *EX PARTE* ORDER**

| | |
|---|---|
| Timothy M. Broas<br>D.C. Bar No. 391145<br>WINSTON & STRAWN LLP<br>1700 K Street, NW<br>Washington, DC  20006<br>(202) 282-5750 | Philip Le B. Douglas<br>Paul Ryerson<br>D.C. Bar No. 311944<br>JONES DAY<br>222 East 41st Street<br>New York, NY  10017<br>(212) 326-3611<br><br>*Counsel for Respondent Northeast Corridor Maintenance Services Company* |

Dated:  September 26, 2006

Respondent Northeast Corridor Maintenance Services Company ("NeCMSC") respectfully moves the Court for an emergency hearing regarding the Court's August 22, 2006 *Ex Parte* Order (the "*Ex Parte* Order") directing Respondents, among other things, to "maintain and preserve any documents that are or <u>may be</u> responsive" (emphasis supplied) to two subpoenas issued in May and June 2005 (the "Subpoenas") by Petitioner Weiderhold, the Inspector General of the National Railroad Passenger Corporation ("Amtrak").

Emergency relief is required because at 12:01 a.m. on Sunday, October 1, 2006, Amtrak will assume NeCMSC's responsibilities for servicing and inspecting all 20 *Acela* high-speed trainsets in service between Washington, D.C. and Boston, Massachusetts. In order to avoid disruption of this service, Amtrak will need possession of hundreds of thousands of paper and electronic records possibly subject to the *Ex Parte* Order. Respondent has been unable to secure Petitioner's agreement to this records transfer. The need for, and purpose of, the requested hearing is set forth in more detail below.

Since 2000, Respondent NeCMSC has been responsible for maintaining and inspecting the Acela trainsets. For the past year and a half, Petitioner Weiderhold has been investigating the suspension of *Acela* service on April 14, 2005 due to the discovery of certain brake disc cracks (the "Brake Problem"). After the Federal Railroad Administration, the agency responsible for railway safety, approved a brake disc design change, *Acela* service was restored in the summer of 2005. Since then, Respondents have settled all issues with their customer, Amtrak, and with the subcontractor responsible for the design and manufacture of the brake disc involved in the suspension of Acela service.

Nevertheless, the Inspector General's investigation lingers on. Respondents have spent more than $1.5 million providing 1.3 million pages of records in response to the Subpoenas. NeCMSC believes that it has already provided all information relevant to the Brake Problem.

As of 12:01 a.m. on Sunday, October 1, 2006, all of NeCMSC's maintenance and inspection duties will be assumed by Amtrak. At that time, Respondent must turn over to Amtrak all its facilities, offices, maintenance and safety files and databases and its 20-30 personal computers. For operational and safety reasons, Amtrak must have possession of these hundreds of thousands of records when it assumes full *Acela* maintenance and inspection responsibility on Sunday morning.

This Court's *Ex Parte* Order, however, could be interpreted as preventing NeCMSC from providing Amtrak with the information it needs to run the trains safely. The Subpoenas are broad, vague and occasionally unintelligible. Indeed, by their terms, the Subpoenas could apply to every piece of paper in NeCMSC's possession. E.g., Exhibit 1, Request No. 6 ("All . . . documents providing service or repair information relating to the Acela trains.") Nevertheless, Mr. Weiderhold's recently filed Amended Petition in this case seems to insist on literal compliance with the Subpoenas, as written. See Amended Petition ¶ 39.

On September 15, 2006, counsel for NeCMSC wrote to Mr. Weiderhold's office regarding this issue. Exhibit 2. He never responded. On September 25, 2006, therefore, counsel called Mr. Weiderhold's office, but was unable to engage the Inspector General's representative in a constructive discussion regarding how, as a practical matter, NeCMSC could provide Amtrak with the records and computers it needs to keep the trains running safely. Afterwards, NeCMSC wrote the Inspector General's office to confirm the conversation. Exhibit 3.

Because this issue must be resolved by 12:01 a.m. on Sunday, October 1, 2006, NeCMSC hereby requests an emergency hearing. At the hearing, NeCMSC will ask the Court to modify

3

the *Ex Parte* Order to permit Respondent to transfer to Amtrak all files necessary for continued and safe *Acela* service and all contractually mandated computer equipment, provided that NeCMSC (1) takes reasonable steps to make, and retain, accurate copies of all electronic records to be transferred to Amtrak as they existed prior to the transfer and (2) once those copies have been made, to delete proprietary information from all computers (including all servers and personal computers) to be transferred to Amtrak.

## Conclusion

For the foregoing reasons, NeCMSC respectfully requests an emergency hearing as soon as the Court is available.

Dated:   September 26, 2006          Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　___/s Philip Le B. Douglas_____
　　　　　　　　　　　　　　　　　　　　Philip Le B. Douglas (D.C. Bar No. 311944)
　　　　　　　　　　　　　　　　　　　　JONES DAY
　　　　　　　　　　　　　　　　　　　　222 East 41st Street
　　　　　　　　　　　　　　　　　　　　New York, New York  10017
　　　　　　　　　　　　　　　　　　　　Telephone:  (212) 326-3611

　　　　　　　　　　　　　　　　　　　　___/s Paul S. Ryerson_____
　　　　　　　　　　　　　　　　　　　　Paul S. Ryerson
　　　　　　　　　　　　　　　　　　　　JONES DAY
　　　　　　　　　　　　　　　　　　　　51 Louisiana Ave., N.W.
　　　　　　　　　　　　　　　　　　　　Washington, D.C. 200001
　　　　　　　　　　　　　　　　　　　　Telephone:  (202) 879-7603

　　　　　　　　　　　　　　　　　　　　*Counsel for Respondents Bombardier Inc. and*
　　　　　　　　　　　　　　　　　　　　*Northeast Corridor Maintenance Services*
　　　　　　　　　　　　　　　　　　　　*Company*

              _____/s Timothy M. Broas_____
              Timothy M. Broas (D.C. Bar No. 391145)
              Winston & Strawn LLP
              1700 K Street, N.W.
              Washington, D.C. 20006
              Telephone:  (202) 282-5750
              *Counsel for Respondents Alstom*
              *Transportation, Inc. and Northeast Corridor*
              *Maintenance Services Company*