UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FRED E. WEIDERHOLD, JR.           :
  AS INSPECTOR GENERAL           :
NATIONAL RAILROAD PASSENGER       :
  CORPORATION                    :
                                   :
      Petitioner                 :
                                   :
      v.                         :       Civil No. 1:05 MS 367
                                   :       Judge Friedman
BOMBARDIER, INC.                  :

ALSTOM TRANSPORTATION, INC.       :

NORTHEAST CORRIDOR MAINTENANCE    :
  SERVICES COMPANY               :
                                   :
      Respondents.               :
_____:

**RESPONSE BY PETITIONER TO RESPONDENTS' MOTION FOR
EXTENSION OF TIME TO FILE RESPONSE TO AMENDED PETITION**

      Petitioner Fred W. Weiderhold, by counsel, hereby submits that the "Motion for Extension of Time to File Response to Amended Petition"("Motion") filed by Respondents Bombardier, Inc. ("Bombardier"), Alstom Transportation Inc., and Northeast Corridor Maintenance Services Company ("NeCMSC") is unwarranted and only further delays Respondents' compliance with subpoenas issued more than 15 months ago.

      On August 11, 2006 Petitioner mailed Respondents courtesy copies of its "Petition for Summary and Expedited Enforcement of Inspector General Subpoenas", supporting memorandum and exhibits ("Amended Petition"). Eleven days later, on

August 22, 2006, this Court entered its Order directing Respondents to show cause by September 29 why they should not be compelled to obey the subpoenas, and requiring Respondents to "maintain and preserve any documents that are or may be responsive to the above-described subpoena[s]." Any time Respondents were recently required to expend on the transfer of NeCMSC computers resulted either from their delay in addressing the issue and/or their attempt to implement procedures that contravened this Court's August 22 Order. Finally, Petitioner submits that the Motion is premised on an incomplete and inaccurate recitation of pertinent actions and communications. Plaintiff addresses these latter two arguments below.

On September 25, at approximately 5:00 p.m., Philip Douglas, Esquire, counsel for Bombardier and its interest in NeCMSC ("Mr. Douglas") telephoned David Sadoff, Esquire, counsel for Petitioner ("Mr. Sadoff") and stated that NeCMSC would deliver "computers" at its facility in Washington, D.C. to Amtrak on or before October 1, 2006, after first deleting all electronic documents and data from their hard drives. Mr. Douglas asked that Petitioner consent to the process. Mr. Sadoff inquired whether the computer hard drives would be "mirror imaged" prior to the deletion of their contents, and Mr. Douglas stated this would not occur although a type of copying process would occur that he could not describe. Mr. Sadoff requested Mr. Douglas to describe in writing the proposed transfer and copying, and the nature of the approval Respondents sought from Amtrak. Mr. Douglas angrily refused to provide the correspondence and abruptly hung

up.[1]  Later that evening, Mr. Douglas drafted and sent by facsimile the letter that is reproduced as Attachment 2.

Starting in the morning of September 26, Mr. Sadoff identified Amtrak personnel knowledgeable about arrangements for the pending transfer and discussed procedures that would not require deleting the contents of the NeCMSC computers but protect from disclosure electronic documents that might be sensitive or privileged.[2]  At the end of the conference, Amtrak personnel were tasked to propose and discuss with Respondents' representatives these and other proposals.  Mr. Sadoff was advised at approximately 3:00 p.m. that Amtrak and NeCMSC representatives had apparently reached an agreement in principle on procedures that required no deletion of electronic documents or data from the NeCMSC computers.  Mr. Sadoff's supplemented his letter to Respondents' counsel to reflect that news[3], and it was transmitted by facsimile between 3:50 and 3:55 p.m.

At approximately 4:30 p.m., Respondents filed their "Emergency Motion for Hearing to Modify Ex Parte Order" ("Emergency Motion") -- well after agreement in principle had been reached between Amtrak and NeCMSC representatives on procedures for the transfer of the computers with no deletion of electronic documents contents.  The Emergency Motion sought to modify the August 22 Order to allow NeCMSC to "delete

---

[1]  The conversation and other pertinent matters are recited in Mr. Sadoff's letter to counsel for Respondents dated September 27, 2006.  See Attachment 1.

[2]  The discussions revealed that the proposed transfer resulted from a March 2004 agreement between Amtrak and Respondents that modified the original, mid-1990's maintenance contract between Amtrak and Respondents.

[3]
>   Moments ago we were advised by Amtrak's Ms. Sharon Hofknecht of a possible resolution of concerns about the maintenance of electronic data currently resident on the computers.  While "the devil is in the details" we are willing to consider specific written proposals from NeCMSC representatives.

Exhibit 1, at 2.

proprietary information from all computers (including all servers and personal computers) to be transferred to Amtrak" provided NeCMSC first took otherwise unspecified "reasonable steps to make, and retain, accurate copies of all electronic records to be transferred to Amtrak as they existed prior to transfer." Inexplicably, Respondents cite the Emergency Motion as a principal basis for their Motion although, by the time it was filed, representatives of Petitioner and Respondents had agreed in principle to procedures requiring no deletion of electronic documents and data.

Mr. Sadoff arrived at his office at about noon on September 27, and there were: 1) an e-mail from Bombardier counsel Marc-Andre Raymond, Esquire, describing his understanding of the terms of his negotiations with Amtrak on September 26 (Attachment 3); 2) a letter from Mr. Douglas requesting Petitioner's consent to a one-week enlargement of time for Respondents to respond to the Amended Petition (a copy of the letter is an exhibit to the Motion); and, 3) the Emergency Motion. Mr. Sadoff promptly telephoned Mr. Raymond (who was unavailable) and left a message.

Sometime after 1:00 p.m., Mr. Raymond, Mr. Douglas and other counsel for Respondents telephoned Mr. Sadoff. Mr. Douglas stated that unless Petitioner then consented to the time extension that the Motion would be filed within minutes. Mr. Sadoff demurred, but advised that Petitioner would agree with the procedures described in Mr. Raymond's e-mail (Attachment 3). Respondents stated they would draft a stipulated Order to present to the Court and, with only minor changes, counsel agreed on the terms of the stipulated Order by 6:00 p.m.

Earlier in the afternoon – but apparently after the telephone conference between counsel for Petitioner and Respondents -- Respondents filed the present, baseless Motion.

Petitioner is concerned that the Motion continues to delay resolving disputes and prevents complete and compliant production under the subpoenas. While Respondents have time and resources to devote to preparing a dubious "emergency" motion and other communications, they claim they lack sufficient time to respond to the Amended Petition they have had for more than 1 ½ months and that concerns issues they have discussed and negotiated with Petitioner for months prior to that time.

Respondents have failed to demonstrate that they require, or are entitled to, additional time to respond to the Amended Petition.

                        Respectfully submitted,

                        COLIN C. CARRIERE (# 375016)
                        Counsel to the Inspector General
                        Office of the Inspector General
                        National Railroad Passenger Corporation
                        10 G Street, Northeast
                        Room 3E-404
                        Washington, DC  20002
                        Tele: (202) 906-4355

                        DAVID SADOFF (#204974)
                        Associate Counsel to the Inspector General
                        Office of the Inspector General
                        National Railroad Passenger Corporation
                        10 G Street, Northeast
                        Room 3E-406
                        Washington, DC  20002
                        Tele: (202) 906-4882

Dated:  September 29. 2006