**Attachment 1**

Case 1:05-mc-00367-PLF    Document 19-2    Filed 09/29/2006    Page 1 of 3

NATIONAL RAILROAD PASSENGER CORPORATION
Inspector General, Investigations, 10 G Street, NE, Suite 3E-400, Washington, DC 20002

September 26, 2006



Philip Le B. Douglas, Esquire
Jones Day
222 East 41st Street
New York, NY 10017-6702

Timothy M. Broas, Esquire
Winston & Strawn LLP
1700 K Street, N.W.
Washington, D.C. 20006-3817

**BY FACSIMILE AND FIRST-CLASS MAIL**

       Re: Possible destruction of NeCMSC electronic
          documents incident to transfer of computers to
          Amtrak and <u>Weiderhold v. Bombardier, Inc</u>, et al.,
          (No. 05 MS 367) (D.D.C)

Dear Messrs. Douglas and Broas:

  This responds to Mr. Douglas' telephone call to me yesterday at approximately 5:00 p.m., his subsequent letter, and your joint letter dated September 15, 2006.

  In yesterday's telephone call, Mr. Douglas stated that, as of October 1, 2006, NeCMSC would deliver its "computers" to Amtrak after first deleting and scrubbing the contents of the hard drives pursuant to the terms of a settlement agreement.[1] I asked Mr. Douglas whether copies of the drives would be made prior to the deletion of their contents, and he described a variant of the "copy" and delete process described in his subsequent letter. I stated that any copying should be in the form of a "mirror image" of the files and drives. I also asked whether existing system back-up tapes of NeCMSC electronic documents would be transferred to Amtrak or retained by NeCMSC[2], but Mr. Douglas did not know the answer.

---

[1] Mr. Douglas' letter revised the statement to indicate that NeCMSC may only be agreeing to "provide its personal computer hardware to Amtrak on October 1, 2006". In subsequent discussions with Amtrak personnel, we understand that the server computers and software will also be transferred. We have no further information at this time about NeCMSC's plans to delete or remove data from these other computers.

[2] My question indicates the breadth of the scrubbing and transfer that Mr. Douglas was then describing for the first time.

Please be advised of our concern about the actions Mr. Douglas has described, both in his telephone call and subsequent letter. NeCMSC is required under the Court's Order of August 22, 2006 to "maintain and preserve any documents that are or may be responsive to the above-described subpoena[s]". Only data and files in their "native format" fully preserve and present all existing data. Copying by any process that does not create a "mirror image" risks loss of files, loss of metadata, and/or spoliation.

Moments ago we were advised by Amtrak's Ms. Sharon Hofknecht of a possible resolution of concerns about the maintenance of electronic data currently resident on the computers. While "the devil is in the details" we are willing to consider specific written proposals from NeCMSC representatives.[3]

Mr. Douglas also asked for a formal response to the September 15, 2006 letter that asks if the Inspector General is "agreeable" to an otherwise not described, proposed transfer of "various NeCMSC paper and electronic records, including many that are, or may be responsive to the subpoenas". The letter further states that the records would be transferred "once an [otherwise unspecified] agreement with Amtrak has been reached" and that you "are proceeding on the assumption that the Inspector General will have no objection to the transfer".

Please be advised that, insofar as the described "transfer" solely affects and implements programmatic functions at Amtrak, this office has no opinion and raises no objection to its occurrence at this time. However, the proposed transfer and recent agreement must not alter or limit NeCMSC's compliance with, or statutory obligations under, the subpoenas served on it more than one year ago. (Given your statements that full production has occurred, we expect that all responsive documents have been produced and the potentially responsive documents have been segregated and identified.) To the extent that the Court orders NeCMSC to provide additional documents in the above-referenced enforcement action, and to the extent those documents are among those transferred, we would expect NeCMSC to make the production from copies it has retained of the transferred documents, or to designate and locate for OIG the responsive documents from among those it has transferred.

Sincerely,

David Sadoff
Associate Counsel to the Inspector General
National Passenger Railroad Corporation

---

[3] Based on recent unproductive conversations with Mr. Douglas – two of which he ended by hanging up – it does not appear that discussing the issues by telephone conference would be effective.

2