Page 3
Attachment A

7. Documents responsive to this subpoena shall be produced as they have been kept in the usual course of business or shall be organized and labeled to correspond to the number and categories in this request. If there are no documents responsive to any particular category, such information shall be set forth in writing.

8. This subpoena covers all documents in your possession, custody, or control.

9. If there was a document responsive to this subpoena but it no longer exists, state the circumstances under which it was destroyed or ceased to exist and provide the following information:

   i. identify each person who determined or authorized that each such document would be removed, discarded, or destroyed;
   ii. identify each person who authorized the removal, discarding, or destruction of each such document;
   iii. identify each person who removed, discarded, or destroyed each such document;
   iv. the substance and content of each such document;
   v. the date on and location at which each such document was removed, discarded, or destroyed; and
   vi. the reason for the removal, discarding, or destruction.

10. This subpoena shall be deemed continuing so as to require further and supplemental production if you come into possession, custody, or control of additional responsive documents after the time of initial production.

**Please provide copies of the following documents:**

1. All contracts, subcontracts and/or agreements between NECMSC and any other entity, including, but not limited to, Knorr, Bombardier/Alstom, Wabco, Wabtec, Sab Wabco, ORX, NECMSC, relating to the Amtrak Acela trains.

2. All operation and technical service manuals for the Acela trains, related to the brakes, including but not limited to disc assembly.

3. All documents which describe or discuss your policies, procedures or methods for retaining and/or destroying records or documents, including electronic medium.

4. All engineering reports regarding the Acela brake system, including the following parts or equipment, disc, wheels, wheel sets spokes, and/or brakes.

Page 4
Attachment A

5. All Service Bulletins or documents regarding service or repair information related to the Acela brakes or systems or equipment directly connected to the brakes.

6. All High Speed Trainset Technical Bulletins, Service Advisories or documents providing service or repair information related to the Acela trains, including disc, wheels, wheel sets, spokes, and/or brakes.

7. All documents which describe, discuss or relate to identification of quality control pertaining to braking discrepancies, malfunctions and/or defects for the Acela brakes or components of the brakes.

8. All documents, correspondence, emails, notes, internal logs, records of conversation between NECMSC representatives and any other entity, including, but not limited to Bombardier/Alstom, ORX, Wabco, Wabtec, Sab Wabco, Knorr, NECMSC, Faiveley, regarding cracks, malfunctions, including defective/deficient products, pertaining to the Acela brakes, their assembly and/or wheel sets.

9. For the time period January 2000 to the present, all Trip Reports/Logs and/or Site Visit Reports/Logs to any Amtrak facility, NECMSC facility, facility and/or any other facility pertaining to the Acela trains, by, but not limited to, ORX representatives, Wabco or Wabtec representatives, Sab Wabco representatives, and/or Knorr representatives. (In the event that the reports/logs do not clearly identify the parties in attendance, please provide pertinent identifying information, including name, telephone number, etc.)

10. All documents which describe discuss or relate to Quality Assurance reports of cracks and statements pertaining to the Acela brakes.

11. All documents and records which describe, discuss or delineate the process or methodology of manufacturing the Acela brakes or any of its parts.

12. All documents and records which describe, discuss or relate to your quality control program as it relates or related to the Acela brakes.

13. All documents and record, including databases, that identify the wheelset assembly records starting from when the wheel sets were first assembled by ORX or any other entity and any changes that occurred to the wheel sets as they were being returned to ORX or any other entity for wheel replacement and/or requalification.

## CERTIFICATE OF COMPLIANCE

I hereby certify that the materials and documents produced in response to the subpoena issued by the Inspector General of Amtrak dated May 10, 2005, and delivered (or mailed via registered mail) to John E. Grimes, Office of Inspector General, 1500 N. Charles Street, Baltimore, MD 21201, on June 10, 2005 are genuine, complete and in full compliance with the demand made in the subpoena for the materials specified therein.

I declare under penalty of perjury that the foregoing is true and correct.

