Page 2
Attachment A

I. "ORX" refers to an entity located at, among other addresses, One Park Avenue, Tipton, PA 16684, its assigns, officers, representatives, agents, successors, and predecessor entities.

J. "Bombardier", an entity located at, among other addresses, 800 Rene Levesque Boulevard West, Montreal, H3B1YB Canada and/or Wilson Industrial Park, Barre, Vermont 05641, its assigns, officers, representatives, agents, successors, and predecessors entities.

K. "Faiveley Transport", formerly known as Sab Wabco" refers to an entity located at, among other addresses, 143 blvd. Anatole France, Carrefour Pleyel, its assigns, officers, representatives, agents, successors, and predecessor entities.

L. The term "all" and "each" shall be construed as all and each.

M. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of this subpoena all responses that might otherwise be construed to be outside of its scope.

N. The use of the singular form of any work includes the plural and vice versa.

**Instructions:**

1. Produce all computer disks or tapes which are relevant to the document requests below. In addition, copy all hard drive materials onto a disk or tape and provide these copies. For each disk or tape produced, provide an explanation on how to access the materials. Finally, produce a copy of all documents contained on or within the disks or tapes.

2. For each document produced, identify the document request(s) to which it is responsive.

3. Each paragraph and subparagraph of this subpoena should be construed independently and no other paragraph or subparagraph shall be referred to or relied on for the purpose of limiting this subpoena's scope.

4. If in responding to this subpoena you claim any ambiguity in interpreting either this subpoena or a definition or instruction applicable thereto, such claim shall not be utilized by you as a basis for refusing to respond, but there shall be set forth as part of your response the language deemed to be ambiguous and the interpretation chosen or used in responding to this subpoena.

Page 3
Attachment A

5. You are to produce original documents in your possession, custody, or control in response to this subpoena. If you are not in possession, custody, or control of the original documents responsive to this subpoena, produce the best available copies of responsive documents that are in your possession, custody, or control.

6. All pages of documents that are now stapled or fastened together should be produced stapled or fastened together accordingly

7. There may be some overlap between this subpoena and Inspector General (IG) Subpoena No. 05-09, which the Amtrak IG issued to you. This subpoena is not intended to require duplicative production with any requests or subparts set forth in Subpoena No. 05-09 which the Amtrak Inspector General issued to Northeast Corridor Maintenance Service Corporation. To the extent that there exists duplication or overlap between this subpoena and Amtrak IG Subpoena 05-09, please respond to this subpoena.

8. This subpoena covers all documents in your possession, custody, or control.

9. If there was a document responsive to this subpoena but it no longer exists, state the circumstances under which it was destroyed or ceased to exist and provide the following information:

    i. identify each person who determined or authorized that each such document would be removed, discarded, or destroyed;
    ii. identify each person who authorized the removal, discarding, or destruction of each such document;
    iii. identify each person who removed, discarded, or destroyed each such document;
    iv. the substance and content of each such document;
    v. the date on and location at which each such document was removed, discarded, or destroyed; and
    vi. the reason for the removal, discarding, or destruction.

10. This subpoena shall be deemed continuing so as to require further and supplemental production if you come into possession, custody, or control of additional responsive documents after the time of initial production.

Page 4
Attachment A

**Please provide copies of the following documents:**

1. All documents, correspondence, emails, notes, internal logs, records of conversation by NECMSC among its employees, agents or representatives or between NECMSC representatives and any other entity, including, but not limited to Alstom, Knorr, Wabco, Wabtec, Sab Wabco, Faiveley Transport, ORX, Bombardier, regarding cracks or malfunctions, including defective/deficient products, pertaining to the Acela brakes.

## CERTIFICATE OF COMPLIANCE

I hereby certify that the materials and documents produced in response to the subpoena issued by the Inspector General of Amtrak dated June 24, 2005 and delivered (or mailed via registered mail) to John E. Grimes, Office of Inspector General, 10 "G" Street, N.E., Washington, DC 20002, on July 25, 2005 are genuine, complete and in full compliance with the demand made in the subpoena for the materials specified therein.

