NATIONAL RAILROAD PASSENGER CORPORATION
Inspector General, Legal Counsel's Office, 10 G Street, NE, Suite 3E400, Washington, DC 20002

VIA FACSIMILE AND FIRST-CLASS MAIL 

July 22, 2005

Philip Le B. Douglas, Esquire
Pillsbury Winthrop Shaw Pittman
1540 Broadway
New York, New York 10036-4039

RE: Amtrak OIG Subpoenas to NeCMSC

Dear Mr. Douglas:

I am responding to your letter, dated July 15, 2005 wherein you request an opportunity to meet with the Inspector General to discuss issues identified in your July 11 letter and make "a presentation to him regarding issues of interest to the OIG investigation". As you are aware from our communication, the OIG counsel, particularly David Sadoff and myself, represent the interests of the Inspector General. Moreover, you previously met with the Inspector General on June 8, and as well he met recently with Bombardier representatives concerning these issues. If there are additional issues or facts, which have not been raised or presented, please present such to David or me, in writing. Obviously, if there are imminent safety issues with respect to the Acela trains contact us immediately by telephone or in writing.

With respect to issues which you have raised in your July 11 letter, as you may recall we offered NeCMSC various options to streamline or layer the production in ways which would ameliorate any perceived burden or costs. NeCMSC has rejected our proposals. Nevertheless, it is important that NeCMSC promptly produce: (1) documents known to NeCMSC that discuss actual or potential deficiencies, failures or malfunctions regarding the Acela brakes, and (2) documents known to NeCMSC which discuss the procedures for controlling, determining or assessing deficiencies, failures or malfunctions or potential with regard to the Acela brakes.

Sincerely,

Colin C. Carriere
Counsel to the Inspector General

EXHIBIT 42



Pillsbury
Winthrop
Shaw
Pittman LLP

WINSTON & STRAWN LLP

**Confidential Investigative Communication
Disclosure Restricted to Head of Designated
Federal Entity Pursuant to 5 U.S.C. App. 3 § 8G(d)**

July 22, 2005

**BY FEDERAL EXPRESS**

Colin C. Carriere, Esq.
Counsel to the Inspector General
Office of the Inspector General
Legal Counsel's Office
10 "G" Street, N.E.
Suite 3E-400
Washington, D.C. 20002

Re:  OIG Subpoena to NeCMSC (No. 05-05)

Dear Mr. Carriere:

As you know, the undersigned represent the separate interests of Alstom Transportation ("Alstom") and Bombardier Inc. ("Bombardier") in the Northeast Corridor Maintenance Services Company ("NeCMSC").

Subject to the conditions and objections set forth in our June 20, 2005 letter, we enclose responsive documents which have been bates stamped NEC0520062 through NEC0542348.

Very truly yours,

Philip Le B. Douglas
Pillsbury Winthrop Shaw Pittman LLP
1540 Broadway
New York, NY 10036-4039
(212) 858-1704

Timothy Broas
Winston & Strawn LLP
1700 K Street, N.W.
Washington, D.C. 20006-3817
(202) 282-5750

Enclosures

NEW_YORK_300184730v1 (2)

EXHIBIT 43

COPY

1540 Broadway  
New York, NY  10036-4039

Tel 212.858.1000  
Fax 212.858.1500  
www.pillsburylaw.com

July 28, 2005

Eric Fishman  
Phone: 212.858.1745  
Eric.fishman@pillsburylaw.com

<u>Via Federal Express</u>

Colin C. Carriere, Esq.  
Counsel to the Inspector General  
Office of the Inspector General  
Legal Counsel's Office  
10 "G" Street, N.E.  
Suite 3E-400  
Washington, D.C. 20002

  Re: <u>Subpoena Issued by the Office of Inspector General to Bombardier Inc., dated May 4, 2005, No. 05-05 (the "Subpoena")</u>

Dear Mr. Carriere:

This firm represents Bombardier Inc. in connection with the Subpoena.

Enclosed please find 4 CD-Roms containing a scanned copy of responsive project correspondence, bates stamped BBD0046489 through BBD0088305.

