Page 2 of 2.
*NeCMSC*

See July 6, 2005 letter from D. Sadoff, Esq. to T. Broas Esq. and P. Douglas, Esq., at 2.[1] Your responsive letter of July 11, 2005 rejected out-of-hand 12 of the 20 suggested terms and only agreed to include the remaining 8 terms "(as long as none of those terms results in 'hits' that are too numerous and not likely to result in the production of responsive information based upon sampling)." Id., at 3. Your letter also cited clearly inapposite cases to justify the unsupportable subpoena compliance conduct of your client up to that point and to date.

Most importantly, your client has not timely responded to either subpoena, and is thus not in compliance. You have unilaterally extended the time for compliance. Although the Inspector General has been accommodating, your actions in not complying in a timely manner are neither acceptable nor affirmed. Please comply promptly.

Sincerely,

Colin C. Carriere
Counsel to the Inspector General

---

[1] In my August 9 letter, I mistakenly referred to a "July 22" letter when I intended to refer to Mr. Sadoff's July 6 letter. You have previously acknowledged Mr. Sadoff's July 6 letter in yours of July 11 and August 19. It appears clear that you recognized the typographical error. Your July 11 letter makes clear that we can not accommodate you further regarding the search terms. Your clients' continuing non-compliance with the subpoena is both clear and unjustifiable, as is their refusal to take prompt, corrective action in response to our prior requests and communications. Based on their prior conduct and positions asserted, it certainly appears that further efforts to negotiate a prompt resolution of their non-compliance with the subpoenas will be no more productive, and, indeed, as futile, as our past efforts.

# ALSTOM

August 22, 2005

Colin C. Carriere, Esq.
Office of Inspector General
National Railroad Passenger Corp.
10 G Street N.E., Suite 3E-400
Washington, D.C. 20002

Re: Subpoena Duces Tecum 05-07 and 05-18

Dear Mr. Carriere:

We enclose responsive documents that have been Bates stamped ATI 024913 through ATI 025373.

As we agreed, the original documents will be available for your inspection at ALSTOM's facility in Hornell, New York. Please call at your convenience to schedule your visit.

Very Truly Yours,

Dana Wordes
Associate General Counsel

Enclosure

cc: Timothy Broas, Esq. with enclosure

ALSTOM Transportation Inc.
353 Lexington Avenue, Suite 1100
New York, NY 10016
Tel: (212) 557-7260
Fax: (212) 972-4404
dana.wordes@transport.alstom.com



EXHIBIT 52



**Pillsbury
Winthrop
Shaw
Pittman** LLP

1540 Broadway
New York, NY 10036-4039

Tel 212.858.1000
Fax 212.858.1500
www.pillsburylaw.com

August 26, 2005

Eric Fishman
Phone: 212.858.1745
eric.fishman@pillsburylaw.com

<u>Via Federal Express</u>

Colin C. Carriere, Esq.
Counsel to the Inspector General
Office of the Inspector General
Legal Counsel's Office
10 "G" Street, N.E.
Suite 3E-400
Washington, D.C. 20002

Re:    Subpoena Issued by the Office of Inspector General to Bombardier Inc.,
       dated May 4, 2005, No. 05-05 (the "Subpoena")

Dear Mr. Carriere:

This firm represents Bombardier Inc. in connection with the Subpoena.

Enclosed please find a disk containing a scanned copy of Bombardier documents from Ivy City, bates stamped BBD0097939 through BBD0100619.

Sincerely,

*Eric Fishman* (signature)

Eric Fishman

Enclosure

cc:    Marc-Andre Raymond (w/o attachments)

**EXHIBIT 53**

NEW_YORK_300189174v1 (2)

1540 Broadway
New York, NY 10036-4039

Tel 212.858.1000
Fax 212.858.1500
www.pillsburylaw.com

**CONFIDENTIAL INVESTIGATIVE COMMUNICATION
DISCLOSURE RESTRICTED TO HEAD OF DESIGNATED
FEDERAL ENTITY PURSUANT TO 5 U.S.C. APP. 3 § 8G(d)**

September 2, 2005

Eric Fishman
Phone: 212.858.1745
Eric.fishman@pillsburylaw.com

Via Federal Express

Colin C. Carriere, Esq.
Counsel to the Inspector General
Office of the Inspector General
Legal Counsel's Office
10 "G" Street, N.E.
Suite 3E-400
Washington, D.C. 20002

Re: Subpoena Issued by the Office of Inspector General to Bombardier Inc., dated May 4, 2005, No. 05-05 (the "Subpoena")

Dear Mr. Carriere:

On behalf of Bombardier Inc., enclosed please find 1 CD-ROM containing a scanned copy of correspondence, purchase orders and other materials relating to the wheel and axle assembly for the Acela passenger trains, bates stamped BBD0100620 through BBD0103218. Also enclosed are five CD ROMs containing scanned materials from Bombardier's brake engineering department, bates stamped BBD0103219 through BBD0147675.

