# Appendix 3

## OFFICE OF THE INSPECTOR GENERAL DETAILED LISTING OF ALL ISSUED AUDIT REPORTS

4/1/05 – 9/30/05

| Date Issued | Report Number | Report Title | Questioned Costs | Unsupported Costs | Funds to be Put to Better Use |
|---|---|---|---|---|---|
| 04/16/2005 | 102-2004 | Amtrak Accident Incident Reporting | $0 | $0 | $0 |
| 09/02/2005 | 102-2005 | Engineering Capital Projects Labor Charges | $0 | $0 | $0 |
| 06/22/2005 | 104-2005 | Fire and Life Safety – Workign Capital Advance | $0 | $0 | $0 |
| 08/05/2005 | 105-2005 | Legal Services Corporation Peer Review | $0 | $0 | $0 |
| 05/31/2005 | 206-2005 | Buy America Act Compliance | $0 | $0 | $0 |
| 05/17/2005 | 207-2003 | CSX – NY High Speed Agreement | $176,767 | $0 | $0 |
| 04/28/2005 | 209-2004 | Harsco Rail Change Out Machine | $854,503 | $0 | $0 |
| 07/26/2005 | 213-2005 | P/1 11.2 Compliance Review | $0 | $0 | $0 |
| 08/05/2005 | 215-2005 | eTrax Procurement – Trip Manager | $14,800 | $0 | $0 |
| 04/25/2005 | 216-2005 | Paramatic Solutions | $361 | $0 | $0 |
| 08/16/2005 | 300-2005 | Connecticut Southern Railroad | $55,000 | $0 | $0 |
| 08/25/2005 | 304-2004 | Admin of Amtrak Train Service Contracts | $0 | $0 | $0 |
| 06/20/2005 | 404-2004 | Genesis Coatings Inc | $0 | $0 | $0 |
| 06/29/2005 | 411-2003 | BNSF Railroad (Non-OTP) Rept 4 of 4 | $143,285 | $0 | $0 |
| 04/29/2005 | 501-2005 | San Francisco Ticket Office | $0 | $0 | $0 |
| 09/20/2005 | 504-2005 | Albuqueque Emergency Exchange Vouchers | $0 | $0 | $0 |
| 04/28/2005 | 505-2005 | Gray Line San Francisco | $0 | $0 | $0 |
| 06/22/2005 | 506-2005 | Genesis Coatings Resource | $0 | $0 | $0 |
| **Total** | | | **$1,244,716** | **$0** | **$0** |

# Appendix 4

## OFFICE OF THE INSPECTOR GENERAL
## SUMMARY OF REPORTS TO PRESIDENT OF AMTRAK
## CONCERNING INFORMATION OR ASSISTANCE
## UNREASONABLY REFUSED OR NOT PROVIDED
*4/1/05 – 9/30/05*

**NONE**

# Appendix 5

## OFFICE OF THE INSPECTOR GENERAL
## REVIEW OF LEGISLATION AND REGULATIONS
### 4/1/05 – 9/30/05

Section 4(a) of the Inspector General Act of 1978, as amended, provides that the Inspector General shall …review existing and proposed legislation and regulations relating to programs and operations of such establishment and to make recommendations in the semiannual reports … concerning the impact of such legislation or regulations on the economy and efficiency in the administration of such programs and operations administered or financed by such establishment or the prevention and detection of fraud and abuse in such programs and operations.

The Office of Inspector General has an agreement with Amtrak's Government and Public Affairs Department that allows the OIG to review and comment on the company's annual legislative program and other legislative and regulatory concerns of the company. Existing legislation and regulations are reviewed as necessary, as a part of every audit and investigation.

The OIG has also submitted legislative recommendations to oversight and appropriating committees seeking line item funding and several other legislative changes that will strengthen OIG independence and effectiveness.

