**Confidential Investigative**
**& Settlement Communication**
**Disclosure Restricted to**
**Head of Designated Federal Entity**
**Pursuant to 5 U.S.C. App. 3 §8G(d)**

**BOMBARDIER EMPLOYEES BY ROLE/FUNCTOIN**
**1/19/05**
(Not including Sylvain Labbé, whose documents have already been produced.)

Project Management

* Suzanne El Zawi (Director of NEC Project)
* Renaud Murray (Vice President NEC Project)

Engineering Management

* Frank Duschinsky (Director of Engineering)

Systems Engineering

* Gaétan Slater (Manager/Systems Engineering)
* René Meuser (former Manager of Systems Engineering)
* Denis Oakes (Project Engineer/Systems Engineering)

Structure Engineering

* Mathieu Perrault (Director of Structure Engineering Group)
* Mario Raymond (Manager/Structure Engineering Group)
* Virgilio Hilario (Project Engineer/Structure)
* Jacques Desjardins (Analyst/Structure Engineering Group)
* Michel Masse (Analyst/Structure Engineering Group)
* André Côté (Analyst/Structure Engineering Group)
* Catherine B. Morency (Analyst/Structure Engineering Group)

Bogie Engineering

* Denis Arvisais (Director of Bogie Engineering Group)
* Nicolas Lessard (Project Manager/Bogie Engineering Group)

* Philippe Moslener (Project Engineer/Bogie Engineering Group)

* Sylvain Boily (Analyst/Bogie Engineering Group)

Reliability, Availability, Maintainability & Safety

* Richard Drolet (RAMS Manager, Systems Engineer)

* Pierre Miclette (RAMS)

* Jean-Pierre Nöel-de-Tilly (RAMS)

* Christian Auger (RAMS/Lifecycle Cost Engineer)

Quality Assurance

* Raymond Dumoulin (Director of Quality Assurance & Engineering Services)

Supply Management [N.B. Supply Management interfaces with Knorr. That is, when the responsible engineers wish to contact Knorr, they forward their documents to Supply Management, to be forwarded to Knorr as part of the formal project correspondence.]

* Anick Tourigny (Buyer)

* Joe DeCrescenzo (former Buyer, currently Project Administrator, Strategic Sourcing)

* Erick Lefebvre (former Buyer, no longer with Bombardier)

* Philippe Catafago (former Buyer, no longer with Bombardier)

BROADCAST STATUS REPORT

TIME : 01/19/2006 10:48
NAME : PILLSBURY WINTHROP
FAX# : 212-858-1713
TEL# :
SER.# : 000004057725

PAGE(S) 03

| DATE | TIME | FAX NO./NAME | DURATION | PAGE(S) | RESULT | COMMENT |
|---|---|---|---|---|---|---|
| 01/19 | 10:45 | 912029064695 | 25 | 03 | OK | ECM |
| 01/19 | 10:46 | 914504413093 | 49 | 03 | OK | ECM |
| 01/19 | 10:47 | 912023715950 | 45 | 03 | OK | ECM |

BUSY: BUSY/NO RESPONSE
NG : POOR LINE CONDITION
CV : COVER SHEET
PC : PC-FAX

NATIONAL RAILROAD PASSENGER CORPORATION
Inspector General, Investigations, 10 G Street, NE, Suite 3E-400, Washington, DC 20002

January 23, 2006

By Electronic and First-Class Mail

Timothy M. Broas, Esquire
Franklin R. Parker, Esquire
Winston & Strawn LLP
1700 K Street, N.W.
Washington, D.C. 20006-3817

Philip Le B. Douglas, Esquire
Laura L. Smith, Esquire
Pillsbury Winthrop Shaw Pittman LLP
1540 Broadway
New York, New York 10036-4039

Marc-Andre Raymond, Esquire
Bombardier Inc.
Contracts Department, North America
1101 Parent Street
Saint-Bruno, Quebec, Canada J3V 6E6

Re: Terms for the search for electronic documents responsive to Amtrak IG Subpoenas 05-05, 05-07, 05-09, 05-17, 05-18 and/or 05-20

Dear Sirs and Madam:

I am writing to memorialize the result of our discussions and efforts to formulate and test search terms to be used in searching for electronic documents responsive to the above-referenced subpoenas. The resulting search term, here-designated "Electronic Search 1", we understand, can be expressed as:

