# WINSTON & STRAWN LLP | Electronic Letterhead

1700 K STREET, N.W., WASHINGTON DC 20006-3817
TELEPHONE: 202-282-5000   FACSIMILE: 202-282-5100

| 35 W. WACKER DRIVE | 200 PARK AVENUE | 333 SOUTH GRAND AVENUE | 101 CALIFORNIA STREET | 43 RUE DU RHÔNE | 21 AVENUE VICTOR HUGO | BUCKLERSBURY HOUSE |
| CHICAGO IL 60601-9703 | NEW YORK, NY 10166-4193 | LOS ANGELES, CA 90071-1543 | SAN FRANCISCO CA 94111-5894 | 1204 GENEVA, SWITZERLAND | 75116 PARIS, FRANCE | 3 QUEEN VICTORIA STREET |
| 312-558-5600 | 212-294-6700 | 213-615-1700 | 415-591-1000 | 41-22-317-75-75 | 33-1-53-64-82-82 | LONDON, ENGLAND EC4N 8NH |
| | | | | | | 44-020-7420-0000 |

WRITER'S DIRECT DIAL
202-282-5750
tbroas@winston.com

**Confidential Settlement and Investigative Communication**
**Disclosure Restricted to Head of Designated**
**Federal Entity Pursuant to 5 U.S.C. App. 3 § 8G(d)**

February 23, 2006

### VIA HAND DELIVERY

David Sadoff, Esquire
Associate Counsel to the Inspector General
Office of the Inspector General
Legal Counsel's Office
10 "G" Street, N.E.
Suite 3E-400
Washington, D.C. 20002

**Re:     OIG Subpoena Nos. 05-07 and 05-18**

Dear Mr. Sadoff:

Enclosed are the, previously discussed, responsive paper documents (Production

Nos. ALSNEC_P-00000001 - ALSNEC_P00000583) left by Leopoldo Maestu with his

successor at NeCMSC. For your convenience, we are providing these documents in both

TIFF and paper formats.



EXHIBIT
96

February 23, 2006
Page 2

Please do not hesitate to contact me with any questions you may have.

Very truly yours,

Timothy M. Broas

cc:    Dana Wordes, Esquire

2



**Pillsbury
Winthrop
Shaw
Pittman** ᴸᴸᴾ

1540 Broadway
New York, NY 10036-4039

Tel 212.858.1000
Fax 212.858.1500
www.pillsburylaw.com

**Confidential Investigative
& Settlement Communication
Disclosure Restricted to
Head of Designated Federal Entity
Pursuant to 5 U.S.C. App. 3 §8G(d)**

March 1, 2006

Philip Le B. Douglas
Phone: 212.858.1704
philip.douglas@pillsburylaw.com

**By Facsimile**

David Sadoff, Esq.
Associate Legal Counsel to the Inspector General
Office of the Inspector General
Legal Counsel's Office
10 "G" Street, N.E.
Suite 3E-400
Washington, D.C. 20002

> Re:    Amtrak Office of Inspector General ("OIG") Subpoenas 05-05, 05-07, 05-09, 05-17, 05-18, and 05-20 on Alstom Transportation, Inc. ("Alstom"), Bombardier Inc. ("Bombardier"), and Northeast Corridor Maintenance Services Company ("NeCMSC")

Dear Mr. Sadoff:

It was a pleasure to speak with you on February 27, 2006. I am writing as counsel for Bombardier to share my recollection of key points of the discussion for the reference of all participants, and in the hope that we will continue to have productive settlement discussions.

Dana Wordes, on behalf of Alstom, recognized there was still disagreement about the form of the production, but stated that Alstom would proceed with a production in response to the agreed-upon electronic search terms in TIFF and searchable format, rather than the "native searchable" format you have asked for.

On behalf of Bombardier, I stated that although Bombardier is willing to consider producing documents in response to the agreed-upon electronic search terms in the "native searchable" format you have requested, it will delay doing so until the

**EXHIBIT**

**97**

ALL-STATE LEGAL®

500073931v1

David Sadoff, Esq.
March 1, 2006
Page 2

disagreement between OIG and Alstom has been resolved. In the mean time, Bombardier will produce searchable PDFs.

You indicated, in essence, that your office would accept these productions without prejudice to an anticipated motion to compel production of electronic files in native format.

I urged OIG to delay any court action until you had an opportunity to review and work with the electronically searchable records that will shortly be produced. I also pointed out that the decision-makers at Alstom and Bombardier (the joint owners of NeCMSC) have been fully occupied in the ongoing mediation with Amtrak, and are unlikely before early next week to be able to provide a definitive response to OIG's demand for a production in native format.

In response, you stated that you would recommend to your superiors that the anticipated motion to compel be postponed. You agreed to inform my associate, Laura Smith, whether there will be a postponement of the anticipated motion to compel. I noted that, as previously alluded to, my firm would accept service on behalf of Bombardier.

Please do not hesitate to contact me if I have overlooked an important aspect of the conversation, or if you have any further questions.

Very truly yours,

Philip Le B. Douglas

cc:    Dana Wordes, Esq.
       Franklin Parker, Esq.
       Laura Smith, Esq.



**Pillsbury
Winthrop
Shaw
Pittman** LLP

1540 Broadway
New York, NY 10036-4039

Tel 212.858.1000
Fax 212.858.1500
www.pillsburylaw.com

**Confidential Investigative
& Settlement Communication
Disclosure Restricted to
Head of Designated Federal Entity
Pursuant to 5 U.S.C. App. 3 §8G(d)**

March 2, 2006

Philip Le B. Douglas
Phone: 212.858.1704
philip.douglas@pillsburylaw.com

VIA FEDERAL EXPRESS

David Sadoff, Esq.
Associate Counsel to the Inspector General
Office of the Inspector General
Legal Counsel's Office
10 "G" Street, N.E.
Suite 3E-400
Washington, D.C. 20002

> Re:    Amtrak Office of Inspector General Subpoenas
>         05-05 and 05-17 on Bombardier Inc. ("Bombardier")

Dear Mr. Sadoff:

As previously discussed, Bombardier has run the agreed-upon electronic search terms ("Electronic Search 1") across the non-email electronic files (the "Loose Files") of the individual Bombardier employees previously identified to you.

As we informed you on February 9, 2006, Electronic Search 1 identified 6,022 files among the Loose Files. Members of Bombardier's in-house legal staff reviewed these files and eliminated 5,535 files whose file names or file type indicated that they did not concern brake problems on the Acela trainsets. (That list was also provided to you on February 9, 2006.) Bombardier then reviewed the remaining 487 files and eliminated from this group certain files that they could easily determine were obviously unrelated to the Acela trainset brake system. As a result of this exercise, 66 files are being produced by means of the enclosed Disk #BBD_040.

There are three folders on the disk:

1. Formal Production Folder: This contains the formal production by Bombardier, in the form of 66 full-text searchable PDFs (production numbers BBD0334670 to



EXHIBIT
98



Pillsbury
Winthrop
Shaw
Pittman..

March 2, 2006
Page 2

> BBD0342176). The name of each PDF file reflects the production number on the
> first page of the document.

2. <u>Metadata Folder</u>: This contains a searchable, read-only Excel file, labeled "Index
of Production and Metadata – Disk BBD-040". This index is a document we are
providing as a courtesy and is not part of the formal production.

3. <u>Native Format Excel Files Folder</u>: Because large Excel files are not always
readily usable in PDF format, this folder contains a searchable, read-only, "native
format" version of all 54 Excel files included in the Formal Production Folder.
These files are labeled with the production number of the first page of each
corresponding document in the formal production, and an "MD5hash signature"
has been captured for each file. These Excel files are being provided as a
courtesy and are not part of the formal production.

The fact that Bombardier has agreed to conduct Electronic Search 1 and produce certain
resulting documents is without waiver of any objections, including, but not limited to,
those regarding Electronic Search 1 and the resulting production. Nor may that
Electronic Search 1 or the resulting production be used in support of any request for
additional production by electronic search or any other method.

Please do not hesitate to contact me with any questions.

Sincerely,

Philip Le B. Douglas

Enclosure

cc:    Marc-Andre Raymond (w/o enclosure)

NATIONAL RAILROAD PASSENGER CORPORATION

10 G Street, NE, Washington, DC 20302

### VIA FACSIMILE AND FIRST-CLASS MAIL



March 9, 2005

Timothy M. Broas, Esquire
Winston & Strawn LLP
1700 K Street, N.W.
Washington, D.C. 20006-3817

Philip Le B. Douglas, Esquire
Pillsbury Winthrop Shaw Pittman LLP
1540 Broadway
New York, New York 10036-4039

> Re:  Compliance by Bombardier, Alstom
> and/or NeCMSC with Inspector
> General Subpoenas Nos. 05-05, 05-
> 07, 05-09, 07-17, 05-18 and 05-20

Dear Messrs. Broas and Douglas:

This letter concerns Bombardier's production on March 3, 2006 of "Disk # BBD_040", Alstom's announced production on March 10, conference calls on February 21, 23, 24 and 27, 2006, Mr. Douglas' letter of March 1, 2006, and my telephone conversation with Mr. Douglas on, I believe March 3, 2006.

Since early December, OIG representatives have held frequent telephone conferences with representatives of Bombardier, Alstom and NeCMSC ("Respondents") to discuss, test and, hopefully, agree to the scope and protocols related to document production compliant with the above-referenced Subpoenas served in May and June 2005. Respondents' previous failure to produce electronic documents in their native, searchable format was a principal reason that the Inspector General filed, in September 2005, the "Petition ... for Summary and Expedited Enforcement of Administrative Subpoenas Duces Tecum" in Weiderhold v. Bombardier, Inc., et al, No. 1:05 MS 00367 (D.D.C.). The telephone conferences beginning in December were the result of statements by Respondents and OIG of their interest in negotiating agreed scope and methods of compliance with the Subpoenas in order to avoid time-consuming, costly and distracting litigation. My notes from the telephone conferences indicate you participated in the initial conferences but not in conferences held from December 14, 2005 to February 24, 2006. Your associate, Ms. Smith participated in those conferences.