_____
(Signature)

_____
(Name-typed or printed)

_____
(Title, if applicable)

_____, 2005
(Date Executed)

_____
(City and State)

WITNESS:

_____
(Signature)

_____
(Name and Title)

_____, 2005

Subpoena Number: 05-09

NATIONAL RAILROAD PASSENGER CORPORATION
Inspector General, Investigations, 10 G Street, NE, Suite 3E-400, Washington, DC 20002

June 20, 2005



Registered Agent
Alstom Transportation, Inc.
CT Corporation System
1025 Vermont Avenue, N.W.
Washington, DC 20005

Registered Agent on behalf of
Alstom Transportation, Inc.
1 Transit Drive
Hornell, NY 14843

Dear Registered Agent:

Accompanying this letter is a subpoena addressed to you and returnable at Amtrak's Office of Inspector General, 1500 N. Charles Street, Baltimore, MD 21201, before my designee, Chief Inspector John E. Grimes. The Subpoena has been issued pursuant to the authority provided to the Inspector General by Section 5 U.S.C. App. 3. Sec. 6(a)(4).

Fully legible and complete copies of the records called for by the subpoena and a completed Certificate of Compliance will be accepted in response to the subpoena, provided that the original records shall be made available to employees of my office, upon request, during normal business hours. Otherwise, original documents (including copies as maintained in your files) must be produced.

Furthermore, in order to ensure you comply with the subpoena and that we receive all responsive documents and records, you are asked to carefully examine the "Definitions and Instructions" section of Attachment "A" to the enclosed subpoena. Please note the subpoena requests, among other things, that you: (1) provide computer records as well as hard copies of documents, (2) fully support and justify your withholding of any responsive documents on the basis of privilege, or for any other reason, and (3) identify the subpoena requests to which each document is responsive.

Failure to appear at the time and place specified in the subpoena may be construed as a failure to comply with the subpoena. However, as a convenience you may assemble the documents requested and mail them by certified mail on or before the return date, along with the completed Certificate of Compliance.

If you have any questions, please feel free to contact Chief Inspector John E. Grimes at (410) 291-4472.

Sincerely,

Fred E. Weiderhold, Jr.
Inspector General

FEW/at
Enclosures


EXHIBIT 5

Issued by the
## National Railroad Passenger Corporation
## OFFICE OF INSPECTOR GENERAL

TO: Registered Agent
Alstom Transportation, Inc.
CT Corporation System
1025 Vermont Avenue, N.W.
Washington, DC 20005

**SUBPOENA DUCES TECUM**

Subpoena Number 05-18
June 20, 2005

☐ **YOU ARE COMMANDED** to appear before the following individual, an official of Amtrak's Office of Inspector General at the place, date and time specified below.

| PLACE OF APPEARANCE | DATE AND TIME |
|---|---|
| Office of Inspector General<br>1500 N. Charles Street<br>Baltimore, MD 21201 | July 20, 2005, 10:30 AM |

☐ **YOUR ARE COMMANDED** to produce at said time and place the following documents or objects (list documents or objects):

All records, accounts and other documents relating to materials as set forth in Attachment A. These materials should be accompanied by an index identifying the item(s) of the subpoena to which the documents are responsive.

These materials are necessary in the performance of the Inspector General to conduct and supervise audits and investigations, to promote economy, effectiveness, and integrity in the administration of programs and operations of the National Railroad Passenger Corporation (Amtrak).

☐ Inquiries concerning this subpoena should be addressed to:

Chief Inspector John E. Grimes
Office of Inspector General
1500 N. Charles Street
Baltimore, MD 21201
(410) 291-4472

Issuing Officer Signature

*Fred E. Weiderhold* [signature]

Issuing Officer Name and Title

Date: June 20, 2005

Fred E. Weiderhold, Jr., Inspector General

(This subpoena issued under the authority of 5 U.S.C. App. 3 Sec. 6(a)(4))

**N.R.P.C. (AMTRAK)**
**OFFICE OF THE INSPECTOR GENERAL**

**SUBPOENA DUCES TECUM**

Note: Failure to comply with this Subpoena could result in a legal proceeding seeking a court order compelling compliance (5 U.S.C. App. 3)

**RETURN OF SERVICE**

I, being a person over 18 years of age, hereby certify that a duplicate original of subpoena number 05-18 was duly served on the person herein by means of:

1. Personal delivery to an individual, to wit:

   _____
   (Name)

   _____
   (Title)

   _____
   (Address)

2. Personal delivery to an address, to wit:

   _____
   (Description of Premises)

   _____
   (Address)

   at _____ ____ m. on _____, 2005

   _____
   (Signature)

   _____
   (Title)

3. Registered or certified mailing to:
   Registered Agent
   Alstom Transportation, Inc.
   CT Corporation System
   1025 Vermont Avenue, N.W.
   Washington, DC 20005

# ATTACHMENT A

## DEFINITIONS AND INSTRUCTIONS

A. "Documents" shall be read broadly and includes all types of recorded information, including but not limited to writings, letters, drawings, notes, memoranda, graphs, charts, photographs, telephone records, vouchers, bills, statements, diaries, faxes, calendars, appointment records, computer discs and other data compilations from which information can be obtained and translated, if necessary, into reasonably readable form.