I declare under penalty of perjury that the foregoing is true and correct.

_____
(Signature)

_____
(Name-typed or printed)

_____
(Title, if applicable)

_____, 2005
(Date Executed)

_____
(City and State)

**WITNESS:**

_____
(Signature)

_____
(Name and Title)

_____, 2005

Subpoena Number: 05-20



JUN 24'05

U.S. POSTAGE 00.60
H METER 594426

Philip Le B. Douglas
Pillsbury Winthrop Shaw Pittman LLP
1540 Broadway
New York, NY 10036-4039

10036+4039 97

NATIONAL RAILROAD PASSENGER CORPORATION
Inspector General, Investigations
10 G Street, Suite 3E400, Washington, DC 20002



AMTRAK

NATIONAL RAILROAD PASSENGER CORPORATION
10 G Street, NE Washington D.C.

June 28, 2005



Bombardier Corporation
C/o Registered Agent
Gregory P. Meacham
Attorney At Law
414 Shoup Avenue
Idaho Falls, Idaho 83402

Registered Agent on behalf of
Bombardier, Inc.
1101, rue Parent
Saint-Bruno (Quebec) Canada J3V 6E6

Dear Registered Agent:

Accompanying this letter is a subpoena addressed to you and returnable at Amtrak's Office of Inspector General, 10 "G" Street, N.E., Suite 3E-400, before my designee, Chief Inspector John E. Grimes. The Subpoena has been issued pursuant to the authority provided to the Inspector General by Section 5 U.S.C. App. 3. Sec. 6(a)(4).

Fully legible and complete copies of the records called for by the subpoena and a completed Certificate of Compliance will be accepted in response to the subpoena, provided that the original records shall be made available to employees of my office, upon request, during normal business hours. Otherwise, original documents (including copies as maintained in your files) must be produced.

Furthermore, in order to ensure you comply with the subpoena and that we receive all responsive documents and records, you are asked to carefully examine the "Definitions and Instructions" section of Attachment "A" to the enclosed subpoena. Please note the subpoena requests, among other things, that you: (1) provide computer records as well as hard copies of documents, (2) fully support and justify your withholding of any responsive documents on the basis of privilege, or for any other reason, and (3) identify the subpoena requests to which each document is responsive.

Failure to appear at the time and place specified in the subpoena may be construed as a failure to comply with the subpoena. However, as a convenience you may assemble the documents requested and mail them by certified mail on or before the return date, along with the completed Certificate of Compliance.

If you have any questions, please feel free to contact Chief Inspector John E. Grimes at (410) 291-4472.

Sincerely,

Fred E. Weiderhold, Jr.
Inspector General

FEW/at
Enclosures



## Issued by the
## National Railroad Passenger Corporation
### OFFICE OF INSPECTOR GENERAL

**SUBPOENA DUCES TECUM**

TO:  Bombardier Corporation
C/o Registered Agent
Gregory P. Meacham
Attorney At Law
414 Shoup Avenue
Idaho Falls, Idaho 83402

Subpoena Number 05-17
June 28, 2005

☐ **YOU ARE COMMANDED** to appear before the following individual, an official of Amtrak's Office of Inspector General at the place, date and time specified below.

| PLACE OF APPEARANCE | DATE AND TIME |
|---|---|
| Office of Inspector General<br>10 "G" Street, N.E., Suite 3E-400<br>Washington, D.C. 20002 | July 28, 2005, 10:00 AM |

☐ **YOUR ARE COMMANDED** to produce at said time and place the following documents or objects (list documents or objects):

All records, accounts and other documents relating to materials as set forth in Attachment A. These materials should be accompanied by an index identifying the item(s) of the subpoena to which the documents are responsive.

These materials are necessary in the performance of the Inspector General to conduct and supervise audits and investigations, to promote economy, effectiveness, and integrity in the administration of programs and operations of the National Railroad Passenger Corporation (Amtrak).