Sincerely,

Eric Fishman

Enclosure

cc: Marc-Andre Raymond (w/o attachments)


EXHIBIT 44

NEW_YORK_300185674v1 (2)

# ALSTOM

July 28, 2005

Colin C. Carriere, Esq.
Office of Inspector General
National Railroad Passenger Corp.
10 G Street N.E., Suite 3E-400
Washington, D.C. 20002

Re: Subpoena Duces Tecum 05-07 and 05-18

Dear Mr. Carriere:

We enclose responsive documents that have been Bates stamped ATI 023282 through ATI 024912.

We will provide additional documents as we complete our review. Please feel free to call me directly if you have any questions. In addition, as we agreed, the original documents will be available for your inspection at ALSTOM's facility in Hornell, New York.

Very Truly Yours,

*Dana Wordes*

Dana Wordes
Associate General Counsel

Enclosure

cc: Timothy Broas, Esq. with enclosure

ALSTOM Transportation Inc.
353 Lexington Avenue, Suite 1100
New York, NY 10016
Tel: (212) 557-7260
Fax: (212) 972-4404
dana.wordes@transport.alstom.com



EXHIBIT 45



Pillsbury
Winthrop
Shaw
Pittman LLP

WINSTON & STRAWN LLP

**CONFIDENTIAL INVESTIGATIVE COMMUNICATION
DISCLOSURE RESTRICTED TO HEAD OF DESIGNATED
FEDERAL ENTITY PURSUANT TO 5 U.S.C. APP. 3 § 8G(d)**

August 5, 2005

**BY FAX & MAIL**

Colin C. Carriere, Esq.
Counsel to the Inspector General
Office of the Inspector General
Legal Counsel's Office
10 "G" Street, N.E.
Suite 3E-400
Washington, D.C. 20002

Re: Amtrak OIG Subpoenas to NecMSC

Dear Mr. Carriere:

We write in reply to your July 22, 2005 letter in which you decline our request for a meeting with the Inspector General to discuss the various issues raised in our July 11, 2005 letter.[1]

One of your grounds for rejecting our request is that the Inspector General "met recently with Bombardier representatives concerning these issues." We are not aware of any meeting between Bombardier representatives and the Inspector General with respect to the subjects raised in our letter of July 11, 2005 (other than a request to have such a meeting, which was declined). In any event, as we are sure you can appreciate, we

---

[1] Your letter responds to a letter from both Mr. Broas and Mr. Douglas, but is addressed only to the latter. We again request that correspondence responsive to communications from both counsel be addressed to both.

300185786v2



EXHIBIT
46

August 5, 2005
Page 2

expect that all communications from the Inspector General and his office regarding our July 11 letter (or any other of our communications) be directed to outside counsel.

With respect to your statement that we "promptly produce" certain documents, we note that we have, in fact, been doing so. To date, NeCMSC has produced 542,636 pages, Bombardier has produced 88,305 pages and Alstom has produced almost 25,000 pages of responsive documents, and each of these entities has focused its efforts on producing documents most likely to contain any "notice" information. In fact, within in the next week or so, we expect that NeCMSC will have produced all paper documents in its possession or control that are responsive to the Subpoenas.

We note that your letter of July 22 does not address our concerns or proposals with respect to electronic search terms. Unless we hear otherwise, we plan to run searches based on the terms we have proposed (supplemented by some of the additional terms that you have proposed, as set forth in our letter of July 11, 2005) to determine the population of documents containing those terms and the feasibility and cost of a review.

Finally, please be advised that we do not believe that the last sentence of your letter streamlines or otherwise ameliorates the burden and costs of document production.