Sincerely,

Eric Fishman

Enclosure

cc: Marc-Andre Raymond (w/o attachments)

EXHIBIT 54

NEW YORK 300189868v2 (2)



**Pillsbury
Winthrop
Shaw
Pittman** LLP

1540 Broadway
New York, NY 10036-4039

Tel 212.858.1000
Fax 212.858.1500
www.pillsburylaw.com

**CONFIDENTIAL INVESTIGATIVE COMMUNICATION
DISCLOSURE RESTRICTED TO HEAD OF DESIGNATED
FEDERAL ENTITY PURSUANT TO 5 U.S.C. APP. 3 § 8G(d)**

September 30, 2005

Eric Fishman
Phone: 212.858.1745
Eric.fishman@pillsburylaw.com

<u>Via Federal Express</u>

Colin C. Carriere, Esq.
Counsel to the Inspector General
Office of the Inspector General
Legal Counsel's Office
10 "G" Street, N.E.
Suite 3E-400
Washington, D.C. 20002

Re:   Subpoena Issued by the Office of Inspector General to Bombardier Inc.,
      dated May 4, 2005, No. 05-05 (the "Subpoena")

Dear Mr. Carriere:

On behalf of Bombardier Inc., we are producing the enclosed CDs containing scanned copies of documents maintained by Bombardier's brake engineering department (production numbers BBD0147676 through BBD0161621), customer service department (production numbers BBD0161622 through BBD0161690), and reliability, availability, maintainability, and safety group (BBD0161691 through BBD0166940).

Please do not hesitate to contact the undersigned if you have any questions.

Sincerely,

*[signature]*

Eric Fishman

Enclosures (3 CDs)

cc:   Marc-Andre Raymond (w/o attachments)

300192848v1

**EXHIBIT 55**



Pillsbury
Winthrop
Shaw
Pittman

WINSTON & STRAWN LLP

**Confidential Investigative Communication**
**Disclosure Restricted to Head of Designated**
**Federal Entity Pursuant to 5 U.S.C. App. 3 § 8G(d)**

September 30, 2005

**BY FAX**

Colin C. Carriere, Esq.
Counsel to the Inspector General
Office of the Inspector General
Legal Counsel's Office
10 "G" Street, N.E.
Suite 3E-400
Washington, D.C. 20002

      Re:    *Fred E. Weiderhold, Jr. v. Bombardier, Inc., Alstom Transportation,*
            *Inc. and Northeast Corridor Maintenance Services Company*

Dear Mr. Carriere:

      We have received copies of the Petition Mr. Weiderhold filed with the United States District Court for the District of Columbia.

      As you know, Mr. Weiderhold never informed Respondents that he had decided to file suit and, indeed, most of the Petition's claims had never before been raised with our clients. If Mr. Weiderhold had consulted with Respondents prior to filing suit, he would have learned that most of the Petition's allegations are demonstrably false, others will soon be moot and several can and should be resolved on a consensual basis.

      We, therefore, renew our July 11, 2005 request for a hearing before Mr. Weiderhold. At that time, we will show that the Petition's claims are either in error, moot or should be resolved consensually. Not only will this obviate needless motion practice before the Court, it will provide Mr. Weiderhold an opportunity to satisfy the due process and FRCP 11(b) obligations over looked by his precipitous lawsuit.

EXHIBIT
56

300192472v4

September 30, 2005
Page 2

      In order to provide Mr. Weiderhold with a fair opportunity to hear and consider these issues and Respondents time to prepare their opposition and counterclaims, no response to the Petition should be due prior to October 28, 2005. Provided Mr. Weiderhold agrees that Respondents need not serve their response prior to that time, they will authorize us to accept service on their behalf.

      We are available to meet with Mr. Weiderhold during the week of October 10, 2005. Please let us have Mr. Weiderhold's response as soon as possible.

Very truly yours,

Philip Le B. Douglas
Pillsbury Winthrop Shaw Pittman LLP
1540 Broadway
New York, NY 10036-4039
(212) 858-1704

Timothy M. Broas
Winston & Strawn LLP
1700 K Street, N.W.
Washington, D.C. 20006-3817
(202) 282-5750

300192472v4

Oct. 4. 2005  4:22PM                                                              No. 6518   P. 2

NATIONAL RAILROAD PASSENGER CORPORATION
Inspector General, Investigations, 10 G Street, NE, Suite 3E-400, Washington, DC 20002



VIA FACSIMILE AND FIRST-CLASS MAIL

October 4, 2005

Timothy M. Broas, Esquire
Winston & Strawn LLP
1700 K Street, N.W.
Washington, D.C. 20006-3817

Philip Le B. Douglas, Esquire
Pillsbury Winthrop Shaw Pittman LLP
1540 Broadway
New York, New York 10036-4039

> Re: "Petition ... for Summary and Expedited Enforcement of Administrative Subpoenas Duces Tecum," filed in Weiderhold v. Bombardier, Inc., et al, No. 1:05 MS 00367 (D.D.C.)