# Appendix 6

## GLOSSARY OF AUDIT TERMS AND ABBREVIATIONS

The terms we use in reporting audit statistics are defined below:

| | |
|---|---|
| **Questioned Cost** | A cost or expenditure of funds for an intended purpose that is unnecessary, unreasonable, or an alleged violation of Amtrak's corporate policy or procedure. |
| **Unsupported Cost** | A cost that is not supported by adequate documentation at the time of the audit. |
| **Funds To Be Put To Better Use** | Funds identified in an audit that could be used more effectively by taking greater efficiency measures. |
| **Management Decision** | Management's evaluation of our audit finding and its final decision concerning agreement or non-agreement with our recommendation. |

Certain abbreviations used in the text are defined below:

| | | | | |
|---|---|---|---|---|
| **AAR** | Association of American Railroads | | **ICP** | Internal Control Plan |
| **ACSES** | Advanced Civil Speed Enforcement System | | **IGATI** | Inspector General's Auditor Training Institute |
| **APTA** | American Public Transit Association | | **LSC** | Legal Services Corporation |
| **AT** | Amtrak Technologies | | **MOU** | Memorandum of Understanding |
| **BSNF** | Burlington Southern Northern Santa Fe | | **NEC** | Northeast Corridor |
| **CEO** | Chief Executive Officer | | **NGB** | National Guard Bureau |
| **CFR** | Code of Federal Regulation | | **NJT** | New Jersey Transit |
| **CSXT** | CSX Corporation | | **NYPD** | New York Police Department |
| **CTSO** | Connecticut Southern Railroad | | **OBS** | On Board Services |
| **D&A** | Drug and Alcohol | | **OIG** | Office of Inspector General |
| **DCAA** | Defense Contract Audit Agency | | **RCM** | Reliability Centered Management |
| **DELDOT** | Delaware Department of Transportation | | **RRB** | Railroad Retirement Board |
| **DHS** | Department of Homeland Security | | **TSA** | Transportation Security Administration |
| **DOD** | Department of Defense | | **VPN** | Virtual Private Networks |
| **DTC** | Delaware Transit Corportation | | | |
| **EEV** | Emergency Exchange Voucher | | | |
| **eTrax** | Electronic Transaction Express Software System | | | |
| **FAR** | Federal Acquisition Register | | | |
| **FBI** | Federal Bureau of Investigation | | | |
| **FRA** | Federal Railroad Administration | | | |
| **GAAP** | Generally Accepted Accounting Principles | | | |
| **G&A** | General and Administrative | | | |
| **GAO** | Government Accountability Office | | | |

# Reporting Requirements Index

## INDEX OF REPORTING REQUIREMENTS PURSUANT TO THE INSPECTOR GENERAL ACT AMENDMENTS OF 1988

| Topic | Reporting Requirements | Page |
|---|---|---|
| Section 4(a)(2) | Review of Legislation and Regulations | 24 |
| Section 5(a)(1) | Significant Problems, Abuses, and Deficiencies | 6-9, 11-17 |
| Section 5(a)(2) | Recommendations for Corrective Action to Significant Problems | 6-9, 11-17 |
| Section 5(a)(3) | Previous Reports' Recommendations for Which Corrective Action Has Not Been Completed | 9-10 |
| Section 5(a)(4) | Matters Referred to Prosecutive Authorities | 13 |
| Section 5(a)(5) | Information or Assistance Refused or Not Provided | 23 |
| Section 5(a)(6) | Audit Reports Issued in This Reporting Period | 22 |
| Section 5(a)(7) | Summary of Significant Reports | 6-9, 11-17 |
| Section 5(a)(8) | Audit Reports with Questioned Costs | 20 |
| Section 5(a)(9) | Audit Reports with Recommendations That Funds Be Put to Better Use | 21 |
| Section 5(a)(10) | Previous Audit Reports Issued with No Management Decision Made by End of This Reporting Period | 9-10 |
| Section 5(a)(11) | Significant Revised Management Decisions | 9 |
| Section 5(a)(12) | Significant Management Decisions with Which the IG is in Disagreement | 9 |

# Stop Fraud, Waste, Mismanagement, and Abuse

## Who pays? You pay. Act like it's your money… it is!

### Tell Us About It

Maybe you are aware of fraud, waste, mismanagement, or some other type of abuse at Amtrak.

Amtrak's Office of Inspector General has a toll free hotline number for you to call. You can also write to us.

We will keep your identity confidential. If you prefer, you can remain anonymous. You are protected by law from reprisal by your employer.