A and (B or C or D), where

- A= (condition OR risk OR defect* OR deficien* OR malfunction* OR failure* OR crack* OR fracture* OR tear* OR rip* OR resonan* OR fatigue OR strain OR vibration OR frequenc*);

EXHIBIT
86
ALL-STATE LEGAL®

- B= (disc OR discs OR disk OR disks OR spokes OR spoke);
- C= (39566/2000 or 39566/2030 or *42120088S* or *42120089S* or WS700S*);
- D= (040305 or 090033 or 209902 or 279912 or 309913 or 309914 or 310008 or 339922 or 339939 or 339940 or 339958 or 3399914 or 499905 or 509902 or 509904 or 587410 or 587640 or 638411 or 693332).

Please let me know if this does not reflect our understandings.

Finally, I would like to repeat a point that I advanced in several of our discussions: the agreed search terms reflect our joint effort to facilitate and focus the search for and production of responsive electronic documents. The agreed search terms do not, however, reduce or restrict the obligation by the subpoena recipients to search for and produce those electronic documents that are responsive to the subpoena and pertinent to the investigation -- whether or not such electronic documents are identified by the agreed search terms.

Sincerely,

David Sadoff
Associate Counsel to the Inspector General
National Passenger Railroad Corporation

**From:** Parker, Franklin [FParker@winston.com]
**ent:** Wednesday, January 25, 2006 3:14 PM
**ʻo:** sadoffd@amtrak.com
**Cc:** Smith, Laura L.
**Subject:** RE: Alstom Org. Chart

**Attachments:** Amtrak & CTA org chart.pdf

Amtrak & CTA org chart.pdf (18...

David,
Attached, please find the Alstom Org Chart. Please note that only the employees down the left branch of the chart (including Greg Topf and Chuck Wochele) are involved with the Acela project.

<<Amtrak & CTA org chart.pdf>>

Best regards,

ꟷranklin R. Parker
Winston & Strawn LLP
1700 K Street N.W.
Washington, D.C. 20006-3817
Phone: (202) 282-5822
Fax: (202) 282-5100

>

The contents of this message may be privileged and confidential. Therefore, if this message has been received in error, please delete it without reading it. Your receipt of this message is not intended to waive any applicable privilege. Please do not disseminate this message without the permission of the author.
*******************************************************************************
Any tax advice contained in this email was not intended to be used, and cannot be used, by you (or any other taxpayer) to avoid penalties under the Internal Revenue Code of 1986, as amended.

ALL-STATE LEGAL®
EXHIBIT
87

ALSTOM
Transport

Chuck Wochele
Customer Director

| Description: ALSTOM TRANSPORT: Customer Director: Amtrak & CTA (Nr. 110) | | |
|---|---|---|
| Revision: 2 | Date: Nov 11, 2005 | Approved: C. Wochele / R. van Ark |
| ALSTOM | ALSTOM Transportation Inc.<br>1 Transit Drive, Hornell NY 14843 | |

**From:** Smith, Laura L.
**Sent:** Monday, February 06, 2006 1:04 PM
**To:** 'David Sadoff (sadoffd@amtrak.com)'
**Cc:** 'Parker, Franklin'; 'marc-andre.raymond@ca.transport.bombardier.com'
**Subject:** Brake Disc Investigation

**Attachments:** Sadoff08 (New Series-1).pdf

Sadoff08 (New Series-1).pdf (2...

Laura L. Smith
Pillsbury Winthrop Shaw Pittman LLP
1540 Broadway, 21st floor
New York, NY 10036
Tel: (212) 858-1000
Fax: (917) 464-6564

**Confidential Investigative**
**& Settlement Communication**
**Disclosure Restricted to**
**Head of Designated Federal Entity**
**Pursuant to 5 U.S.C. App. 3 §8G(d)**

**REVISED DRAFT**
**INDEX OF TEST SEARCH RESULTS**
**2/6/06**

"Electronic Search 1" (aka Sadoff 8)

A and (B or C or D), where

- A= (condition OR risk OR defect* OR deficien* OR malfunction* OR failure* OR crack* OR fracture* OR tear* OR rip* OR resonan* OR fatigue OR strain OR vibration OR frequenc*);
- B= (disc OR discs OR disk OR disks OR spokes OR spoke);
- C= (39566/2000 or 39566/2030 or *42120088S* or *42120089S* or WS700S*);
- D= (040305 or 090033 or 209902 or 279912 or 309913 or 309914 or 310008 or 339922 or 339939 or 339940 or 339958 or 3399914 or 499905 or 509902 or 509904 or 587410 or 587640 or 638411 or 693332).