Thus, I was surprised when, on February 21, 2006, Ms. Smith stated for the first time during the telephone conferences that upcoming Bombardier production would be in PDF and TIF formats. I stated at the time, and in subsequent conferences, that OIG required the responsive electronic documents in



EXHIBIT

99

ALL-STATE LEGAL®

their "native format". I further stated that, to the extent the electronic format of the documents produced did not present all data available from the original documents native on Respondent's respective systems, including meta data[1], I would recommend that OIG not assent to but challenge the substitution and Respondent's compliance with the Subpoenas. Respondents' representatives stated they would commence production as described and I replied that OIG would attempt to evaluate the production format and would assent to a substitution that was as complete as a "mirror" copy of the original electronic document.

During the February 27 telephone conference and during my telephone conversation with Mr. Douglas, I urged Respondents to re-consider production of electronic documents in any format that provides less content in produced documents than available in the original documents in their native format. I related that computer-knowledgeable persons have expressed considerable skepticism about any substituted format producing full, equivalent data and utility. When OIG was advised that such re-consideration would require the participation of senior, currently unavailable decision-makers at Bombardier, Alstom and NeCMSC, I offered to recommend that OIG defer any action until March 8 -- the time you estimated was necessary for a decision -- to allow Respondents' decision-makers to fully participate in such decision. On March 3, I related to Mr. Douglas that OIG had agreed to defer taking any action so that Respondents' could consider until March 13 the format(s) to be used for electronic documents produced.

In order to evaluate the sufficiency and completeness of electronic documents not produced in their native format, we request that for each document produced other than its "native format", each Respondent provide a written statement or report that identifies and describes in detail: 1) the electronic document, its "native" format and location resident on the Respondent's system, and a listing of associated meta data; 2) how the electronic document was copied and the produced version prepared including any sources or linked documents to the original electronic document, and the method(s) including software, that were used; 3) the name, title and affiliation of each individual who copied each original electronic document and/or who prepared the version of the electronic document produced; and, 4) the actions taken by each Respondent, including a description of any software or media used, to preserve any original electronic document.

I propose a telephone conference on March 13 at 4:30 to discuss Respondents' decision(s). Please let me know if that time and date is unsatisfactory; otherwise, I will initiate the conference call as before.

---

[1] Although I do not claim even the level of knowledge of computers held by the "average man", I am advised that meta data include information contained within an electronic file that hold information about that file, such as date of creation, author, source, history, and how the data was formatted.

2

Sincerely,

David Sadoff
Associate Counsel to the Inspector General
National Passenger Railroad Corporation

Mar. 9. 2006 3:49PM                                No. 0017   P. 1

06 MAR 9 PM 3:52

**Amtrak OIG**

# Fax

| | | | |
|---|---|---|---|
| **To:** | Philip Le B. Douglas, Esquire | **From:** | David Sadoff, Esquire |
| | Timothy M. Broas, Esquire | | |
| **Fax:** | (212) 858-I500 | **Date:** | March 9, 2006 |
| | (202) 282-5100 | | |
| **Phone:** | (212) 858-1704 | **Pages:** | 4 |
| | (202) 282-5750 | | |
| **Re:** | Re: Production under subpoenas | **CC:** | |

☐ **Urgent**    ☐ **For Review**    ☐ **Please Comment**    ☐ **Please Reply**    ☐ **Please Recycle**

•**Comments:**



**Pillsbury**
**Winthrop**
**Shaw**
**Pittman**LLP

1540 Broadway
New York, NY 10036-4039

Tel 212.858.1000
Fax 212.858.1500
www.pillsburylaw.com

**Confidential Investigative**
**& Settlement Communication**
**Disclosure Restricted to**
**Head of Designated Federal Entity**
**Pursuant to 5 U.S.C. App. 3 §8G(d)**

March 9, 2006

Laura L. Smith
Phone: 212.858.1262
laura.smith@pillsburylaw.com

VIA FEDERAL EXPRESS

David Sadoff, Esq.
Associate Counsel to the Inspector General
Office of the Inspector General
Legal Counsel's Office
10 "G" Street, N.E.
Suite 3E-400
Washington, D.C. 20002

Re:    Amtrak Office of Inspector General Subpoenas
       05-05 and 05-17 on Bombardier Inc. ("Bombardier")

Dear Mr. Sadoff:

As discussed, we have discovered that the Disk #BBD_040, which was sent to you under
cover of our letter dated March 2, 2006, was corrupted. Enclosed please find a new copy,
labeled "New Disk #BBD_040 REISSUED 3/9/06", to replace the original disk.

Please do not hesitate to contact me with any questions.

Sincerely,

Laura L. Smith

Enclosure

cc:    Marc-Andre Raymond (w/o enclosure)



**Confidential Investigative
& Settlement Communication
Disclosure Restricted to
Head of Designated Federal Entity
Pursuant to 5 U.S.C. App. 3 §8G(d)**

**REVISED DRAFT
INDEX OF TEST SEARCH RESULTS
2/6/06**

"Electronic Search 1" (aka Sadoff 8)

A and (B or C or D), <u>where</u>

- A= (condition OR risk OR defect* OR deficien* OR malfunction* OR failure* OR crack* OR fracture* OR tear* OR rip* OR resonan* OR fatigue OR strain OR vibration OR frequenc*);

- B= (disc OR discs OR disk OR disks OR spokes OR spoke);

- C= (39566/2000 or 39566/2030 or *42120088S* or *42120089S* or WS700S*);

- D= (040305 or 090033 or 209902 or 279912 or 309913 or 309914 or 310008 or 339922 or 339939 or 339940 or 339958 or 3399914 or 499905 or 509902 or 509904 or 587410 or 587640 or 638411 or 693332).

## <u>Results from search of Bombardier data:</u>

Denis Oakes files:   1,733 "raw" hits
                     1,178 hits (after exclusion of privileged and non-responsive documents)

Other Bombardier files:

|  | "Raw" Hits | With Project Restr. (041 or NEC* or Acela or Amtrak) | With Broader Project Restriction |
|---|---|---|---|
| Non-Emails | 6,022 | 4,049 | TBD |
| Emails | 2,146 | N/A | TBD |

## <u>Results from search of NeCMSC data:</u>

(Prior to any review for privilege or relevance.)

| Non-Emails | 1,671 | (from user drives) |
|---|---|---|
| NSF Emails | TBD | (from user drives) |
| PST Emails | TBD | (from email server; will need to retain third-party vendor) |

*Recd.*

# WINSTON & STRAWN LLP

| | | |
|---|---|---|
| **35 WEST WACKER DRIVE**<br>CHICAGO, ILLINOIS 60601-9703 | **1700 K STREET, N.W.**<br>WASHINGTON, D.C. 20006-3817 | **333 SOUTH GRAND AVENUE**<br>LOS ANGELES, CALIFORNIA 90071-1543 |
| **43 RUE DU RHONE**<br>1204 GENEVA, SWITZERLAND | (202) 282-5000 | **200 PARK AVENUE**<br>NEW YORK, NEW YORK 10166-4193 |
| **BUCKLERSBURY HOUSE**<br>3 QUEEN VICTORIA STREET<br>LONDON, EC4N 8NH | FACSIMILE (202) 282-5100 | **21 AVENUE VICTOR HUGO**<br>75116 PARIS, FRANCE |
| | www.winston.com | **101 CALIFORNIA STREET**<br>SAN FRANCISCO, CALIFORNIA 94111-5894 |

**TIMOTHY M. BROAS**
(202) 282-5750
tbroas@winston.com

March 10, 2006

**Confidential Settlement and Investigative Communication
Disclosure Restricted to Head of Designated
Federal Entity Pursuant to 5 U.S.C. App. 3 § 8G(d)**

## VIA HAND DELIVERY

David Sadoff, Esquire
Associate Counsel to the Inspector General
Office of the Inspector General
Legal Counsel's Office
10 "G" Street, N.E.
Suite 3E-400
Washington, D.C. 20002

Re: **OIG Subpoena Nos. 05-05 and 05-20**

Dear Mr. Sadoff:

Enclosed are the responsive electronic documents (Production Nos. ALSNEC_E-00000001 - ALSNEC_E-00030325) from the hard drives of Alstom NeCMSC employees Greg Topf, Norbert Behety, and Sylvian Pages, as well as those of former Alstom NeCMSC employee Ed Kochis, and those from the U-drive of Alstom employee and former NecMSC Engineering Manager Leopoldo Maestu.

A small number of documents from the above group of employees is still being reviewed. Any non-privileged documents that are determined to be responsive will be provided to you shortly in the same format as this production.

We are providing these documents in single page TIFF format as well as text-searchable PDF images. We are also providing image load files for IPRO, Opticon and Summation. These load files are the most commonly used formats nationally, for

DC:458209.1

**EXHIBIT**

**101**

**WINSTON & STRAWN** LLP

Mr. David Sadoff
March 10, 2006
Page 2

litigation support. If you require another format, please let us know. In addition, the metadata and full-text is provided in a delimited text file for loading to your database of choice. If you require technical assistance in loading these files, please let us know and we will be willing to assist.

Please do not hesitate to contact me with any questions you may have.

Very truly yours,

Timothy M. Broas

cc:    Dana Wordes, Esquire

**From:** Smith, Laura L.
`ent:` Wednesday, March 22, 2006 2:38 PM
**.o:** David Sadoff (sadoffd@amtrak.com)
**Cc:** Douglas, Philip L.; Fishman, Eric ; 'Jlendino@krollontrack.com'
**Subject:** Conversations with Kroll

**Importance:** High

David,

I was very uncomfortable with letting you speak with our litigation consultant directly outside our presence, particularly when you have not articulated any rational reason for your request.

I have consulted with the partner on the case, and must insist that we participate in any future conversations between OIG and Kroll.
You may ask any questions you like, and we will not interfere unless we have good cause to object.