B. "Communications" shall be read broadly and includes but is not limited to documents, and any memorialization (whether written, taped or imputed into a computer) of oral discussions in person or by telephone conversation.

C. In the event that you withhold any documents or portions thereof on the basis of privilege or any other reason, provide the following information with respect to each document: (a) identification of the author(s) and recipients of each document; (b) date of preparation; (c) nature or description of each document; (d) privilege(s) claimed or asserted; and (e) description of the basis or bases for withholding. This information will generally be referred to as a <u>Vaughn</u> index.

D. "You" or "Your" refers to Alstom Transportation, Inc., an entity located at, among other addresses, 1 Transit Drive, Hornell, NY 14843, its assigns, officers, representatives, agents, successors, and predecessor entities.

E. "Wabco Locomotive Products", and/or "Wabtec" refers to an entity located at, among other addresses, 1001 Air Brake Avenue, Wilmerding, PA 15148, its assigns, officers, representatives, agents, successors, and predecessors entities.

F. "The National Railroad Passenger Corporation" also known as "Amtrak" refers to an entity located at, among other addresses, 60 Massachusetts Avenue, NE, Washington, DC 20002, its assigns, officers, representatives, agents, successors, and predecessor entities.

G. "Bombardier" refers to an entity located at, among other addresses, 800 Rene Levesque Boulevard West, Montreal, H3B1YB Canada and/or Wilson Industrial Park, Barre, Vermont 05641, its assigns, officers, representatives, agents, successors, and predecessors entities.

H. "Knorr Brake Corporation, refers to an entity conducting business at, among other places at, 861 Baltimore Boulevard, Westminster, MD 21157, its assigns, officers, representatives, agents, successors and predecessor entities

Page 2
Attachment A

I.  "ORX" refers to an entity located at, among other addresses, One Park Avenue, Tipton, PA 16684, its assigns, officers, representatives, agents, successors, and predecessor entities.

J.  "North East Corridor Maintenance Service Corporation", also referred to as "NECMSC", refers to an entity located at, among other addresses, 1801 Ninth Street, NE, Ivy City Yards, Washington, D.C. 20018, its assigns, officers, representatives, agents, successors, and predecessor entities.

K.  "Faiveley Transport", formerly known as Sab Wabco" refers to an entity located at, among other addresses, 143 blvd. Anatole France, Carrefour Pleyel, its assigns, officers, representatives, agents, successors, and predecessor entities.

L.  The term "all" and "each" shall be construed as all and each.

M.  The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of this subpoena all responses that might otherwise be construed to be outside of its scope.

N.  The use of the singular form of any work includes the plural and vice versa.

**Instructions:**

1.  Produce all computer disks or tapes which are relevant to the document requests below. In addition, copy all hard drive materials onto a disk or tape and provide these copies. For each disk or tape produced, provide an explanation on how to access the materials. Finally, produce a copy of all documents contained on or within the disks or tapes.

2.  For each document produced, identify the document request(s) to which it is responsive.

3.  Each paragraph and subparagraph of this subpoena should be construed independently and no other paragraph or subparagraph shall be referred to or relied on for the purpose of limiting this subpoena's scope.

4.  If in responding to this subpoena you claim any ambiguity in interpreting either this subpoena or a definition or instruction applicable thereto, such claim shall not be utilized by you as a basis for refusing to respond, but there shall be set forth as part of your response the language deemed to be ambiguous and the interpretation chosen or used in responding to this subpoena.

Page 3
Attachment A

5. You are to produce original documents in your possession, custody, or control in response to this subpoena. If you are not in possession, custody, or control of the original documents responsive to this subpoena, produce the best available copies of responsive documents that are in your possession, custody, or control.

6. All pages of documents that are now stapled or fastened together should be produced stapled or fastened together accordingly

7. There may be some overlap between this subpoena and Inspector General (IG) Subpoena No. 05-07, which the Amtrak IG issued to you. This subpoena is not intended to require duplicative production with any requests or subparts set forth in Subpoena No. 05-07 which the Amtrak Inspector General issued to Alstom. To the extent that there exists duplication or overlap between this subpoena and Amtrak IG Subpoena 05-07, please respond to this subpoena.