☐ Inquiries concerning this subpoena should be addressed to:

Chief Inspector John E. Grimes
Office of Inspector General
10 "G" Street, N.E., Suite 3E-400
Washington, D.C. 20002
(410) 291-4472

| Issuing Officer Signature | Date |
|---|---|
| *Fred S. Weiderhold* | June 28, 2005 |

Issuing Officer Name and Title

Fred E. Weiderhold, Jr., Inspector General

(This subpoena issued under the authority of 5 U.S.C. App. 3 Sec. 6(a)(4))

Issued by the

National Railroad Passenger Corporation

## OFFICE OF INSPECTOR GENERAL

**SUBPOENA DUCES TECUM**

TO: Bombardier Corporation
C/o Registered Agent
Gregory P. Meacham
Attorney At Law
414 Shoup Avenue
Idaho Falls, Idaho 83402

Subpoena Number 05-17
June 28, 2005

☐ **YOU ARE COMMANDED** to appear before the following individual, an official of Amtrak's Office of inspector General at the place, date and time specified below.

| PLACE OF APPEARANCE | DATE AND TIME |
|---|---|
| Office of Inspector General<br>10 "G" Street, N.E., Suite 3E-400<br>Washington, D.C. 20002 | July 28, 2005, 10:00 AM |

☐ **YOUR ARE COMMANDED** to produce at said time and place the following documents or objects (list documents or objects):

All records, accounts and other documents relating to materials as set forth in Attachment A. These materials should be accompanied by an index identifying the item(s) of the subpoena to which the documents are responsive.

These materials are necessary in the performance of the Inspector General to conduct and supervise audits and investigations, to promote economy, effectiveness, and integrity in the administration of programs and operations of the National Railroad Passenger Corporation (Amtrak).

☐ Inquiries concerning this subpoena should be addressed to:

Chief Inspector John E. Grimes
Office of Inspector General
10 "G" Street, N.E., Suite 3E-400
Washington, D.C. 20002
(410) 291-4472

| Issuing Officer Signature | Date |
|---|---|
| *[signature] Fred S. Weiderhold* | June 28, 2005 |

Issuing Officer Name and Title

Fred E. Weiderhold, Jr., Inspector General

(This subpoena issued under the authority of 5 U.S.C. App. 3 Sec. 6(a)(4))

## ATTACHMENT A

### DEFINITIONS AND INSTRUCTIONS

A. "Documents" shall be read broadly and includes all types of recorded information, including but not limited to writings, letters, drawings, notes, memoranda, graphs, charts, photographs, telephone records, vouchers, bills, statements, diaries, faxes, calendars, appointment records, computer discs and other data compilations from which information can be obtained and translated, if necessary, into reasonably readable form.

B. "Communications" shall be read broadly and includes but is not limited to documents, and any memorialization (whether written, taped or imputed into a computer) of oral discussions in person or by telephone conversation.

C. In the event that you withhold any documents or portions thereof on the basis of privilege or any other reason, provide the following information with respect to each document: (a) identification of the author(s) and recipients of each document; (b) date of preparation; (c) nature or description of each document; (d) privilege(s) claimed or asserted; and (e) description of the basis or bases for withholding. This information will generally be referred to as a <u>Vaughn</u> index.

D. "You" or "Your" refers to Bombardier, an entity located at, among other addresses, 800 Rene Levesque Boulevard West, Montreal, H3B1YB Canada and/or Wilson Industrial Park, Barre, Vermont 05641, its assigns, officers, representatives, agents, successors, and predecessors entities.

E. "Wabco Locomotive Products", and/or "Wabtec" refers to an entity located at, among other addresses, 1001 Air Brake Avenue, Wilmerding, PA 15148, its assigns, officers, representatives, agents, successors, and predecessors entities.