Very truly yours,

Philip Le B. Douglas
Pillsbury Winthrop Shaw Pittman LLP
1540 Broadway
New York, NY 10036-4029
(212) 858-1704

Timothy M. Broas
Winston & Strawn LLP
1700 K Street, N.W.
Washington, DC 20006-38176
(202) 282-5750

300185786v2

Aug. 9. 2005 3:34PM                                                                 No. 5640    P. 2

**NATIONAL RAILROAD PASSENGER CORPORATION**
Inspector General, Legal Counsel's Office, 10 G Street, NE, Suite 3E400, Washington, DC 20002



*VIA FACSIMILE AND FIRST-CLASS MAIL*

August 9, 2005

Philip Le B. Douglas, Esquire
Pillsbury Winthrop Shaw Pittman
1540 Broadway
New York, New York 10036-4039

Timothy M. Broas, Esquire
Winston & Strawn, LLP
1700 K Street, N.W.
Washington, D.C. 20006-3817

RE: Amtrak OIG Subpoenas to NeCMSC

Dear Messrs. Douglas and Broas:

I am responding to your letter, dated August 5, 2005 with respect to the above referenced subpoena, which the Amtrak Inspector General issued to your client.[1] There are two points worth addressing.

First, you request that all communications from the Inspector General and his office be directed to outside counsel. It is my understanding that a NeCMSC official initiated contact with an Amtrak Inspector General employee so that the NeCMSC official and a Bombardier official could meet with the Inspector General. Thus, your client initiated the communication. Under those circumstances, I am concerned and would request to be informed about such initiations of contact.

Second, you indicate that our letter, dated July 22, 2005 (from David Sadoff to you), does not address your concerns with respect to the electronic search terms. I believe that the letter specifically addresses your issue. Please review that letter again. Broadly, it provides additional search terms and advises you of your obligation to put in reasonable search terms based upon your client's recognition and awareness of its records and how

---

[1] You have on several occasions in your recent correspondence presented a heading which reads: "Confidential Investigative Communication Disclosure Restricted to Head of Designated Federal Entity Pursuant to 5 U.S.C. App. 3 § 8G(d)". As I have stated in prior responses to your correspondence, it is unclear what you intend by such designation, and we never agreed to such terms, with respect to this letter or any of the other correspondence or discussions. Section 8G(d) states: Each Inspector General shall report to and be under the general supervision of the head of the designated Federal entity, but shall not report to, or be subject to supervision by, any other officer or employee of such designated Federal entity. The head of the designated Federal entity shall not prevent or prohibit the Inspector General from initiating, carrying out, or completing any audit or investigation, or from issuing any subpoena during the course of any audit or investigation." This provision does not address confidentiality and does not restrict the OIG in its dissemination of information.



EXHIBIT 47

Aug. 9. 2005  3:34PM                                                                No. 5640   P. 3

*Page 2 of 2.*
*NeCMSC*

they are maintained. That is your legal obligation. Again we request that you meet such obligation. Indeed, this is a position, which we have stated to you for months, in order that NeCMSC does not delay providing the responsive electronic documents.

Sincerely,

Colin C. Carriere
Counsel to the Inspector General



**Pillsbury**
**Winthrop**
**Shaw**
**Pittman** LLP

1540 Broadway
New York, NY 10036-4039

Tel 212.858.1000
Fax 212.858.1500
www.pillsburylaw.com

August 12, 2005

Eric Fishman
Phone: 212.858.1745
eric.fishman@pillsburylaw.com

<u>Via Federal Express</u>

Colin C. Carriere, Esq.
Counsel to the Inspector General
Office of the Inspector General
Legal Counsel's Office
10 "G" Street, N.E.
Suite 3E-400
Washington, D.C. 20002

Re: <u>Subpoena Issued by the Office of Inspector General to Bombardier Inc., dated May 4, 2005, No. 05-05 (the "Subpoena")</u>

Dear Mr. Carriere:

This firm represents Bombardier Inc. in connection with the Subpoena.

Enclosed please find 1 CD-Rom containing a scanned copy Quality Assurance documents, bates stamped BBD0088306 through BBD0097938.