Dear Messrs. Broas and Douglas:

This responds to your letter of September 30, 2005 letter ("Letter") concerning non-compliance by your clients with subpoenas issued by Inspector General Weiderhold in May and June, 2005, that are the subject of the above-referenced enforcement petition filed on September 22, 2005.

You request another meeting with Mr. Weiderhold and state that "most of the Petitions allegations are demonstrably false, others will soon be moot and several can and should be resolved on a consensual basis." Letter, at 1. You seemingly request our agreement to at least a five-week period to respond to the Petition – until after October 28, 2005. Letter, at 2.

As counsel for Mr. Weiderhold, we are available to meet with you and discuss the factual support for your above statements, and your clients' proposals regarding compliance with the Subpoenas. We request that you first submit a detailed description, in writing, of 1) the topics to be discussed at any meeting, 2) the support -- with Bates-number references -- for each claim by your clients that any Petition allegation is "demonstrably false", and 3) each offer by your clients

EXHIBIT
57

to resolve their obligations under the Subpoenas "on a consensual basis" together with a proposed timetable for such compliance.

With regard to your statement that no response to the Petition should be due until after October 28, we offer two comments. First, the statement ignores the substantial public interest that IG subpoenas be promptly complied with, and that IG investigations be promptly and thoroughly performed. Second, as you know from the Petition and supporting materials served on you, the District Court will set the date for your clients' response to the Petition in the Show Cause Order. While we might support your request for substantial delay under exceptional circumstances, the Letter describes no such circumstances. If, as you contend, the Petition's claims for relief are not factually supportable and/or are "demonstrably false", presumably this is readily apparent and demonstrable. We will carefully consider those arguments when you present them.

Sincerely,

David Sadoff
Associate Counsel to the Inspector General
National Passenger Railroad Corporation



Pillsbury
Winthrop
Shaw
Pittman LLP

WINSTON & STRAWN LLP

**Confidential Investigative Communication**
**Disclosure Restricted to Head of Designated**
**Federal Entity Pursuant to 5 U.S.C. App. 3 § 8G(d)**

October 5, 2005

**BY FAX**
David Sadoff, Esq.
Associate Counsel to the Inspector General
Office of the Inspector General
Legal Counsel's Office
10 "G" Street, N.E.
Suite 3E-400
Washington, D.C. 20002

Re:   *Fred E. Weiderhold, Jr. v. Bombardier, Inc., Alstom Transportation, Inc. and Northeast Corridor Maintenance Services Company*

Dear Mr. Sadoff:

Thank you for your October 4, 2005 letter declining our request for a hearing before Inspector General Weiderhold. By copy of this letter, Respondents hereby ask that their hearing request be considered by David M. Laney, Esq.

While reserving all their rights with regard to Mr. Weiderhold's refusal to hear us, Respondents will comply next week with your request for "a detailed description in writing" of the issues Respondents would have raised if they had been accorded a hearing. In order to comply with your request, Respondents require a copy of the "written communications between vendors' personnel" referenced at page 10 of Mr. Weiderhold's brief in support of the Petition. In contrast to the related March 16, 2005 document also referenced at p. 10 (Weiderhold Ex. 11), Mr. Weiderhold neglected to include these subsequent "written communications" as an exhibit in support of the Petition. In fairness, Respondents also ask that the Inspector General respond in writing to Respondents' submission.



300193220v2

October 5, 2005
Page 2

In the meantime, Respondents expect that Mr. Weiderhold and his representatives will not engage in any *ex parte* contacts with the Court. Please advise us immediately if Mr. Weiderhold receives any inquiry from the Court.

Very truly yours,

Philip Le B. Douglas
Pillsbury Winthrop Shaw Pittman LLP
1540 Broadway
New York, NY 10036-4039
(212) 858-1704

Timothy M. Broas
Winston & Strawn LLP
1700 K Street, N.W.
Washington, D.C. 20006-3817
(202) 282-5750

cc:   David M. Laney, Esq. (by fax)

300193220v2

NATIONAL RAILROAD PASSENGER CORPORATION
10 G Street, NE, Washington, DC 20002



*VIA FACSIMILE AND FIRST-CLASS MAIL*

October 6, 2005

Timothy M. Broas, Esquire
Winston & Strawn LLP
1700 K Street, N.W.
Washington, D.C. 20006-3817

Philip Le B. Douglas, Esquire
Pillsbury Winthrop Shaw Pittman LLP
1540 Broadway
New York, New York 10036-4039

           Re:   "Petition ... for Summary and Expedited Enforcement of Administrative Subpoenas Duces Tecum," filed in Weiderhold v. Bombardier, Inc., et al, No. 1:05 MS 00367 (D.D.C.)