### Call the hotline:

| | |
|---|---|
| Nationwide | (800) 468-5469 |
| Philadelphia | (215) 349-3065 |
| | ATS 728-3065 |

### Write to us:

Inspector General
P.O. Box 76654
Washington, DC 20013-6654

National Railroad Passenger Corporation
Office of Inspector General
(800) 468-5469



**National Railroad Passenger Corporation**
Office of the Inspector General
10 G Street, NE, Suite 3W-300, NE, Washington, DC 20002-4285

Amtrak is a registered service mark of the National Railroad Passenger Corporation.

Nov. 10. 2005  4:09PM                                    No. 7272   P. 2

NATIONAL RAILROAD PASSENGER CORPORATION
Inspector General, Investigations, 10 G Street, NE, Suite 3E-400, Washington, DC 20002

*VIA FACSIMILE AND FIRST-CLASS MAIL*     

November 10, 2005

Timothy M. Broas, Esquire
Winston & Strawn LLP
1700 K Street, N.W.
Washington, D.C. 20006-3817

Philip Le B. Douglas, Esquire
Pillsbury Winthrop Shaw Pittman LLP
1540 Broadway
New York, New York 10036-4039

> Re:    Compliance with Inspector General
>        Subpoenas Nos. 05-05, 05-07, 05-09,
>        07-17 and 05-18 and "Petition ... for
>        Summary and Expedited
>        Enforcement of Administrative
>        Subpoenas Duces Tecum," filed in
>        <u>Weiderhold v. Bombardier, Inc.,</u> et
>        <u>al.</u>, No. 1:05 MS 00367 (D.D.C.)

Dear Messrs. Broas and Douglas:

        We are continuing to review your recent document production and your
October 20, 2005 submission.  We believe that statements in your October 20,
2005 "Respondents' Memorandum in Support of Request for Hearing"
("Respondents' Memorandum"), and the submitted affidavits and exhibits, suggest
or provide ways to narrow the dispute over Respondents' compliance with
Subpoenas Nos. 05-05, 05-07, 05-09, 05-17 and 05-18 (individually or
collectively, "the Subpoenas").  Your submission also demonstrates that portions
of the above-referenced Petition require supplementation or revision.

        By this letter we are raising questions, making suggestions, and soliciting
your views and suggestions based on Respondents' production to date,
Respondents' Memorandum and attachments, and prior correspondence.  Those
questions and comments addressed by this letter comprise four broad issues or
categories of inquiry, and we are submitting them to further narrow possible areas
of dispute regarding compliance with the Subpoenas, and in response to Mr.
Douglas' recent invitation in his October 28, 2005 letter to "feel free to contact us



EXHIBIT

74

with any questions you may have." We expect we will be directing additional categories of questions to you.

I.    Completion of Production

The first issue pertains to the date by which your clients' will have complied with the Subpoenas, and the size of the remaining production. At page 25 of Respondents' Memorandum (in both the October 14 and October 20 versions) you state that, prior to December 1, 2005, "Respondents' will have completed their production of all files that, in the ordinary course of Respondents' business, would contain any 'notice' to Respondents of a significant brake problem". Id., at 25.

Based on this statement, and Respondents' prior production and correspondence, OIG requests answers to the following questions:

1)    By what date will Respondents' production that is responsive to any of the above-referenced subpoenas be complete?

2)    By December 1, 2005, will each Respondent have produced all documents that contain or pertain to notice received by any of them, prior to April 15, 2005, of any defect related to Acela disc brake rotors?

3)    If for any Respondent the answer to question 2 is in the negative, by what date will the described production be completed?

4)    By what date will each Respondent execute and provide OIG with the Certificate of Compliance included in each subpoena?

5)    How many pages of responsive documents do Respondents' estimate remain to be produced?

6)    By what date will reach Respondent provide OIG with a log that identifies all documents withheld from production under a claim of privilege, and providing the basis therefor?

Once we receive this information we will communicate OIG's response to you and attempt to resolve any apparent disputes.

II.    Production of Electronic Documents in Native, Searchable Format

The second issue relates pertains to the format in which Respondents' are producing what they deem to be responsive documents. Based on my own review of the production, and the efforts of others reported to me, it appears that Respondents have produced no documents that they created or received, and currently maintain in electronic, searchable format in that native, searchable

2