**Results from search of Bombardier data:**

Denis Oakes files: 1,733 "raw" hits
1,178 hits (after exclusion of privileged and non-responsive documents)

Other Bombardier files:

| | "Raw" Hits | With Project Restr. (041 or NEC* or Acela or Amtrak) | With Broader Project Restriction |
|---|---|---|---|
| Non-Emails | 6,022 | 4,049 | TBD |
| Emails | 2,146 | N/A | TBD |

**Results from search of NeCMSC data:**

(Prior to any review for privilege or relevance.)

| | | |
|---|---|---|
| Non-Emails | 1,671 | (from user drives) |
| NSF Emails | TBD | (from user drives) |
| PST Emails | TBD | (from email server; will need to retain third-party vendor) |



Pillsbury
Winthrop
Shaw
Pittman LLP

1540 Broadway
New York, NY 10036-4039
Tel 212.858.1000 | Fax 212.858.1500
www.pillsburylaw.com

**FACSIMILE**

Total Pages (including cover): 6

CENTURY CITY
HOUSTON
LONDON
LOS ANGELES
NEW YORK
NORTHERN VIRGINIA
ORANGE COUNTY
SACRAMENTO
SAN DIEGO
SAN DIEGO-NORTH COUNTY
SAN FRANCISCO
SILICON VALLEY
SYDNEY
TAIPEI
TOKYO
WASHINGTON DC

| | | | |
|---|---|---|---|
| Date: | February 9, 2006 | Must Be Sent By: | |
| To: | David Sadoff | Fax No: | 202-906-4695 |
| Company: | | Phone No: | |
| To: | Marc-Andre Raymond | Fax No: | 450-441-3093 |
| Company: | Bombardier Transportation | Phone No: | |
| To: | Frank Parker | Fax No: | 202-371-5950 |
| Company: | Winston & Strawn | Phone No: | |
| From: | Laura L. Smith | Phone No: | 212.858.1262 |
| User No: | 26615 | C/M No: | |

Comments:

David,

Here is a proposed stipulation regarding the NeCMSC email drives and backup tapes for your review prior to today's conference call.

Laura Smith

Confidentiality Note:
The documents accompanying this facsimile transmission may contain confidential information which is legally privileged. The information is intended only for the use of the individual or entity named above. If you are not the intended recipient, or the person responsible for delivering it to the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of any of the information contained in this transmission is strictly PROHIBITED. If you have received this transmission in error, please immediately notify us by telephone and mail the original transmission to us. Thank you.

EXHIBIT 89
ALL-STATE LEGAL

If you have not properly received this fax, please call (212) 858-1000. Thank you.

Operator: ______________ Time Sent: ________ Batch ID: __________

500067870v2

**PWSP DRAFT 2/8/06**
**WITHOUT PREJUDICE**

**Confidential Settlement**
**and Investigative Communication**
**Disclosure Restricted to**
**Head of Designated Federal Entity**
**Pursuant to 5 U.S.C. App. 3 § 8G(d)**

AGREEMENT REGARDING
TRANSFER AND ANALYSIS OF BACKUP TAPES
AND EMAIL DRIVES

WHEREAS, cracks were found on the spokes of certain axle-mounted brake discs on the trailer cars of the Acela trainsets on April 14, 2005; and

WHEREAS, in the course of its related investigation, the Amtrak Office of Inspector General ("OIG") served Subpoena Nos. 05-05, 05-07, 05-09, 05-17, 05-18, and 05-20 on Alstom Transportation, Inc. ("Alstom"), Bombardier Inc. ("Bombardier"), and Northeast Corridor Maintenance Services Corporation ("NeCMSC") (collectively, the "Respondents") in May and June 2005; and

WHEREAS, NeCMSC's live Microsoft Exchange email data was damaged or destroyed on May 30, 2005 due to a server failure; and

WHEREAS, NeCMSC's counsel retained Kroll Ontrack, Inc. ("Kroll") and eMag Solutions ("eMag") in an attempt to recover NeCMSC's Microsoft Exchange email data from the backup tapes and/or email drives; and

WHEREAS, Kroll and eMag concluded that they could not recover Microsoft Exchange email data from the backup tapes and/or email drives that they were given; and