Laura L. Smith
Pillsbury Winthrop Shaw Pittman LLP
1540 Broadway, 21st floor
New York, NY 10036
Tel: (212) 858-1000
Fax: (917) 464-6564



EXHIBIT

_102_

1

NATIONAL RAILROAD PASSENGER CORPORATION
Inspector General, Investigations, 10 G Street, NE, Suite 3E 400, Washington, DC 20002



### VIA FACSIMILE AND FIRST-CLASS MAIL

March 24, 2006

Timothy M. Broas, Esquire
Winston & Strawn LLP
1700 K Street, N.W.
Washington, D.C. 20006-3817

Philip Le B. Douglas, Esquire
Pillsbury Winthrop Shaw Pittman LLP
1540 Broadway
New York, New York 10036-4039

> Re:   Compliance by Bombardier, Alstom
> and/or NeCMSC with Inspector
> General Subpoenas Nos. 05-05, 05-
> 07, 05-09, 07-17, 05-18 and 05-20

Dear Messrs. Broas and Douglas:

I have been asked to advise you that, by the close of business, April 7, 2006, the Inspector General requires full and compliant production by your clients under the terms of the above-referenced Subpoenas, as modified by agreement.

Moreover, by the close of business April 14, 2006, your clients are to have filed with this office executed "Certificate(s) of Compliance" included with the Subpoenas, and a document asserting the factual and legal bases for any documents your clients may have withheld from production under a claim of privilege,

If you have any questions, please telephone me.

Sincerely,

David Sadoff
Associate Counsel to the Inspector General
National Passenger Railroad Corporation

EXHIBIT
103
ALL-STATE LEGAL®



**Pillsbury
Winthrop
Shaw
Pittman** LLP

1540 Broadway
New York, NY 10036-4039

Tel 212.858.1000
Fax 212.858.1500
www.pillsburylaw.com

**Confidential Investigative
& Settlement Communication
Disclosure Restricted to
Head of Designated Federal Entity
Pursuant to 5 U.S.C. App. 3 §8G(d)**

March 30, 2006

<u>VIA FEDERAL EXPRESS</u>

David Sadoff, Esq.
Associate Counsel to the Inspector General
Office of the Inspector General
Legal Counsel's Office
10 "G" Street, N.E.
Suite 3E-400
Washington, D.C. 20002

Philip Le B. Douglas
Phone: 212.858.1704
philip.douglas@pillsburylaw.com

      Re:   Amtrak Office of Inspector General Subpoenas
            05-09 and 05-20 on Northeast Corridor
            <u>Maintenance Services Company ("NeCMSC")</u>

Dear Mr. Sadoff:

      The undersigned represents the interests of Bombardier Inc. ("Bombardier") in the Northeast Corridor Maintenance Services Company ("NeCMSC").

      Under cover of a March 30, 2006 letter from Mr. Broas and me, NeCMSC produced records marked NEC0917602 through NEC0944884, as part of the parties' ongoing settlement efforts. Disk NEC0039 of that production included 348 Excel files in PDF format.

      Under cover of this letter, Bombardier, but not Alstom, is also submitting, as a settlement communication, "Supplemental Disk #NEC0039 Native Format Excel Files 3/30/06" (the "Native Format Disk"). Because large Excel files are not always readily usable in PDF format, this folder contains a searchable, read-only, "native format" version of all 348 Excel files that were included in the Formal Production Folder of Disk #NEC0039. These files are labeled with the production number of the first page of each



EXHIBIT
104

David Sadoff, Esq.
March 30, 2006
Page 2

corresponding document in the formal production, and an "MD5hash signature" has been captured for each file.

Because Alstom does not wish to associate itself with production of the Native Format Disk, this NeCMSC disk is being produced by Bombardier alone. Even though Bombardier is willing to produce this disk as part of our continuing settlement discussions, we stress that it is being provided as a courtesy and is not part of the formal production. Accordingly, it may not be used as a basis for claiming that other files should be produced in their native format.

If you disagree with any of the foregoing conditions, please do not use, or copy and immediately return the Native Format Disk and any other materials produced under similar conditions. The fact that Bombardier has agreed to produce the Native Format Disk is without waiver of any objections, and Bombardier reserves all its rights in that regard.

If you have any questions, please feel free to contact the undersigned.

Very truly yours,

Philip Le B. Douglas

Enclosure

cc:    Timothy M. Broas, Esq. (with enclosure)



Pillsbury
Winthrop
Shaw
Pittman㎐

WINSTON & STRAWN LLP

**Confidential Investigative
& Settlement Communication
Disclosure Restricted to
Head of Designated Federal Entity
Pursuant to 5 U.S.C. App. 3 §8G(d)**

March 30, 2006

VIA FEDERAL EXPRESS

David Sadoff, Esq.
Associate Counsel to the Inspector General
Office of the Inspector General
Legal Counsel's Office
10 "G" Street, N.E.
Suite 3E-400
Washington, D.C. 20002

> Re:    Amtrak Office of Inspector General Subpoenas
>        05-09 and 05-20 on Northeast Corridor
>        Maintenance Services Company ("NeCMSC")

Dear Mr. Sadoff:

The undersigned represent the separate interests of Alstom Transportation ("Alstom") and Bombardier Inc. ("Bombardier") in the Northeast Corridor Maintenance Services Company ("NeCMSC").

As previously discussed, as part of the parties' ongoing settlement efforts, an electronic search using the agreed-upon electronic search terms ("Electronic Search 1") across the electronic files (the "User Drive Files") of the user drives of certain individual NeCMSC employees previously identified to you.

As we informed you on February 14, 2006, Electronic Search 1 identified 1,517 files among the User Drive Files. Consultants working at the direction of Bombardier's in-house legal staff reviewed these files and eliminated 546 files whose file names or file type indicated that they did not concern brake problems on the Acela trainsets. (That list was also provided to you on February 14, 2006.) Consultants working at the direction of



EXHIBIT
105



March 30, 2006
Page 2


Bombardier's in-house legal staff then reviewed the remaining 971 files and eliminated from this group certain files that they could easily determine were obviously unrelated to defects in the Acela trainset brake system. As a result of this exercise, 686 files are being produced by means of the enclosed disk, which is labeled "Disk NEC0039 (NEC0917602-NEC0944884) 3/30/06".

There are two folders on the disk:

1. Formal Production Folder: This contains the formal production by NeCMSC, in the form of 686 full-text searchable PDFs (production numbers NEC0917602 to NEC0944884). The name of each PDF file reflects the production number on the first page of the document.

2. Metadata Folder: This contains a searchable, read-only Excel file, labeled "Metadata Index – Disk NEC0039.xls".

The fact that NeCMSC has agreed to conduct Electronic Search 1 and produce certain resulting documents is without waiver of any objections, including, but not limited to, those regarding Electronic Search 1 and the resulting production. Nor may that Electronic Search 1 or the resulting production be used in support of any request for additional production by electronic search or any other method.

If you have any questions, please feel free to contact the undersigned.

Very truly yours,


Philip Le B. Douglas                         Timothy Broas
Pillsbury Winthrop Shaw Pittman LLP          Winston & Strawn LLP
1540 Broadway                                1700 K Street, N.W.
New York, NY 10036-4039                      Washington, D.C. 20006-3817
(212) 858-1704                               (202) 282-5750

Enclosure


Pillsbury Winthrop Shaw Pittman LLP

NATIONAL RAILROAD PASSENGER CORPORATION
Inspector General, Investigations, 10 G Street, NE, Suite 3E-400, Washington, DC 20002

## *VIA FACSIMILE AND FIRST-CLASS MAIL*



April 6, 2006

Timothy M. Broas, Esquire
Winston & Strawn LLP
1700 K Street, N.W.
Washington, D.C. 20006-3817

Philip Le B. Douglas, Esquire
Pillsbury Winthrop Shaw Pittman LLP
1540 Broadway
New York, New York 10036-4039

> Re:    Compliance by Bombardier, Alstom and/or
> NeCMSC with Inspector General Subpoenas Nos.
> <u>05-05, 05-07, 05-09, 07-17, 05-18 and 05-20</u>

Dear Messrs. Broas and Douglas:

This follows up on the telephone conference held by counsel for the parties on March 29, 2006, and responds to your joint letter dated March 30, 2006 ("joint letter") and Mr. Douglas' letter of March 30.

During the March 29 telephone conference, Mr. Douglas, on behalf of Bombardier and its interest in NeCMSC, and Ms. Wordes, on behalf of Alstom and its interest in NeCMSC, each stated that their clients would not meet the schedule set out in the March 24, 2006 letter providing for responsive production to be completed by April 7, 2006. That schedule reflects estimates provided by Bombardier's counsel, Ms. Smith, on March 21 and by Alstom's counsel, Mr. Parker, on March 22, of the time required to complete the remaining review and production of responsive documents.[1] During the March 29 telephone conference, Mr. Douglas and Ms. Wordes also declined to state the date by which Respondents would fully comply with the Subpoenas originally served in May and June 2005, except for stating that production would continue until completion.[2]

The Inspector General will seek summary enforcement of the Subpoenas if Respondents' do not comply with the production schedule set out in the March 24 letter. During our February 14 telephone conference I offered to meet with Respondents and their counsel before seeking to enforce the Subpoenas. Please let me know promptly if you would like to meet.

---

[1]  Ms. Smith stated that Bombardier required through "the first week of April", or April 7, 2006. Mr. Parker stated that Alstom required "2 to 3 weeks" to complete production or from April 4-11, 2006.

[2]  Mr. Douglas also stated that Bombardier had completed its responsive production in December. However, as I understand it, Bombardier's production as of December, 2005 contained only those documents created in electronic format that had been printed out and included as part of Bombardier's "hard copy" files, and did not include any electronic documents that were stored, accessible and used only on Bombardier's computer system. If that understanding is incorrect, please promptly advise me.

EXHIBIT

ALL-STATE LEGAL®

10/6

Second, during the March 29 telephone conference, Mr. Douglas proposed that the parties seek to refer any dispute to a Special Master for resolution. I took no position on Mr. Douglas' proposal but stated that, to ensure full consideration, Respondents should submit a written proposal describing the issues in dispute, the facts and law supporting Respondents' position, and explaining how referral of the issues to a Special Master would speed their resolution. Mr. Douglas' proposal is neither mentioned nor supported in the March 30 joint letter. Do Respondents intend to submit such a proposal, and, if so, when?