8. This subpoena covers all documents in your possession, custody, or control.

9. If there was a document responsive to this subpoena but it no longer exists, state the circumstances under which it was destroyed or ceased to exist and provide the following information:

    i. identify each person who determined or authorized that each such document would be removed, discarded, or destroyed;
    ii. identify each person who authorized the removal, discarding, or destruction of each such document;
    iii. identify each person who removed, discarded, or destroyed each such document;
    iv. the substance and content of each such document;
    v. the date on and location at which each such document was removed, discarded, or destroyed; and
    vi. the reason for the removal, discarding, or destruction.

10. This subpoena shall be deemed continuing so as to require further and supplemental production if you come into possession, custody, or control of additional responsive documents after the time of initial production.

Page 4
Attachment A

<u>Please provide copies of the following documents:</u>

1. All documents, correspondence, emails, notes, internal logs, records of conversation by Bombardier among its employees, agents or representatives or between Alstom representatives and any other entity, including, but not limited to Bombardier, Knorr, Wabco, Wabtec, Sab Wabco, Faiveley Transport, ORX, NECMSC, regarding cracks or malfunctions, including defective/deficient products, pertaining to the Acela brakes.

## CERTIFICATE OF COMPLIANCE

I hereby certify that the materials and documents produced in response to the subpoena issued by the Inspector General of Amtrak dated June 20, 2005, and delivered (or mailed via registered mail) to John E. Grimes, Office of Inspector General, 1500 N. Charles Street, Baltimore, MD 21201, on July 20, 2005 are genuine, complete and in full compliance with the demand made in the subpoena for the materials specified therein.

I declare under penalty of perjury that the foregoing is true and correct.

_____
(Signature)

_____
(Name-typed or printed)

_____
(Title, if applicable)

_____, 2005
(Date Executed)

_____
(City and State)

WITNESS:

_____
(Signature)

_____
(Name and Title)

_____, 2005

Subpoena Number: 05-18

**NATIONAL RAILROAD PASSENGER CORPORATION**
Inspector General, Investigations, 10 G Street, NE, Suite 3E-400, Washington, DC 20002

rec'd 6/28/05



June 24, 2005

Pierre Hebert
Northeast Corridor Maintenance
 Services Company
P.O. Box 92500
Washington, D.C. 20090-2500

Dear Mr. Hebert:

    Accompanying this letter is a subpoena addressed to you and returnable at Amtrak's Office of Inspector General, 10 "G" Street, N.E., Washington, D.C, 20002, before my designee, Chief Inspector John E. Grimes. The Subpoena has been issued pursuant to the authority provided to the Inspector General by Section 5 U.S.C. App. 3. Sec. 6(a)(4).

    Fully legible and complete copies of the records called for by the subpoena and a completed Certificate of Compliance will be accepted in response to the subpoena, provided that the original records shall be made available to employees of my office, upon request, during normal business hours. Otherwise, original documents (including copies as maintained in your files) must be produced.

    Furthermore, in order to ensure you comply with the subpoena and that we receive all responsive documents and records, you are asked to carefully examine the "Definitions and Instructions" section of Attachment "A" to the enclosed subpoena. Please note the subpoena requests, among other things, that you: (1) provide computer records as well as hard copies of documents, (2) fully support and justify your withholding of any responsive documents on the basis of privilege, or for any other reason, and (3) identify the subpoena requests to which each document is responsive.

    Failure to appear at the time and place specified in the subpoena may be construed as a failure to comply with the subpoena. However, as a convenience you may assemble the documents requested and mail them by certified mail on or before the return date, along with the completed Certificate of Compliance.

    If you have any questions, please feel free to contact Chief Inspector John E. Grimes at (410) 291-4472.

Sincerely,

Fred E. Weiderhold, Jr.
Inspector General

FEW/at
Enclosures

Cc:    Timothy Broas
        Philip Le B. Douglas



EXHIBIT 6

Issued by the
National Railroad Passenger Corporation
OFFICE OF INSPECTOR GENERAL

**SUBPOENA DUCES TECUM**

TO:   Pierre Hebert
      Northeast Corridor Maintenance
        Services Company
      P.O. Box 92500
      Washington, D.C. 20090-2500

Subpoena Number 05-20
June 24, 2005

☐ **YOU ARE COMMANDED** to appear before the following individual, an official of Amtrak's Office of Inspector General at the place, date and time specified below.

| PLACE OF APPEARANCE | DATE AND TIME |
|---|---|
| Office of Inspector General<br>10 "G" Street, N.E., Suite 3E-400<br>Washington, D.C. 20002 | July 25 2005, 10:00 AM |

☐ **YOUR ARE COMMANDED** to produce at said time and place the following documents or objects (list documents or objects):

All records, accounts and other documents relating to materials as set forth in Attachment A. These materials should be accompanied by an index identifying the item(s) of the subpoena to which the documents are responsive.