F. "The National Railroad Passenger Corporation" also known as "Amtrak" refers to an entity located at, among other addresses, 60 Massachusetts Avenue, NE, Washington, DC 20002, its assigns, officers, representatives, agents, successors, and predecessor entities.

G. "Alstom" refers to an entity located at, among other addresses, 2000 Day Hill Road, Windsor, Connecticut 06095 and/or 48 rue Albert Dhalenne, 93482 Saint Ouen Cedex, France, its assigns, officers, representatives, agents, successors, and predecessor entities.

H. "Knorr Brake Corporation, refers to an entity conducting business at, among other places at, 861 Baltimore Boulevard, Westminster, MD 21157, its assigns, officers, representatives, agents, successors and predecessor entities

Page 2
Attachment A

I. "ORX" refers to an entity located at, among other addresses, One Park Avenue, Tipton, PA 16684, its assigns, officers, representatives, agents, successors, and predecessor entities.

J. "Northeast Corridor Maintenance Service Corporation", also referred to as "NECMSC", refers to an entity located at, among other addresses, 1801 Ninth Street, NE, Ivy City Yards, Washington, D.C. 20018, its assigns, officers, representatives, agents, successors, and predecessor entities.

K. "Faiveley Transport", formerly known as Sab Wabco" refers to an entity located at, among other addresses, 143 blvd. Anatole France, Carrefour Pleyel, its assigns, officers, representatives, agents, successors, and predecessor entities.

L. The term "all" and "each" shall be construed as all and each.

M. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of this subpoena all responses that might otherwise be construed to be outside of its scope.

N. The use of the singular form of any work includes the plural and vice versa.

**Instructions:**

1. Produce all computer disks or tapes which are relevant to the document requests below. In addition, copy all hard drive materials onto a disk or tape and provide these copies. For each disk or tape produced, provide an explanation on how to access the materials. Finally, produce a copy of all documents contained on or within the disks or tapes.

2. For each document produced, identify the document request(s) to which it is responsive.

3. Each paragraph and subparagraph of this subpoena should be construed independently and no other paragraph or subparagraph shall be referred to or relied on for the purpose of limiting this subpoena's scope.

4. If in responding to this subpoena you claim any ambiguity in interpreting either this subpoena or a definition or instruction applicable thereto, such claim shall not be utilized by you as a basis for refusing to respond, but there shall be set forth as part of your response the language deemed to be ambiguous and the interpretation chosen or used in responding to this subpoena.

Page 3
Attachment A

5. You are to produce original documents in your possession, custody, or control in response to this subpoena. If you are not in possession, custody, or control of the original documents responsive to this subpoena, produce the best available copies of responsive documents that are in your possession, custody, or control.

6. All pages of documents that are now stapled or fastened together should be produced stapled or fastened together accordingly.

7. There may be some overlap between this subpoena and Inspector General (IG) Subpoena No. 05-05, which the Amtrak IG issued to you. This subpoena is not intended to require duplicative production with any requests or subparts set forth in Subpoena No. 05-05 which the Amtrak Inspector General issued to Bombardier. To the extent that there exists duplication or overlap between this subpoena and Amtrak IG Subpoena 05-05, please respond to this subpoena.

8. This subpoena covers all documents in your possession, custody, or control.

9. If there was a document responsive to this subpoena but it no longer exists, state the circumstances under which it was destroyed or ceased to exist and provide the following information:

    i. identify each person who determined or authorized that each such document would be removed, discarded, or destroyed;
    ii. identify each person who authorized the removal, discarding, or destruction of each such document;
    iii. identify each person who removed, discarded, or destroyed each such document;
    iv. the substance and content of each such document;
    v. the date on and location at which each such document was removed, discarded, or destroyed; and
    vi. the reason for the removal, discarding, or destruction.

10. This subpoena shall be deemed continuing so as to require further and supplemental production if you come into possession, custody, or control of additional responsive documents after the time of initial production.