Sincerely,

Eric Fishman

Enclosure

cc: Marc-Andre Raymond (w/o attachments)

300187678v1

**EXHIBIT 48**



Pillsbury
Winthrop
Shaw
Pittman

**WINSTON & STRAWN LLP**

Confidential Investigative Communication
Disclosure Restricted to Head of Designated
Federal Entity Pursuant to 5 U.S.C. App. 3 § 8G(d)

August 17, 2005

**BY FEDERAL EXPRESS**

Colin C. Carriere, Esq.
Counsel to the Inspector General
Office of the Inspector General
Legal Counsel's Office
10 "G" Street, N.E.
Suite 3E-400
Washington, D.C. 20002

Re:   OIG Subpoena to NeCMSC (No. 05-05)

Dear Mr. Carriere:

As you know, the undersigned represent the separate interests of Alstom Transportation ("Alstom") and Bombardier Inc. ("Bombardier") in the Northeast Corridor Maintenance Services Company ("NeCMSC").

Subject to the conditions and objections set forth in our June 20, 2005 letter, we enclose:

- Disk # NEC0030, containing responsive documents which have been Bates stamped NEC0542349 through NEC0542636.

- Disk # NEC0031, containing responsive documents which have been Bates stamped NEC0542637 - NEC0555841.

- Disk # NEC0032, containing responsive documents which have been Bates stamped NEC0555842 - NEC0563684.

- Disk # NEC0033, containing responsive documents which have been Bates stamped NEC0563685 - NEC0575958.

- Disk # NEC0034, containing responsive documents which have been Bates stamped NEC0575959 - NEC0586456.

- Disk # NEC0035, containing responsive documents which have been Bates stamped NEC0586457 - NEC0599101.

300185947v2

EXHIBIT
49

August 17, 2005
Page 2

- Disk # NEC0036, containing responsive documents which have been Bates stamped NEC0599102 - NEC0602713.

Very truly yours,

Philip Le B. Douglas
Pillsbury Winthrop Shaw Pittman LLP
1540 Broadway
New York, NY 10036-4039
(212) 858-1704

Timothy Broas
Winston & Strawn LLP
1700 K Street, N.W.
Washington, D.C. 20006-3817
(202) 282-5750

Enclosures
bcc: Marc-André Raymond, Esq. (without enclosure)
Dana Wordes, Esq. (without enclosure)
Pierre Hebert (without enclosure)

300185947v2



Pillsbury
Winthrop
Shaw
Pittman

WINSTON & STRAWN LLP

**Confidential Investigative Communication**
**Disclosure Restricted to Head of Designated**
**Federal Entity Pursuant to 5 U.S.C. App. 3 § 8G(d)**

August 19, 2005

**BY FAX**

Colin C. Carriere, Esq.
Counsel to the Inspector General
Office of the Inspector General
Legal Counsel's Office
10 "G" Street, N.E.
Suite 3E-400
Washington, D.C. 20002

Re:   Amtrak OIG Subpoenas to NeCMSC (No. 05-09)

Dear Mr. Carriere:

Thank you for your August 9, 2005 letter, which responds to ours of August 5, 2005. We will address your points in the order in which you raise them.

**Obligation Not to Report to**
**Amtrak Regarding Investigation**

You say that OIG is "unclear" about our letter's reference to 5 U.S.C. App. 3 §8G(d), and that "[t]his provision . . . does not restrict the OIG in its dissemination of information." Our purpose in reminding OIG of the limitations imposed by Section 8G(d) was explained to you orally on June 8, 2005 and in our letters of June 8, 2005 (pp. 2-3) and June 30, 2005 (p. 7). In these communications, we stated that it is a violation of federal law to report to "any . . . officer or employee" of Amtrak, other than David M. Laney, the Chair of Amtrak's Board of Directors. We also reminded you that the OIG's investigation, which necessarily also concerns Amtrak's role in the brake disc problem, must be conducted independently of Amtrak. We therefore again request that OIG cease



EXHIBIT
50

300188017v3

August 19, 2005
Page 2

discussing its investigation with officials involved in Amtrak's contractual dealings with NeCMSC and the Consortium.

**The Inspector General's Refusal**
**to Meet Regarding the Subpoena**

Because your recent letters regarding our request for a meeting with the Inspector General are somewhat confusing, we will summarize below the relevant communications. Please let us know if you disagree.