Dear Messrs. Broas and Douglas:

      This responds to and corrects your letter of October 5, 2005.

      In your letter of September 30, 2005, you contended that the allegations in the above-referenced Petition "are demonstrably false, others will soon be moot and several can and should be resolved on a consensual basis", and you "renew[ed] our July 11, 2005 request for a hearing before Mr. Weiderhold" -- Amtrak's Inspector General, the Petitioner in the above-referenced action, and our client. Id., at 1.[1]

      In our October 4 letter in response, we agreed to meet with you, as Petitioner's counsel, if you provided, as a starting point for discussions, support

---

[1] In our October 4 response we chose to ignore that your statement was a factual reach" insofar as your referenced July 11 letter had merely requested "a meeting with the Inspector General himself in an effort to resolve these problems", and made no mention of or request for any "hearing." It is unclear to us why you now request/demand a "hearing" -- rather than yet another "meeting" -- or what you deem the scope and purpose of such "hearing" to comprise.

EXHIBIT 59

for your claim that Petition allegations were "demonstrably false" and your clients' proposals for rendering moot other relief requested in the Petition. Our October 4 proposal was intended to and should have focused and expedited the requested discussions.

Your October 5 response was disappointing. First, you appear to claim that in order for you to provide the factual basis for your own statements in the September 30, 2005 letter, you require that OIG produce documents comprising "written communications between vendors" OIG described in its the Memorandum (at 10) notwithstanding that none of the Respondents, apparently, were not parties to these communications. By what logic do you contend this? We can think of no basis by which the documents relate to your claims of falsity. We renew our offer in the October 4 letter to consider carefully the basis for your contentions and to meet with you after you have provided the described information.[2]

Second, you ask that what you now have re-characterized as a "hearing request" be "considered by David M. Laney, Esq.", the Chairman of Amtrak's Board of Directors. Again, while the scope and substance of any meeting is not clear -- and may well be inappropriate under statute -- the letter will be forwarded for review on Mr. Laney's behalf.

Sincerely,

David Sadoff
Associate Counsel to the Inspector General
National Passenger Railroad Corporation

---

[2] Whether or not we meet, we would like to receive and consider your written response regarding alleged falsities and your proposals for fully complying with the Subpoenas and mooting the Petition.

2

Oct. 6. 2005 5:15PM                                                                 No. 6568   P. 1

**Amtrak OIG**

# Fax

| | |
|---|---|
| **To:** Philip Le B. Douglas, Esq. | **From:** D. Sadoff, Associate Counsel to the Inspector General |
| **Fax:** 212.858.1500 | **Date:** October 6, 2005 |
| **Phone:** 212.858.1704 | **Pages:** |
| **RE:** Letter dated October 6, 2005 | |

☐ Urgent   ☐ For Review   ☐ Please Comment   ☐ Please Reply   ☐ Please Recycle

**•Comments:**

   Letter dated October 6, 2005

05 OCT 6 PM 5:21



Pillsbury
Winthrop
Shaw
Pittman

WINSTON & STRAWN LLP

**Confidential Investigative and Settlement Communication
Disclosure Restricted to Head of Designated
Federal Entity Pursuant to 5 U.S.C. App. 3 § 8G(d)**

October 11, 2005

**BY FAX**

David Sadoff, Esq.
Associate Counsel to the Inspector General
Office of the Inspector General
Legal Counsel's Office
10 "G" Street, N.E.
Suite 3E-400
Washington, D.C. 20002

Re:  *Fred E. Weiderhold, Jr. v. Bombardier, Inc., Alstom Transportation, Inc. and Northeast Corridor Maintenance Services Company*

Dear Mr. Sadoff:

We have received your October 6, 2005 letter declining our October 5 request for a copy of the March 18, 2005 documents summarized at page 10 of Mr. Weiderhold's brief. Could the Inspector General provide a principled reason for disclosing Exhibit 11, the March 16 memorandum, but not the March 18 communications?

Very truly yours,

Philip Le B. Douglas
Pillsbury Winthrop Shaw Pittman LLP
1540 Broadway
New York, NY 10036-4039
(212) 858-1704

Timothy M. Broas
Winston & Strawn LLP
1700 K Street, N.W.
Washington, D.C. 20006-3817
(202) 282-5750

EXHIBIT 60

300193644v1