WHEREAS, the OIG wishes to obtain an independent assessment of the recoverability of Microsoft Exchange email data from NeCMSC's backup tapes and email drives; and

WHEREAS, counsel for Respondents wish to ensure that (i) the integrity of the backup tapes and email drives is preserved and (ii) any attorney-client privilege, work product, trial preparation, or trade secret protections are preserved and not waived; and

WHEREAS, the OIG and counsel for Respondents have agreed that it is appropriate to set forth their understanding as to how this can be achieved;

IT IS HEREBY STIPULATED AND AGREED by and among counsel for Respondents and the OIG that:

1. This agreement concerns (i) all six email drives that were in the NeCMSC email server at various times on May 30, 2005 (the "Email Drives"); (ii) all eight NeCMSC backup tapes that were previously reviewed and analyzed by eMag (the "Reformatted Tapes"); and (iii) the remaining eight NeCMSC backup tapes that were in the NeCMSC tape backup drive at various times on May 30, 2005, but which were not previously reviewed or analyzed by eMag (the "Overwritten Tapes"). (These Email Drives, Reformatted Tapes, and Overwritten Tapes shall be referred to as "NeCMSC Media".)

2. Once this agreement is fully executed, the OIG and/or its independent, third-party expert (the "OIG-Selected Expert") shall take temporary custody of the NeCMSC Media and shall take appropriate steps to record the chain of custody and to prevent any changes to or the loss of any information on the NeCMSC Media.

3. The goal of the OIG-Selected Expert's testing or analysis of the NeCMSC Media shall be solely to determine whether any Microsoft Exchange email data is recoverable, in whole or in part.

4. With respect to the Overwritten Tapes, the OIG-Selected Expert shall not conduct any testing or analysis of the Overwritten Tapes except in the presence of eMag or another third-party expert selected by NeCMSC.

5. Any and all tests or analyses conducted on the NeCMSC Media shall be non-destructive of the original. It is contemplated that such tests or analyses will be made on a "virtual copy" of the original if feasible.

6. If the OIG-Selected Expert determines that any Microsoft Exchange email data is recoverable, in whole or in part, on the NeCMSC Media, Respondents' counsel shall be promptly notified and the data may not be reviewed by the OIG-Selected Expert, or disclosed to OIG or any other person. The NeCMSC Media and all copies thereof and any information derived therefrom shall be returned to Respondents' counsel for the data to be recovered and reviewed.

7. The OIG-Selected Expert shall not undertake any actual recovery of such recoverable data, but shall only make a determination of whether or not such data is recoverable. It is contemplated, however, that the OIG-Selected Expert may be invited to assist Respondents' counsel in recovering such data by providing relevant information or suggesting particular tools.

8. The OIG shall not review any data that may be contained on or recoverable from the NeCMSC Media, but shall only review data that has been formally produced by Respondents.

9. By entering into this agreement, neither the OIG nor the Respondents waive any position or argument they may have relating to the OIG's investigation or subpoenas, or the Respondents' compliance or cooperation therewith.

10. NeCMSC's voluntary delivery to OIG of the NeCMSC Media for the limited purposes authorized herein shall not be deemed a waiver of any applicable privilege or objection to the production of the NeCMSC Media and any information contained therein.

11. In entering into this agreement, the Respondents do not waive their right to object to any other requests made by the OIG or to the admissibility of any results of the OIG-Selected Expert's analysis.

Dated: Washington, D.C.
February ___, 2006

OFFICE OF INSPECTOR GENERAL,
NATIONAL RAILROAD PASSENGER CORP.

_________________________

By: David Sadoff, Esq.
Associate Legal Counsel
10 G Street N.E., Suite 3E-400
Washington, D.C. 20002

Dated: Washington, D.C.
February ___, 2006

[NAME OF EXPERT]

_________________________

By: [Name]
[Address]
*OIG-Selected Expert*

Dated: Washington, D.C.
February ___, 2006

WINSTON & STRAWN LLP

_________________________

By: Franklin Parker, Esq.
1700 K Street, N.W.
Washington, D.C. 20006-3817
*Counsel for Alstom and Alstom's interest in NeCMSC*

Dated: New York, New York
February ___, 2006

PILLSBURY WINTHROP SHAW PITTMAN LLP

______________________

By: Laura L. Smith, Esq.
1540 Broadway
New York, NY 10036-4039
*Counsel for Bombardier and Bombardier's interest in NeCMSC*