Third, my understanding of the March 29 telephone conference and the March 30 letters is that Respondents have not repudiated or modified either statements by Ms. Smith on March 21 or by Mr. Parker on March 22 that Respondents will provide, for each electronic documents not produced in its "native" format, the four categories of information specified and described in my March 9, 2006 letter to you. Please let me know promptly if this understanding is incorrect, and, if so in what respects.

Mr. Douglas' March 30 letter ties Bombardier's production of certain apparently responsive electronic documents to a groundless assertion and unacceptable, vague and elastic conditions. The letter claims that Bombardier is submitting "Supplemental Disk #NEC0039 Native Format Excel Files 3/30/06" as a "settlement communication" and that the electronic documents are produced as "a courtesy and ... not part of the formal production", under the terms of the Subpoenas. Mr. Douglas warns that if OIG "disagree[s] with any of the foregoing conditions" it is not to "use, or copy and immediately return the Native Format Disk and any materials produced under similar conditions."

We emphasize four points. First, none of the described production is part of "settlement discussions", nor has there been any production to date by Respondents pursuant to any "settlement". Second, the Inspector General cannot agree to any "conditions" that restrict use of the Native Format Disk otherwise authorized under the Inspector General Act of 1978 as amended (5 U.S.C. Appendix 3), or that would re-characterize "as part of our continuing settlement discussions" documents that are responsive to the Subpoenas. Third, subject to the lack of specificity in the reference to "any other materials produced under similar conditions", it appears that no such documents have been produced. Please promptly advise this office if you have concluded to the contrary and describe the documents produced. Fourth, based on the positions described above, Bombardier must decide whether it wants the Native Format Disc included or removed from its responsive production, and so advise this office. The Native Format Disc has not been loaded onto our computer system for review and analysis. In sum, OIG expects and requires that all records Respondents produce will be submitted under the terms and in full compliance with the Subpoenas.

Sincerely,

David Sadoff
Associate Counsel to the Inspector General
National Passenger Railroad Corporation

2

AMTRAK

NATIONAL RAILROAD PASSENGER CORPORATION
Inspector General, Legal Counsel's Office, 10 G Street, NE, Suite 3E-400
Washington, DC 20002

1003 6440 39-39 CO22

Philip Le B. Douglas, Esquire
Pillsbury Winthrop Shaw Pittman
1540 Broadway
New York, NY 10036-4039

*received*
*4-7-06*

# WINSTON & STRAWN LLP

| | | |
|---|---|---|
| **35 WEST WACKER DRIVE**<br>**CHICAGO, ILLINOIS 60601-9703** | **1700 K STREET, N.W.**<br>**WASHINGTON, D.C. 20006-3817** | **333 SOUTH GRAND AVENUE**<br>**LOS ANGELES, CALIFORNIA 90071-1543** |
| **43 RUE DU RHONE**<br>**1204 GENEVA, SWITZERLAND** | **(202) 282-5000** | **200 PARK AVENUE**<br>**NEW YORK, NEW YORK 10166-4193** |
| **BUCKLERSBURY HOUSE**<br>**3 QUEEN VICTORIA STREET**<br>**LONDON EC4N 8NH** | **FACSIMILE (202) 282-5100**<br><br>**www.winston.com** | **21 AVENUE VICTOR HUGO**<br>**75116 PARIS, FRANCE** |
| **WRITER'S DIRECT DIAL NUMBER** | | **101 CALIFORNIA STREET**<br>**SAN FRANCISCO, CALIFORNIA 94111-5894** |

April 7, 2006

**Confidential Settlement and Investigative Communication**
**Disclosure Restricted to Head of Designated**
**Federal Entity Pursuant to 5 U.S.C. App. 3 § 8G(d)**

### VIA HAND DELIVERY

David Sadoff, Esquire
Associate Counsel to the Inspector General
Office of the Inspector General
Legal Counsel's Office
10 "G" Street, N.E.
Suite 3E-400
Washington, D.C. 20002

   Re:  **OIG Subpoena Nos. 05-05 and 05-20**

Dear Mr. Sadoff:

   Enclosed are responsive electronic documents (Production Nos. ALSTOM_E000001 - ALSTOM_E035177) from the hard drives of Alstom employees Chuck Wochele, John Robinson, Chris Chaffee, Ann Dye, Sebastien Geraud and Leroy Motley.

   A number of documents from the above group of employees is still being reviewed. Any non-privileged documents that are determined to be responsive will be provided to you shortly in the same format as this production.

   We are providing these documents in single page TIFF format as well as text-searchable PDF images. We are also providing image load files for IPRO, Opticon and Summation. These load files are the most commonly used formats nationally, for litigation support. If you require another format, please let us know. In addition, the

DC:462904.1

EXHIBIT
107
ALL-STATE LEGAL®

Mr. David Sadoff
April 7, 2006
Page 2

metadata and full-text is provided in a delimited text file for loading to your preferred database. As previously offered, if you require any technical assistance in loading these files, please let us know and we will be willing to assist.

Please do not hesitate to contact me with any questions you may have.

Very truly yours,

*(FRP)*

Timothy M. Broas

cc:    Dana Wordes, Esquire



**Pillsbury**
**Winthrop**
**Shaw**
**Pittman**ᴸᴸᴾ

1540 Broadway          Tel 212.858.1000
New York, NY 10036-4039   Fax 212.858.1500
                        www.pillsburylaw.com

> **Confidential Investigative**
> **& Settlement Communication**
> **Disclosure Restricted to**
> **Head of Designated Federal Entity**
> **Pursuant to 5 U.S.C. App. 3 §8G(d)**

April 10, 2006

Philip Le B. Douglas
Phone: 212.858.1704
philip.douglas@pillsburylaw.com

VIA FEDERAL EXPRESS

David Sadoff, Esq.
Associate Counsel to the Inspector General
Office of the Inspector General
Legal Counsel's Office
10 "G" Street, N.E.
Suite 3E-400
Washington, D.C. 20002

> Re:    Amtrak Office of Inspector General Subpoenas
>        05-05 and 05-17 on Bombardier Inc. ("Bombardier")

Dear Mr. Sadoff:

We are enclosing Disk #BBD_041 as part of Bombardier's ongoing effort to settle the
parties' dispute over the scope of the subpoenas served by OIG last spring (the
"Subpoenas"). The present production is in response to your request that we search the
personal computers of certain additional Bombardier employees using the agreed-upon
electronic search terms ("Electronic Search 1").[1]

We have now finished running Electronic Search 1 across the hard drives of the
following Bombardier employees, *i.e.*, Suzanne El Zawi, Renaud Murray, Frank
Duschinsky, Gaétan Slater, René Meuser, Mathieu Perrault, Mario Raymond, Virgilio
Hilario, Jacques Desjardins, Michel Masse, André Coté, Catherine Morency, Denis
Arvisais, Nicolas Lessard, Philippe Moslener, Sylvain Boily, Richard Drolet, Pierre

---

[1] As we informed you in Respondents' October 20, 2005 Memorandum and Respondents' November 18,
2005 letter, Bombardier believes that it has already adequately complied with the Subpoenas. These
additional searches were conducted at your insistence.

**EXHIBIT**
**108**
ALL-STATE LEGAL®

April 10, 2006
Page 2

Miclette, Jean-Pierre Noel-de-Tilly, Christian Auger, Raymond Dumoulin, Anick
Tourigny, and Joe DeCrescenzo.

We divided these individuals' electronic files into two categories for review and
production: loose electronic files (the "Loose Files") and emails (the "Email Files").
After review, we produced certain of the Loose Files under cover of my letter of March 2,
2006 (production numbers BBD0334670-BBD0342176), and believe that Bombardier's
production from the Loose Files is complete. When Ms. Smith spoke with you on March
21, we anticipated that Bombardier's review of the Email Files would be completed by
the end of March 2006, and that the production would be completed the following week.
We regret that the review and production process took a few days longer than expected.

Electronic Search 1 identified 2,146 files among the Email Files. Consultants working at
the direction of Bombardier's in-house legal staff reviewed the files and eliminated from
this group those files they could easily determine were obviously unrelated to problems
in the Acela trainset brake system. As a result of this exercise, the remaining 1,106 files
are being produced by means of the enclosed Disk #BBD_041, which is labeled "Disk
BBD0041 (BBD0342177-BBD0363011) 4/7/06".[2]

There are three folders on Disk #BBD_041:

1. Formal Production Folder: This contains the formal production by Bombardier,
   in the form of 1,106 full-text searchable PDFs (production numbers BBD0342177
   to BBD0363011). The name of each PDF file reflects the production number on
   the first page of the document.

2. Metadata Folder: This contains a searchable, read-only Excel file containing
   Metadata for the files in the Formal Production Folder, and is labeled "Metadata –
   Disk BBD-041.xls".

3. Native Format Excel Files Folder: Because large Excel files are not always
   readily usable in PDF format, this folder contains a searchable, read-only, "native

---

[2] The files on Disk #BBD_041 do not include the Email Files of Ms. El-Zawi, which are still being
processed for production. We expect to produce those shortly.

April 10, 2006
Page 3

format" version of 359 Excel files (attachments to emails) that are included in the Formal Production Folder. These files are labeled with the production number of the first page of each corresponding document in the formal production, and an "MD5hash signature" has been captured for each file.

The fact that, as part of ongoing settlement discussions, Bombardier agreed to conduct Electronic Search 1 and produce certain resulting documents is without waiver of any objections, including, but not limited to, those regarding Electronic Search 1 and the resulting production. Nor may that Electronic Search 1 or any resulting production be used in support of any request for additional production, including but not limited to, any by electronic search, or in native format, or any other method.

Please do not hesitate to contact me with any questions.

Sincerely,

Philip Le B. Douglas

Enclosure

cc:    Marc-André Raymond (w/o enclosure)



Pillsbury
Winthrop
Shaw
Pittman...