These materials are necessary in the performance of the Inspector General to conduct and supervise audits and investigations, to promote economy, effectiveness, and integrity in the administration of programs and operations of the National Railroad Passenger Corporation (Amtrak).

☐ Inquiries concerning this subpoena should be addressed to:

Chief Inspector John E. Grimes
Office of Inspector General
10 "G" Street, N.E., Suite 3E-400
Washington, D.C. 20002
(410) 291-4472

| Issuing Officer Signature | Date |
|---|---|
| *Fred S. Weiderhold* | June 24, 2005 |

Issuing Officer Name and Title

Fred E. Weiderhold, Jr., Inspector General

(This subpoena issued under the authority of 5 U.S.C. App. 3 Sec. 6(a)(4))

**N.R.P.C. (AMTRAK)**
**OFFICE OF THE INSPECTOR GENERAL**

**SUBPOENA DUCES TECUM**

Note: Failure to comply with this Subpoena could result in a legal proceeding seeking a court order compelling compliance (5 U.S.C. App. 3)

**RETURN OF SERVICE**

I, being a person over 18 years of age, hereby certify that a duplicate original of subpoena number 05-20 was duly served on the person herein by means of:

1. Personal delivery to an individual, to wit:

   _____
   (Name)

   _____
   (Title)

   _____
   (Address)

2. Personal delivery to an address, to wit:

   _____
   (Description of Premises)

   _____
   (Address)

   at _____ _____m. on _____, 2005

   _____
   (Signature)

   _____
   (Title)

3. Registered or certified mailing to:
   Custodian or Records
   Pierre Hebert
   Northeast Corridor Maintenance
   Services Company
   P.O. Box 92500
   Washington, D.C. 20090-2500

## ATTACHMENT A

### DEFINITIONS AND INSTRUCTIONS

A. "Documents" shall be read broadly and includes all types of recorded information, including but not limited to writings, letters, drawings, notes, memoranda, graphs, charts, photographs, telephone records, vouchers, bills, statements, diaries, faxes, calendars, appointment records, computer discs and other data compilations from which information can be obtained and translated, if necessary, into reasonably readable form.

B. "Communications" shall be read broadly and includes but is not limited to documents, and any memorialization (whether written, taped or imputed into a computer) of oral discussions in person or by telephone conversation.

C. In the event that you withhold any documents or portions thereof on the basis of privilege or any other reason, provide the following information with respect to each document: (a) identification of the author(s) and recipients of each document; (b) date of preparation; (c) nature or description of each document; (d) privilege(s) claimed or asserted; and (e) description of the basis or bases for withholding. This information will generally be referred to as a <u>Vaughn</u> index.

D. "You" or "Your'" refers to "Northeast Corridor Maintenance Service Corporation", also referred to as "NECMSC", refers to an entity located at, among other addresses, 1801 Ninth Street, NE, Ivy City Yards, Washington, D.C. 20018, its assigns, officers, representatives, agents, successors, and predecessor entities.

E. "Wabco Locomotive Products", and/or "Wabtec" refers to an entity located at, among other addresses, 1001 Air Brake Avenue, Wilmerding, PA 15148, its assigns, officers, representatives, agents, successors, and predecessors entities.

F. "The National Railroad Passenger Corporation" also known as "Amtrak" refers to an entity located at, among other addresses, 60 Massachusetts Avenue, NE, Washington, DC 20002, its assigns, officers, representatives, agents, successors, and predecessor entities.

G. "Alstom" refers to an entity located at, among other addresses, 2000 Day Hill Road, Windsor, Connecticut 06095 and/or 48 rue Albert Dhalenne, 93482 Saint Ouen Cedex, France, its assigns, officers, representatives, agents, successors, and predecessor entities.

H. "Knorr Brake Corporation, refers to an entity conducting business at, among other places at, 861 Baltimore Boulevard, Westminster, MD 21157, its assigns, officers, representatives, agents, successors and predecessor entities