Page 4
Attachment A

**Please provide copies of the following documents:**

1. All documents, correspondence, emails, notes, internal logs, records of conversation by Bombardier among its employees, agents or representatives or between Bombardier representatives and any other entity, including, but not limited to Alstom, Knorr, Wabco, Wabtec, Sab Wabco, Faiveley Transport, ORX, NECMSC, regarding cracks or malfunctions, including defective/deficient products, pertaining to the Acela brakes.

# CERTIFICATE OF COMPLIANCE

I hereby certify that the materials and documents produced in response to the subpoena issued by the Inspector General of Amtrak dated June 28, 2005, and delivered (or mailed via registered mail) to John E. Grimes, Office of Inspector General, 10 "G" Street, N.E., Suite 3E-400, on July 28, 2005 are genuine, complete and in full compliance with the demand made in the subpoena for the materials specified therein.

I declare under penalty of perjury that the foregoing is true and correct.

_____
(Signature)

_____
(Name-typed or printed)

_____
(Title, if applicable)

_____, 2005
(Date Executed)

_____
(City and State)

**WITNESS:**

_____
(Signature)

_____
(Name and Title)

_____, 2005

Subpoena Number: <u>05-17</u>

# BOMBARDIER

TRANSPORTATION

Bombardier Inc.
1101 Parent Street
Saint-Bruno, Québec, Canada J3V 6E6
www.bombardier.com
TEL 450-441-2020
FAX 450-441-1515

May 26th, 2005

**BY TELEFAX: 202-906-4695**

Colin C. Carriere, Esq.
National Railroad Passenger Corporation
Office of the Inspector General
10 G Street, N.E.
Suite 3E-400
Washington, D.C. 20002

Re:   **Subpoenas Served on Bombardier Inc.**

Dear Colin:

We very much appreciate your meeting with us on May 18, 2005 to discuss the subpoenas served by your office on Bombardier Inc. As we agreed, we are working on a description of possibly responsive files, which we hope to get to you by the end of this week. During our meeting, we discussed the possibility that Bombardier would seek confidential treatment for certain commercially sensitive materials, including its contracts with suppliers. You kindly agreed to forward us a form of confidentiality agreement that would be acceptable to your office. We would appreciate your faxing us a copy as soon as possible.

Very truly yours,


Marc-André Raymond
Legal Advisor
Contracts Department, North America


MAR:gt


EXHIBIT 8

May. 27. 2005 12:55PM                                         No. 4444   P. 2

NATIONAL RAILROAD PASSENGER CORPORATION
Inspector General, Legal Counsel's Office, 10 G Street, NE, Suite 3E400, Washington, DC 20002



*VIA FACSIMILE AND REGULAR MAIL*

May 27, 2005

Marc-Andre Raymond, Esquire
Bombardier, Inc.
1101 Parent Street
Saint-Bruno, Quebec, Canada J3V 6E6

                RE: Amtrak OIG Subpoenas to Bombardier Inc. (No. 05-05)

Dear Mr. Raymond:

     I am in receipt of your letter, dated May 26, 2005, in connection with the aforementioned subpoena which the Amtrak Inspector General issued to Bombardier, Inc. Therein you indicate that you are working on a description of the files responsive to the subpoena, which you state you hope to get to me today. As you may recall when we met on May 18, we requested that the description in your letter be as detailed as possible to give us some idea of the magnitude and nature of responsive documents and records, including their location, amount, and under what employee's possession they are maintained. During the meeting we discussed a possible phased production of records by Bombardier. In connection with this phased production we stated that of the generic categories of records which we wanted most promptly were the contract-related documents as well as what we identified as the "notice" records, i.e., those documents and records which discuss or pertain to any information or notice with respect to deficiencies or problems with the Acela brakes. It was my understanding that Bombardier was working to produce those records expeditiously. We would expect that these records will be reasonably segregated and not produced or identified among a host of other records.

     With regard to your request for confidentiality language that would pertain to proprietary data, I am attaching a proposed Confidentiality Agreement.



EXHIBIT
9