On July 11, 2005, we wrote Mr. Sadoff to request a meeting with the Inspector General to resolve the various issues arising out of the NeCMSC subpoenas. You responded on July 22 by claiming that the Inspector General had "met recently with Bombardier [lay] representatives regarding the . . . issues" raised in our July 11 letter. On August 5, we stated that there had been no discussion of the July 11 letter except for the Inspector General's statement to our clients that he would not meet with their lawyers.

Your August 9 letter now asserts that this Inspector General meeting was initiated by our clients. Although our clients indeed initiated a meeting with the Inspector General on July 21, 2005, their announced purpose was not to discuss the July 11 letter, but rather resolve the Consortium's long-standing request that OIG release certain brake discs for laboratory testing. During that meeting, however, the Inspector General volunteered that he would not meet with NeCSMC's lawyers. In short, contrary to the implications in your recent correspondence, our clients did not initiate, and there never has been, any meeting with the Inspection General regarding the substance of the July 11 letter.

**Search Terms**

Finally, you take issue with our statement that "your letter of July 22 does not address [NeCMSC's] concerns or proposals with respect to electronic search terms." Instead, you assert that a July 22, 2005 letter from David Sadoff "specifically addresses

300188017 v3

August 19, 2005
Page 3

your issue". Neither of us have ever seen a July 22, 2005 letter from Mr. Sadoff. If such a letter exists, please provide it to us.[1]

Very truly yours,

Philip Le B. Douglas
Pillsbury Winthrop Shaw Pittman LLP
1540 Broadway
New York, NY 10036-4039
(212) 858-1704

Timothy M. Broas
Winston & Strawn LLP
1700 K Street, N.W.
Washington, D.C. 20006-3817
(202) 282-5750

---

[1] Although Mr. Sadoff did write a July 6, 2005 letter touching on the search term subject, that letter stated that the electronic search term issues would be addressed in a subsequent "detailed written response" he was then preparing. We have not seen the letter promised by Mr. Sadoff on July 6, 2005, and no one has ever responded to the electronic search term concerns and proposals raised in our July 11, 2005 letter, which is the communication referred to in our August 5 letter.

300188017 v3

NATIONAL RAILROAD PASSENGER CORPORATION
Inspector General, Legal Counsel's Office, 10 G Street, NE, Suite 3E400, Washington, DC 20002



August 22, 2005

Philip Le B. Douglas, Esquire
Pillsbury Winthrop Shaw Pittman
1540 Broadway
New York, New York 10036-4039

Timothy M. Broas, Esquire
Winston & Strawn, LLP
1700 K Street, N.W.
Washington, D.C. 20006-3817

RE: Amtrak OIG Subpoenas to NeCMSC

Dear Messrs. Douglas and Broas:

I am in receipt of your letter, dated August 19, 2005 with respect to the above referenced subpoena, which the Amtrak Inspector General issued to your client. Because you are making contentions with respect to issues which the OIG has already addressed, this will briefly address certain of your contentions and others which you have failed to address.

You continue to reference Section 8G(d) of the Inspector General Act for a proposition for which it does not stand. As we made clear on several occasions we disagree with your interpretation of the statute. Moreover, we have not had discussions with you which are contrary to what I stated again in my August 9 letter. You also fail to provide any support for your interpretation.

You fail to address sufficiently the issue of your client's initiating contact with the Inspector General regarding various issues, given that legal counsel represents the Inspector General. Once again, under those circumstances, I am concerned and would request to be informed about such initiations of contact by your client(s). Along these lines, you still never put in writing specifically the matters about which you wished to inform the Inspector General. If there are matters which you believe the Inspector General should be informed please do so in correspondence to me.

Your discussion regarding the search terms confuses an otherwise clear record of your clients' continued non-compliance. In an attempt to resolve a dispute that increasingly appears little more than a pretext to delay compliance with the subpoenas, David Sadoff wrote you on July 6, 2005, called into question the legal basis for your preconditions for the prompt search for and production of responsive electronic documents, and, "[i]n the hope of jump-starting what seems to be your clients' unduly delayed production of responsive electronic documents" listed 20 additional search terms.

EXHIBIT 51