WINSTON & STRAWN LLP

**Confidential Investigative
& Settlement Communication
Disclosure Restricted to
Head of Designated Federal Entity
Pursuant to 5 U.S.C. App. 3 §8G(d)**

April 11, 2006

VIA TELEFAX

David Sadoff, Esq.
Associate Counsel to the Inspector General
Office of the Inspector General
Legal Counsel's Office
10 "G" Street, N.E.
Suite 3E-400
Washington, D.C. 20002

      Re:    Amtrak Office of Inspector General Subpoenas on Alstom Transportation
             ("Alstom"), Bombardier Inc. ("Bombardier"), and Northeast Corridor
             Maintenance Services Company ("NeCMSC") (the "Respondents")

Dear Mr. Sadoff:

      Thank you for your April 6, 2006 letter. We will respond to your points in the
order in which they were made.

**A.    Deadline for Production**

      You state that on March 21 and 22, 2006, Bombardier and Alstom, respectively,
"estimated" that their "remaining review and production of responsive documents" would
be completed by April 11, 2006. The specific productions discussed during the March 21
and 22 telephone calls were (1) Bombardier e-mails recovered from the personal
computers of certain employees in St. Bruno, Quebec and (2) Alstom records recovered



EXHIBIT
109

April 11, 2006
Page 2

from specified Alstom employees (collectively the "Specified Productions"). These
Specified Productions will be completed within a few days of your deadline.

Although Respondents did estimate that the Specified Productions would be
complete by April 11, 2006, they never told OIG that they would "fully comply with the
Subpoenas" by then or any other date. This is because, as you know, Respondents have
long-standing, fundamental and still unresolved objections to requests made in the
Subpoenas and to the OIG's various additional demands.[1] Nevertheless, shortly after
they complete the Specified Productions, Respondents will provide appropriate
certifications regarding their review and production of records over the past year.

As your letter acknowledges, Mr. Douglas stated on March 30 that Bombardier
believes it has already completed an adequate document production. By this, he meant
that Bombardier has reasonably satisfied your request for "notice" documents, namely,
any indicating pre-April 14, 2005 knowledge of broken or cracked spokes in trailer car
friction brakes. As Respondents' October 20, 2005 memorandum ("Respondents'
Memorandum") and November 18, 2005 letter explained, Bombardier has reviewed
and/or produced the paper and electronic files of, and has interviewed and provided you
with affidavits from, those persons most likely to have been informed in the event
Bombardier received advance notice of cracked or broken disk spokes in Acela trailer car
friction brakes. Respondents' Memorandum at 20-21, 25-27; 11/18/06 Letter at 2-3.[2]

Respondents believe and are willing to certify that (1) they have searched for and
reviewed the paper and electronic files of those employees who in the ordinary course of
business were most likely to have been informed of cracked spokes and (2) determined
that these employees did not receive advance warning of such a problem and do not know
of any documents constituting such "notice". Respondents are also willing to certify that

---

[1] Contrary to your letter, there was no conference call on March 29, 2006. During a March 30 telephone
conference, however, Respondents did inform you that any document productions, in addition to the
Specified Productions, could not be completed prior to the deadlines you announced in your March 24
letter.

[2] Contrary to your letter, Bombardier's production prior to the OIG lawsuit was not limited to "only those
documents created in electronic format that [prior to the Subpoenas] had been printed out and included as
part of Bombardier's 'hard copy' files". As Respondents' Memorandum and supporting affidavits made
clear back in October 2005, Bombardier's production included over 67,000 pages of material obtained
from searches of electronic files. (Respondents' Mem. at 15).

April 11, 2006
Page 3

they have <u>fully</u> <u>complied</u> with the additional productions agreed to since the litigation
was stayed in November 2005. These certifications would be without prejudice to any
OIG claim that further productions are required.

We hope that these certifications will not only obviate any further litigation but
also bring the OIG to the point where it can consider completing this long-running and
expensive investigation.

**B.    Request for Meeting**

You state that during a February 14, 2006 conference call you offered to meet
with Respondents "before seeking to enforce the Subpoenas" and you ask us to let you
know whether Respondents desire such a meeting. We are always willing to meet with
you, and would request an opportunity to do so in the event OIG decides to proceed with
the litigation. We would be available on April 19, 2006. In the event such a meeting
does not resolve any open issues, however, Respondents reserve the right to renew their
long-standing request for a hearing before your superiors prior to any such enforcement
action.

**C.    Special Master Proposal**

Respondents are drafting a proposal regarding the appointment of a special master
and expect to send that to you shortly.

**D.    Electronic Documents**

In a teleconference shortly after receipt of your March 9, 2006 letter, you
discussed the "four categories of information" with Bombardier's inside counsel. From
that conversation, Respondents understood that the essence of your request was that
Respondents demonstrate to what extent the non-native production format contained the
same information as the native one. Your subsequent conversations with Ms. Smith and
Mr. Parker should be understood in light of that prior discussion about the goals of your
request; they disagree with your recollection that they agreed to produce precisely "the
four categories of information" described in your March 9 letter. Once the Specified
Productions have been completed, Respondents will provide reports regarding the
copying, processing and application of Electronic Search 1 to the files, and the
preparation of the documents for their ultimate production to you. These reports will
attempt to answer any relevant and applicable questions presented within your March 9

April 11, 2006
Page 4

letter, to the extent that it is reasonably possible to do so. We wish to make it absolutely
clear, however, that any provided reports will be limited to those documents contained
within the Specified Productions.

**E.    Supplemental Disk NEC0039**

You next express concern regarding Mr. Douglas' March 30, 2006 letter, which
states that Bombardier's production of certain electronic files in their "native format" was
part of settlement discussions and thus could not be used by OIG to argue that any further
productions of this sort were required. In the event Mr. Douglas' letter was not
sufficiently clear, Bombardier's position is that any Bombardier agreement to produce a
particular document in "native format" is without prejudice to Respondents' position that
such productions are not required. Bombardier therefore rejects your claim that "none of
the described production is part of settlement discussions." Indeed, every one of the
voluntary productions made to OIG since the OIG stayed the litigation has been
described as "pursuant to settlement discussions" and was without prejudice to
Respondents' position that none of these additional productions was legally required.

We continue to look forward to working with you towards a resolution of these
issues.

Very truly yours,

Philip Le B. Douglas                          Timothy Broas
Pillsbury Winthrop Shaw Pittman LLP           Winston & Strawn LLP
1540 Broadway                                 1700 K Street, N.W.
New York, NY 10036-4039                       Washington, D.C. 20006-3817
(212) 858-1704                                (202) 282-5750



**Pillsbury
Winthrop
Shaw
Pittman**ᴸᴸᴾ

1540 Broadway                    Tel 212.858.1000
New York, NY 10036-4039          Fax 212.858.1500
                                 www.pillsburylaw.com

**Confidential Investigative
& Settlement Communication
Disclosure Restricted to
Head of Designated Federal Entity
Pursuant to 5 U.S.C. App. 3 §8G(d)**

April 13, 2006

Philip Le B. Douglas
Phone: 212.858.1704
philip.douglas@pillsburylaw.com

VIA FEDERAL EXPRESS

David Sadoff, Esq.
Associate Counsel to the Inspector General
Office of the Inspector General
Legal Counsel's Office
10 "G" Street, N.E.
Suite 3E-400
Washington, D.C. 20002

Re:    Amtrak Office of Inspector General Subpoenas
       05-05 and 05-17 on Bombardier Inc. ("Bombardier")

Dear Mr. Sadoff:

We are enclosing Disk #BBD_042 as part of Bombardier's ongoing effort to settle the
parties' dispute over the scope of the subpoenas served by OIG last spring (the
"Subpoenas"). The present production is in response to your request that we search the
personal computers of certain additional Bombardier employees using the agreed-upon
electronic search terms ("Electronic Search 1").[1]

We have now finished running Electronic Search 1 across the hard drives of the
following Bombardier employees, *i.e.*, Suzanne El Zawi, Renaud Murray, Frank
Duschinsky, Gaétan Slater, René Meuser, Mathieu Perrault, Mario Raymond, Virgilio
Hilario, Jacques Desjardins, Michel Masse, André Coté, Catherine Morency, Denis
Arvisais, Nicolas Lessard, Philippe Moslener, Sylvain Boily, Richard Drolet, Pierre

---

[1]  As we informed you in Respondents' October 20, 2005 Memorandum and Respondents' November 18,
2005 letter, Bombardier believes that it has already adequately complied with the Subpoenas. These
additional searches were conducted at your insistence.

**EXHIBIT
110**

April 13, 2006
Page 2

Miclette, Jean-Pierre Noel-de-Tilly, Christian Auger, Raymond Dumoulin, Anick
Tourigny, and Joe DeCrescenzo.

We divided these individuals' electronic files into two categories for review and
production: loose electronic files (the "Loose Files") and emails (the "Email Files").
After review, we produced certain of the Loose Files under cover of my letter of March 2,
2006 (production numbers BBD0334670-BBD0342176), and believe that Bombardier's
production from the Loose Files is complete. We produced certain of the Email Files,
excluding the Email Files of Ms. El Zawi, under cover of my April 10, 2006 letter
(production numbers BBD0342177-BBD0363011).

Consultants working at the direction of Bombardier's in-house legal staff reviewed the
Email Files of Ms. El Zawi that were identified by Electronic Search 1, and eliminated
from this group those files they could easily determine were obviously unrelated to
problems in the Acela trainset brake system. As a result of this exercise, the remaining
903 files are being produced by means of the enclosed Disk #BBD_042, which is labeled
"Disk BBD0042 (BBD0363012-BBD0391136) 4/13/06". We believe that Bombardier's
production from the Email Files is complete.

There are three folders on Disk #BBD_041:

1. Formal Production Folder: This contains the formal production by Bombardier,
   in the form of 903 full-text searchable PDFs (production numbers BBD0363012
   to BBD0391136). The name of each PDF file reflects the production number on
   the first page of the document.

2. Metadata Folder: This contains a searchable, read-only Excel file containing
   Metadata for the files in the Formal Production Folder, and is labeled "Metadata –
   Disk BBD-042.xls".

3. Native Format Excel Files Folder: Because large Excel files are not always
   readily usable in PDF format, this folder contains a searchable, read-only, "native
   format" version of 352 Excel files (attachments to emails) that are included in the
   Formal Production Folder. These files are labeled with the production number of
   the first page of each corresponding document in the formal production, and an
   "MD5hash signature" has been captured for each file.

April 13, 2006
Page 3

The fact that, as part of ongoing settlement discussions, Bombardier agreed to conduct Electronic Search 1 and produce certain resulting documents is without waiver of any objections, including, but not limited to, those regarding Electronic Search 1 and the resulting production. Nor may that Electronic Search 1 or any resulting production be used in support of any request for additional production, including but not limited to, any by electronic search, or in native format, or any other method.

Please do not hesitate to contact me with any questions.

Sincerely,

P Douglas

Philip Le B. Douglas

Enclosure

cc:    Marc-André Raymond (w/o enclosure)

# WINSTON & STRAWN LLP

**35 WEST WACKER DRIVE**
**CHICAGO, ILLINOIS 60601-9703**

**43 RUE DU RHONE**
**1204 GENEVA, SWITZERLAND**

**BUCKLERSBURY HOUSE**
**3 QUEEN VICTORIA STREET**
**LONDON EC4N 8NH**

WRITER'S DIRECT DIAL NUMBER

**1700 K STREET, N.W.**
**WASHINGTON, D.C. 20006-3817**

(202) 282-5000

FACSIMILE (202) 282-5100

www.winston.com

**333 SOUTH GRAND AVENUE**
**LOS ANGELES, CALIFORNIA 90071-1543**

**200 PARK AVENUE**
**NEW YORK, NEW YORK 10166-4193**

**21 AVENUE VICTOR HUGO**
**75116 PARIS, FRANCE**

**101 CALIFORNIA STREET**
**SAN FRANCISCO, CALIFORNIA 94111-5894**

April 18, 2006

**Confidential Settlement and Investigative Communication**
**Disclosure Restricted to Head of Designated**
**Federal Entity Pursuant to 5 U.S.C. App. 3 § 8G(d)**

*Received by:*
*Ed Vogel Jr.*

**VIA HAND DELIVERY**

David Sadoff, Esquire
Associate Counsel to the Inspector General
Office of the Inspector General
Legal Counsel's Office
10 "G" Street, N.E.
Suite 3E-400
Washington, D.C. 20002

Re:    **OIG Subpoena Nos. 05-05 and 05-20**

Dear Mr. Sadoff:

Enclosed are the remaining responsive electronic documents from the hard drives of Alstom employees Chuck Wochele, John Robinson, Chris Chaffee, Ann Dye, Sebastien Geraud, and Leroy Motley; Alstom NeCMSC employees Greg Topf, Norbert Behety, and Sylvian Pages, as well as those of former Alstom NeCMSC employee Ed Kochis and those from the U-drive of Alstom employee and former NeCMSC Engineering Manager Leopoldo Maestu (collectively, the "Set Initial Group"). This concludes our production of responsive electronic documents from the Set Initial Group.

Unless otherwise specified below, all documents in this production are being provided in single page TIFF format as well as text-searchable PDF images. We are also providing image load files for IPRO, Opticon and Summation. These load files are the most commonly used formats nationally, for litigation support. If you require another

**EXHIBIT**

**ALL-STATE LEGAL**

**111**

Mr. David Sadoff
April 18, 2006
Page 2

format, please let us know. In addition, the metadata and full-text is provided in a delimited text file for loading to your preferred database. As offered with our previous productions, should you require any technical assistance in loading these files, please let us know and we will be willing to assist.

Upon subsequent review of our April 7 production, we realized that the PDF documents that had been provided to you were not text-searchable. As a result, the disc labeled "Searchable PDFs of the 4/7/2006 Production" (Production Nos. ALSTOM_E000001 - ALSTOM_E035177) contains searchable PDFs of the documents previously provided to you on April 7.

The discs labeled "1 of 3" and "2 of 3" (Production Nos. ALSTOM_E035178 - ALSTOM_E092816) contain responsive electronic documents from the hard drives of Alstom employees Chuck Wochele, John Robinson, Chris Chaffee, Ann Dye, Sebastien Geraud and Leroy Motley.

The disc labeled "3 of 3" contains various responsive documents from the electronic files of the Set Initial Group: Production Nos. ALSNEC_E-00030326 - ALSNEC_E-00030331 consist of responsive documents from the hard drives of Norbert Behety and Greg Topf, that were not included with the March 10 production. Production Nos. ALSNEC_E-00030332 - ALSNEC_E-00030861 and ALSTOM_E092817 - ALSTOM_E092980 (the "Redacted Documents") contain responsive documents from the files of Ed Kochis as well as Sebastien Geraud, Chuck Wochele, John Robinson and Chris Chaffee, respectively. As these documents include confidential settlement materials and non-responsive information of a confidential financial nature, only responsive pages have been produced. Confidential and non-responsive pages have been redacted, as denoted by blank pages within the document range. These Redacted Documents are being produced today in single page TIFF format. The metadata and the searchable PDF versions of these Redacted Documents will be provided shortly under separate cover.

Please do not hesitate to contact me with any questions you may have.

Mr. David Sadoff
April 18, 2006
Page 3

Very truly yours,

Timothy M. Broas

cc:    Dana Wordes, Esquire

# WINSTON & STRAWN LLP

35 WEST WACKER DRIVE
CHICAGO, ILLINOIS 60601-9703

43 RUE DU RHONE
1204 GENEVA, SWITZERLAND

BUCKLERSBURY HOUSE
3 QUEEN VICTORIA STREET
LONDON EC4N 8NH

WRITER'S DIRECT DIAL NUMBER

1700 K STREET, N.W.
WASHINGTON, D.C. 20006-3817

(202) 282-5000

FACSIMILE (202) 282-5100

www.winston.com

333 SOUTH GRAND AVENUE
LOS ANGELES, CALIFORNIA 90071-1543

200 PARK AVENUE
NEW YORK, NEW YORK 10166-4193

21 AVENUE VICTOR HUGO
75116 PARIS, FRANCE

101 CALIFORNIA STREET
SAN FRANCISCO, CALIFORNIA 94111-5894

April 19, 2006

*4/19/05 2:25p Rec'd. SQ*

**Confidential Settlement and Investigative Communication
Disclosure Restricted to Head of Designated
Federal Entity Pursuant to 5 U.S.C. App. 3 § 8G(d)**

## VIA HAND DELIVERY

David Sadoff, Esquire
Associate Counsel to the Inspector General
Office of the Inspector General
Legal Counsel's Office
10 "G" Street, N.E.
Suite 3E-400
Washington, D.C. 20002

Re:    **OIG Subpoena Nos. 05-05 and 05-20**

Dear Mr. Sadoff:

As referenced in our April 18th production letter, enclosed, please find the text-searchable PDF images and metadata that correspond to the "Redacted Documents" (Production Nos. ALSNEC_E-00030332 - ALSNEC_E-00030861 and ALSTOM_E092817 - ALSTOM_E092980) that were provided to you yesterday. Should you require any technical assistance in loading these files, please let us know and we will be willing to assist.

Please do not hesitate to contact me with any questions you may have.



EXHIBIT
112

DC:464261.1

Mr. David Sadoff
April 19, 2006
Page 2

Very truly yours,

Timothy M. Broas

cc:    Dana Wordes, Esquire



Pillsbury
Winthrop
Shaw
Pittman ᴸᴸᴾ

WINSTON & STRAWN LLP

**Confidential Investigative
& Settlement Communication
Disclosure Restricted to
Head of Designated Federal Entity
Pursuant to 5 U.S.C. App. 3 §8G(d)**

April 24, 2006

VIA FEDERAL EXPRESS

David Sadoff, Esq.
Associate Counsel to the Inspector General
Office of the Inspector General
Legal Counsel's Office
10 "G" Street, N.E.
Suite 3E-400
Washington, D.C. 20002

   Re: Amtrak Office of Inspector General Subpoenas
     05-09 and 05-20 on Northeast Corridor
     Maintenance Services Company ("NeCMSC")

Dear Mr. Sadoff:

   The undersigned represent the separate interests of Alstom Transportation
("Alstom") and Bombardier Inc. ("Bombardier") in the Northeast Corridor Maintenance
Services Company ("NeCMSC") (collectively, the "Respondents").

   We are enclosing Disk #NEC0040 as part of Respondents' ongoing effort to settle
the parties' dispute over the scope of the subpoenas served by OIG last spring (the
"Subpoenas"). The present production is in response to your request that we search the
user drives of certain individual NeCMSC employees using the agreed-upon electronic
search terms ("Electronic Search 1").

   We have now finished running Electronic Search 1 across the user drives of the
NeCMSC employees previously identified to you. We divided these individuals'
electronic files into two categories for review and production: loose electronic files (the
"Loose Files") and emails (the "Email Files"). After review, we produced certain of the

**EXHIBIT
113**

April 24, 2006
Page 2

Loose Files under cover of our letter of March 30, 2006 (production numbers
NEC0917602-NEC0944884), and believe that NeCMSC's production from the Loose
Files is complete.

Consultants working at the direction of Bombardier's in-house legal staff
reviewed the Email Files that were identified by Electronic Search 1, and eliminated from
this group those files they could easily determine were obviously unrelated to problems
in the Acela trainset brake system. As a result of this exercise, the remaining 820 files
are being produced by means of the enclosed Disk NEC0040, which is labeled "Disk
NEC0040 (NEC0944885-NEC0952778) 4/24/06". We believe that NeCMSC's
production from the Email Files is complete.

There are two folders on the disk:

1. Formal Production Folder: This contains the formal production by NeCMSC, in
   the form of 820 full-text searchable PDFs (production numbers NEC0944885 to
   NEC0952778). The name of each PDF file reflects the production number on the
   first page of the document.

2. Metadata Folder: This contains a searchable, read-only Excel file, labeled
   "Metadata Index – Disk NEC0040.xls".

The fact that NeCMSC has agreed to conduct Electronic Search 1 and produce
certain resulting documents is without waiver of any objections, including, but not
limited to, those regarding Electronic Search 1 and the resulting production. Nor may
that Electronic Search 1 or the resulting production be used in support of any request for
additional production by electronic search or any other method.

April 24, 2006
Page 3

    We believe that the production for NeCMSC is complete, and will be preparing an appropriate certificate of compliance shortly. If you have any questions, please feel free to contact the undersigned.

Very truly yours,

Philip Le B. Douglas
Pillsbury Winthrop Shaw Pittman LLP
1540 Broadway
New York, NY 10036-4039
(212) 858-1704

Timothy Broas
Winston & Strawn LLP
1700 K Street, N.W.
Washington, D.C. 20006-3817
(202) 282-5750

Enclosure

**NATIONAL RAILROAD PASSENGER CORPORATION**
Inspector General, Legal Counsel's Office, 10 G Street, NE, Suite 3E400, Washington, DC 20002

### *VIA FACSIMILE AND FIRST-CLASS MAIL*



April 25, 2006

Timothy M. Broas, Esquire
Winston & Strawn LLP
1700 K Street, N.W.
Washington, D.C. 20006-3817

Philip Le B. Douglas, Esquire
Pillsbury Winthrop Shaw Pittman LLP
1540 Broadway
New York, New York 10036-4039

> Re:    Compliance by Bombardier, Alstom and/or
> NeCMSC with Inspector General Subpoenas Nos.
> <u>05-05, 05-07, 05-09, 07-17, 05-18 and 05-20</u>

Dear Messrs. Broas and Douglas:

Thank you for your letter of April 11, 2006. I address in passing several of the points made in the letter; the OIG's position on other points was explained in my April 6 letter.

It is long past time for each Respondent to fully comply with each of the above-referenced subpoenas that is directed to it. Under the present circumstances, full compliance has at least five requirements:

1)    each Respondent must make full and complete production of all responsive, non-privileged documents in its possession;

2)    each Respondent must execute and provide OIG a "Certificate of Compliance", in the form appended to each of the subpoenas, for all production;

3)    each Respondent must furnish OIG with information fully compliant with Instruction 9 of the subpoena for each responsive document that no longer exists;

4)    each Respondent must provide OIG with the four categories of information described in my letters of March 9 and April 6 for each electronic document it seeks to produce in a substitute or "facsimile" format rather than as an identical copy of the original document in its original, or "native", format; and,

5)    each Respondent must provide OIG with a privilege log, compliant with the subpoena provisions, for any responsive documents withheld from production on claim of privilege.

It is our understanding that, at present, no Respondent has satisfied any of these requirements for full compliance.



EXHIBIT

114

OIG requests that, by noon on April 28, 2006, that each Respondent either fully satisfy the above-listed requirements or state, in writing and unconditionally, a reasonable date by which the above-listed requirements will be satisfied. If any Respondent cannot provide full compliance, or an unconditional commitment to prompt and full compliance, the Inspector General will renew the petition for summary enforcement of the subpoenas filed in September 2005.

You state in the April 11 letter that Respondents cannot state a date for full compliance because of their "long-standing, fundamental and still unresolved objections to the requests made in the Subpoenas and to the OIG's various additional demands" (Letter, at 2). We do not understand whether and, if so, to what extent any of the formulaic objections any Respondent made in June and July 2005 to the subpoenas has survived the discussions and telephone conversations between this office and your co-counsel from December 2005 through March 2006, or the document production. At the very least, any surviving issue has resisted our attempts at resolution and is appropriate for presentation to the Court for decision.

Your suggested changes to the text of the "Certificate(s) of Compliance" in the April 11 letter are unacceptable. The IG requires full compliance by each Respondent with the terms of the particular subpoenas served on it, including execution of the appended certification in which each Respondent states that "the materials and documents produced in response to the subpoena... are genuine, complete and in full compliance with the demand made in the subpoena for the materials specified therein." The Certificates of Compliance take on particular importance in light of three understandings we gained during discussions with your co-counsel and others. First, it appears that otherwise responsive e-mails may have been destroyed either incident to a Memorial Day 2005 computer failure at NeCMSC, or subsequently when affected e-mail server disc drives were subsequently re-used by NeCMSC personnel in October-November, 2005. Second, it appears that certain e-mail and other electronic documents may have been lost when laptop computers used by Bombardier/NeCMSC employee Sylvain Labbe were stolen in May 2004. Third, it appears that no Respondent has reviewed a large box of NeCMSC back-up tapes located at the computer facility for documents responsive to the subpoenas, nor has any Respondent searched the re-used disc drives from the NeCMSC e-mail servers.

If you desire a meeting to discuss these or related issues, OIG counsel are available to meet with you on behalf of the IG and OIG, however any meeting should be scheduled and held promptly. Please telephone or e-mail with suggested dates. Whether or not such meeting is successful, you should not expect a subsequent meeting on subpoena compliance.

Sincerely,

David Sadoff
Associate Counsel to the Inspector General
National Passenger Railroad Corporation

2



**NATIONAL RAILROAD PASSENGER CORPORATION**
Inspector General, Legal Counsel's Office, 10 G Street, NE, Suite 3E-400
Washington, DC 20002



Philip Le B. Douglas, Esquire
Pillsbury Winthrop Shaw Pittman LLP
1540 Broadway
New York, New York 10036-4039

10036+4039 C022

# WINSTON & STRAWN LLP

| | | |
|---|---|---|
| 35 WEST WACKER DRIVE<br>CHICAGO, ILLINOIS 60601-9703<br><br>43 RUE DU RHONE<br>1204 GENEVA, SWITZERLAND<br><br>BUCKLERSBURY HOUSE<br>3 QUEEN VICTORIA STREET<br>LONDON EC4N 8NH | 1700 K STREET, N.W.<br>WASHINGTON, D.C. 20006-3817<br><br>(202) 282-5000<br><br>FACSIMILE (202) 282-5100<br><br>www.winston.com | 333 SOUTH GRAND AVENUE<br>LOS ANGELES, CALIFORNIA 90071-1!<br><br>200 PARK AVENUE<br>NEW YORK, NEW YORK 10166-419!<br><br>21 AVENUE VICTOR HUGO<br>75116 PARIS, FRANCE<br><br>101 CALIFORNIA STREET<br>SAN FRANCISCO, CALIFORNIA 94111-! |

WRITER'S DIRECT DIAL NUMBER

April 26, 2006        Rec'd. ☐

**Confidential Settlement and Investigative Communication**
**Disclosure Restricted to Head of Designated**
**Federal Entity Pursuant to 5 U.S.C. App. 3 § 8G(d)**

## VIA HAND DELIVERY

David Sadoff, Esquire
Associate Counsel to the Inspector General
Office of the Inspector General
Legal Counsel's Office
10 "G" Street, N.E.
Suite 3E-400
Washington, D.C. 20002

Re:     **OIG Subpoena Nos. 05-05 and 05-20**

Dear Mr. Sadoff:

Enclosed, please find a replacement disc for the one that was delivered to you on April 19, 2006 containing the text-searchable PDF images and metadata that correspond to the "Redacted Documents" (Production Nos. ALSNEC_E-00030332 - ALSNEC_E-00030861 and ALSTOM_E092817 - ALSTOM_E092980). Should you have any further difficulty reading this disc or loading the files contained thereon, please let us know and we will be willing to assist.

Please do not hesitate to contact me with any questions you may have.



EXHIBIT
115

DC:465338.1

Mr. David Sadoff
April 26, 2006
Page 2

Very truly yours,

Timothy M. Broas

cc:    Dana Wordes, Esquire



1540 Broadway    Tel 212.858.1000
New York,         Fax 212.858.1500
NY 10036-4039     www.pillsburylaw.com

Pillsbury
Winthrop
Shaw
Pittman LLP

**Confidential Investigative**
**& Settlement Communication**
**Disclosure Restricted to**
**Head of Designated Federal Entity**
<u>**Pursuant to 5 U.S.C. App. 3 §8G(d)**</u>

Philip Le B. Douglas
Phone: 212.858.1704
philip.douglas@pillsburylaw.com

April 28, 2006

<u>VIA FAX</u>

David Sadoff, Esq.
Associate Counsel to the Inspector General
Office of the Inspector General
Legal Counsel's Office
10 "G" Street, N.E.
Suite 3E-400
Washington, D.C. 20002

     Re:   Amtrak Office of Inspector General Subpoenas on Bombardier Inc.
          ("Bombardier"), and Bombardier's interest in Northeast Corridor
          <u>Maintenance Services Company ("NeCMSC") (the "Respondents")</u>

Dear Mr. Sadoff:

       Thank you for your April 25, 2006 letter. Respondents request a meeting on all
outstanding issues, including those raised by your letter. Respondents are available on
Thursday, May 4, 2006 in the late afternoon. In the event that meeting does not resolve all
outstanding issues between the parties, Respondents request an appeal of the outcome to
the Inspector General himself and, ultimately, to his supervisor, David Laney.

       We understand your position regarding Items 3, 4 and 5 on the first page of your
letter. It would be very helpful, however, if, in advance of the meeting, the Office of the
Inspector General could identify for us "any surviving issue [regarding Items 1 and 2
that] has resisted our attempts at resolution and is appropriate for presentation to the
Court for decision." This is because, since those "attempts at resolution" began in
November 2005, Respondents, with OIG's knowledge, have limited their searches in
various ways. For example, even though the subpoenas on their face call for all records



EXHIBIT
116

April 28, 2006
Page 2

relating to <u>any</u> problems with <u>any</u> brake systems, Respondents have, as you know, designed their searches, including "Electronic Search 1", to identify records regarding cracks or broken spokes in <u>trailer</u> <u>car</u> <u>friction</u> <u>brakes</u> <u>discs</u>. Thus, we would appreciate learning whether OIG believes that we should have produced records that would not be responsive to searches, such as Electronic Search 1.

We are also uncertain as to the meaning of your reference at the end of your letter to the "three understandings" regarding lost data. Are you asking Respondents to certify that, as we believe is in fact the case, possibly responsive information (1) has been "destroyed" by the Memorial Day air conditioning failure at Ivy City; (2) has been "lost when laptop computers . . . were stolen"; and (3) is not retrievable from the "large box of NeCMSC back-up tapes" and the NeCMSC "re-used disc drives"? If you mean something else, could you explain what more OIG requires of us?

We look forward to seeing you next week.

Very truly yours,

Philip Le B. Douglas

JOB STATUS REPORT

```
TIME  : 04/28/2006 11:53
NAME  :
FAX#  : 2128581713
TEL#  :
SER.# : 000004057725
```

```
DATE,TIME          04/28  11:52
FAX NO./NAME       912029064695
DURATION           00:00:26
PAGE(S)            03
RESULT             OK
MODE               STANDARD
                   ECM
```



**Pillsbury
Winthrop
Shaw
Pittman** LLP

1540 Broadway
New York, NY 10036-4039
Tel 212.858.1000 | Fax 212.858.1500
www.pillsburylaw.com

## FACSIMILE

Total Pages: (including cover): ③

| | | |
|---|---|---|
| Century City | | |
| Houston | | |
| London | Date: **April 28, 2006** | User No: |
| Los Angeles | | |
| New York | From: **Philip Douglas** | Phone No: **212-858-1704** |
| Northern Virginia | | |
| Orange County | | C/M No: |
| Palo Alto | | |
| Sacramento | To: **David Sadoff** | Phone No: 202-906-4355 |
| San Diego | Company: | Fax No: **202-906-4695** |
| San Diego-North County | Confirm? | Confirmed by: |
| San Francisco | | |
| Silicon Valley | Comments: | |
| Stamford | | |
| Sydney | | |
| Tokyo | | |
| Washington DC | | |

# WINSTON & STRAWN LLP

| | | |
|---|---|---|
| **35 WEST WACKER DRIVE**<br>**CHICAGO, ILLINOIS 60601-9703** | **1700 K STREET, N.W.**<br>**WASHINGTON, D.C. 20006-3817** | **333 SOUTH GRAND AVENUE**<br>**LOS ANGELES, CALIFORNIA 90071-1543** |
| **43 RUE DU RHONE**<br>**1204 GENEVA, SWITZERLAND** | **(202) 282-5000** | **200 PARK AVENUE**<br>**NEW YORK, NEW YORK 10166-4193** |
| **BUCKLERSBURY HOUSE**<br>**3 QUEEN VICTORIA STREET**<br>**LONDON EC4N 8NH** | **FACSIMILE (202) 282-5100** | **21 AVENUE VICTOR HUGO**<br>**75116 PARIS, FRANCE** |
| | **www.winston.com** | **101 CALIFORNIA STREET**<br>**SAN FRANCISCO, CALIFORNIA 94111-5894** |

**WRITER'S DIRECT DIAL NUMBER**

May 1, 2006

> **Confidential Settlement and Investigative Communication**
> **Disclosure Restricted to Head of Designated**
> **Federal Entity Pursuant to 5 U.S.C. App. 3 § 8G(d)**

**VIA HAND DELIVERY**

David Sadoff, Esquire
Associate Counsel to the Inspector General
Office of the Inspector General
Legal Counsel's Office
10 "G" Street, N.E.
Suite 3E-400
Washington, D.C. 20002

> **Re:    OIG Subpoena Nos. 05-05 and 05-20**

Dear Mr. Sadoff:

     Enclosed, please find reports authored by our third-party vendor as well as Winston and Strawn's litigation support manager detailing the copying and processing efforts made by each during the production of electronic documents in connection with this matter. Through these reports, we have attempted, as reasonably possible, to answer all relevant and applicable questions presented within your fax of March 9, 2006. Please note, however, that neither report responds to your request of "the location resident on the Respondent's system" for each of the thousands of electronic documents that we have produced. As we do maintain this information, however, should you have any questions regarding a specific document, we would consider providing that information to you on a document-by-document basis.

DC:465924.1

**EXHIBIT**

**117**

Mr. David Sadoff
May 1, 2006
Page 2


Please do not hesitate to contact me with any questions you may have.

Very truly yours,

Timothy M. Broas

cc:    Dana Wordes, Esquire

# WINSTON & STRAWN LLP

**Internal Memorandum**

1700 K STREET, N.W., WASHINGTON DC 20006-3817
TELEPHONE: 202-282-5000    FACSIMILE: 202-282-5100

| 35 W. WACKER DRIVE | 200 PARK AVENUE | 333 SOUTH GRAND AVENUE | 101 CALIFORNIA STREET | 43 RUE DU RHONE | 25 AVENUE MARCEAU | BUCKLERSBURY HOUSE |
|---|---|---|---|---|---|---|
| CHICAGO IL 60601-9703 | NEW YORK, NY 10166-4193 | LOS ANGELES, CA 90071-1543 | SAN FRANCISCO CA 94111-5894 | 1204 GENEVA, SWITZERLAND | 75116 PARIS, FRANCE | 3 QUEEN VICTORIA STREET |
| 312-558-5600 | 212-294-6700 | 213-615-1700 | 415-591-1000 | 41-22-317-75-75 | 33-1-53-64-82-82 | LONDON, ENGLAND EC4N 8NH |
| | | | | | | 44-020-7429-0000 |

WRITER'S DIRECT DIAL NUMBER
202-282-5337
lbaker@winston.com

**To:**     Timothy M. Broas
            Franklin Parker
**From:**   Leslie Baker

**Date:**   May 1, 2006

**Re:**     Alstom/NeCMSC Electronic Data Technical Report


    The Litigation Support Department of Winston & Strawn loaded the vendor-processed documents to our Concordance and IPRO databases. The same metadata that our attorneys used to review documents was produced to the OIG. The produced metadata represents all of the metadata extracted from the individual documents by Capital Legal Systems and corresponds to the production set. The metadata was produced to the OIG in an ASCII delimited text file with identifying field names that can be loaded into any litigation application, and also Excel. The Doc_Name field that was supplied as part of the metadata gives the full file name, which has an extension that identifies the native format.

    The attorneys reviewed the documents in Concordance and tagged the relevant documents. These documents were then processed for production using IPRO software, which creates a new image set with burned-in Bates numbers. The production process is done in a batch mode. Not knowing what software the OIG uses, we produced the documents in both a single page Tiff and PDF version. OCR was run on the PDF documents to make them text-searchable within each PDF document. If the single page Tiff images or PDF documents are loaded into an image viewer program and the metadata into a database, then the metadata and the images will be linked together. The OIG can then search on the database loaded with metadata by fields of information and pull up the corresponding images. Image load files were also supplied that indicate document breaks, or boundaries. Load files were supplied in IPRO format, which can easily be converted to any of the most widely-used Litigation Support image load file formats through a free utility downloaded from the internet. We have offered to assist the Office of Inspector General with its application and use of the provided data, and continue to be available should such assistance be required.

_Leslie Baker_

Leslie Baker
Litigation Support Manager



Kenneth Marchese
Capital Legal Solutions
150 S. Washington Street
Falls Church, VA 22042

April 28, 2006

<u>Re: Electronic Data Preservation and Collection on the Alstom/NeCMSC Matter</u>

Outlined below are the steps taken to collect and preserve electronically-stored information belonging to Alstom employees. On two separate occasions, June 20th 2005 and February 8th, 2006, two employees of Capital Legal Solutions, myself and Manoj Salunkhe, traveled to NeCMSC to forensically image computers in use by Alstom employees. Sample chain of custody forms are attached. In most instances, we removed the hard drive of the subject machine and created a forensic image using Guidance Software's Encase 5. One machine could not be disassembled and that machine was imaged using Norton Ghost. Furthermore, data from custodians Wochelle, Dye, Chaffe and Robinson was collected by the client and forwarded to CLS on writable media where it was processed as described below.

Upon return to Capital's facility, the drive images were restored on an isolated processing network. A copy of the drive images was also made in a separate location. An employee of Capital Legal Solutions, Rushikesh Patel, created an index of the information and culled the native files based on file type and a provided search term list. Mr. Patel then extracted meta data and created .tif images using an application programmed by Capital. The process of file copying was completed using a batch file written by Capital Legal Solutions employees. Finally, database and image reference files suitable for our client's review platform were created. During this processing phase, care was taken to preserve the original meta data of the files. Capital has maintained both the original and its working copies of the hard drive images in a safe location.

Kenneth V. Marchese
Vice President

Capital Legal Solutions ▪ Suite 500 ▪ 150 S. Washington Street ▪ Falls Church, VA 22046
877-CAP-LGLS (toll free phone) ▪ 703-533-8020 (phone) ▪ 703-533-8071 (fax) ▪ www.capitallegals.com

## Electronic Evidence Chain of Custody Certification

Certification/Reference #    _00002_

Date:  _2/9/06_

Evidence:  _Dell Laptop_

_____  _Model PP01L_

_____  S/N  _TW - 01F902 - 12800 - 1AE - B623_

_JBM Travelstar 20GB HD   S/N   HU- 000E339 - 47710 - 2A8-4A0H_
_Swap to   CLS HD #157  using   Encaus_

**Transferring Party**

Name    : SEBASTIEN  GERAUD
Company : ALSTON   TRANSPORTATION INC
Address   :
Telephone:  (617) - 765  0935
Signature :

**Receiving Party**

Name      :
Company :
Address   :
Telephone:
Signature :

## Electronic Evidence Chain of Custody Certification

Certification/Reference # _00003_

Date: _3/8/06_

Evidence: _Panasonix      CF-71  Laptop_

_S/N  CF- 7HMY(KOAM        DEKWA02075_

_1. GB  Fujitsu  HD  S/N  PEJH2 032A-F_

### Transferring Party

Name    :  _Leroy Motley_
Company :  _ALSTOM  c/o_
Address  :  _1401 W STREET NE_
Telephone:  _202, 636-1108/   202 253-5340_
Signature :  _Leroy J Motley_

### Receiving Party

Name    :
Company :
Address   :
Telephone:
Signature :