# ALSTOM

May 19, 2006

David Sadoff, Esq.
Associate Counsel to the Inspector General
Office of the Inspector General
Legal Counsel's Office
10 "G" Street, N.E.
Suite 3E-400
Washington, D.C. 20002

Re: Certificates of Compliance with Subpoena Duces Tecum Nos. 05-07 and 05-18

Dear Mr. Sadoff:

ALSTOM Transportation Inc. voluntarily submits the attached Certificates of Compliance with Subpoena Duces Tecum Nos. 05-07 and 05-18 to assist the OIG's understanding of the scope of ALSTOM's document production.

As we have offered in correspondence dated June 28, 2005, July 21, 2005, July 28, 2005 and August 23, 2005, the original project documents that ALSTOM reviewed in response to these subpoenas, including well over 100 boxes of documents that we did not produce because we believe they were not responsive, are available for your review at our site in Hornell, New York. If you wish to review the original documents, please advise me one week in advance, so that we can retrieve the documents from the locked storage area.

With regard to the electronic documents that were produced in response to Electronic Search No. 1, we reiterate the offers made by our outside counsel in communications dated March 10, 2006, April 7, 2006, April 18, 2006, April 19, 2006, April 26, 2006 and May 1, 2006, to your attention. As stated in those earlier communications, should you require any technical assistance reading, or loading any of the electronic files that have been provided to you onto your system, please let us know and we will be willing to assist.

Very Truly Yours,

*Dana Wordes*

Dana Wordes
Associate General Counsel

ALSTOM Transportation Inc.
353 Lexington Avenue, Suite 1100
New York, NY 10016
Tel: (212) 557-7260
Fax: (212) 972-4404
dana.wordes@transport.alstom.com


EXHIBIT 129

David Sadoff, Esq.                -2-                May 19, 2006

cc: Timothy Broas, Esq.
    Franklin R. Parker, Esq.

This is to certify that ALSTOM Transportation, Inc. ("ALSTOM") has, in accordance with the clarifications set forth herein, complied with the requests of OIG Subpoena No. 05-18 dated June 20, 2005. In addition, at my direction, ALSTOM has (i) inquired of its key engineering and customer service managers, who would be among the first to learn of any significant brake problem, whether any knew of cracked friction brake disc spokes prior to April 14, 2005, and (ii) undertaken a reasonable search for any documents showing knowledge of broken spokes on Acela trailer car friction brake discs prior to April 14, 2005. ALSTOM hereby certifies that, based on the results of our inquiry and search, it appears that no knowledgeable person had any notice of broken spokes prior to April 14, 2005.

Subpoena No. 05-18 requested copies of the following documents:

> "All documents, correspondence, emails, notes, internal logs, records of conversation by Bombardier among its employees, agents or representatives or between Alstom representatives and any other entity, including but not limited to Bombardier, Knorr, Wabco, Wabtec, Sab Wabco, Faiveley Transport, ORX, NECMSC, regarding cracks or malfunctions, including defective/deficient products, pertaining to the Acela brakes."

With respect to documents that were maintained in paper format in the ordinary course of business, ALSTOM clarifies its response as follows:

1. We reviewed ALSTOM Transportation Inc.'s project documents that could potentially be responsive to this request. Where possible, documents that clearly did not pertain to the Acela brakes were excluded. As an illustration, ALSTOM did not produce documents that pertained solely to other systems on the Acela cars.

2. Where possible, documents that pertained to the brake systems in the locomotives were excluded, unless the documents appeared to be potentially responsive to both the locomotive braking systems and the trailer car friction braking systems. As an illustration, to the extent that a quality control manual could apply to all braking systems, it was produced. Documents that could be clearly identified as pertaining only to the locomotive braking systems were not produced. Documents pertaining to brakes, but whose scope was unclear, were produced.

3. ALSTOM's productions included responsive documents created or produced on or prior to April 14, 2005, the date that the cracked friction brake disc spokes were first discovered.

4. Documents produced in response to this request consisted of:

    a. project document logs (June 28, 2005: ATI 00429 - ATI 00454; July 28, 2005; ATI 023282 - ATI 023302)

    b. miscellaneous correspondence related to Knorr, training, repair and maintenance of brakes (August 22, 2005: ATI 024913 - ATI 024994)

    c. miscellaneous correspondence related to maintenance and repair of brakes (August 22, 2005: ATI 024995 - ATI 024998)

    d. miscellaneous correspondence and reports related to maintenance and repair of brakes (August 22, 2005: ATI 024999 - ATI 025019; ATI 025020 - ATI 025026)

    e. miscellaneous correspondence related to design and maintenance of brakes (August 22, 2005: ATI 025029 - ATI 025037)

    f. miscellaneous correspondence related to brake FMIs and other technical items (August 22, 2005: ATI 025043 - ATI 025110)

    g. Amtrak letter dated 18 April 2005 providing "notice" of the brake issue (August 22, 2005: ATI 025027 - ATI 025028)

    h. miscellaneous correspondence related to training (August 22, 2005: ATI 025038 - ATI 025042)

5. ALSTOM maintains the original paper documents, including documents that were not produced in response to Subpoena No. 05-18 in accordance with the above criteria, in a secure storage area at an ALSTOM facility in Hornell, New York.

With respect to documents that were maintained in electronic form in the ordinary course of business, ALSTOM clarifies its response as follows:

1. Electronic Search 1, as such search was defined among counsel for the OIG, ALSTOM, Bombardier and the NeCMSC, was conducted on ALSTOM's behalf by a third-party vendor, for the files of certain individuals that were agreed to both by counsel for the OIG and ALSTOM (the "Set Initial Group"). ALSTOM did not conduct other electronic searches. As stated in the January 23, 2006 letter from David Sadoff, Electronic Search 1 was defined as follows:

"Electronic Search 1", we understand, can be expressed as:

    A and (B or C or D), where

- A= (condition OR risk OR defect* OR deficien* OR malfunction* OR failure* OR crack* OR fracture* OR tear* OR rip* OR resonan* OR fatigue OR strain OR vibration OR frequenc*);

- B= (disc OR discs OR disk OR disks OR spokes OR spoke);

- C= (39566/2000 or 39566/2030 or *42120088S* or *42120089S* or WS700S*);

- D= (040305 or 090033 or 209902 or 279912 or 309913 or 309914 or 310008 or 339922 or 339939 or 339940 or 339958 or 3399914 or 499905 or 509902 or 509904 or 587410 or 587640 or 638411 or 693332).

2. Electronic Search 1 was run on the electronic files of the Set Initial Group, which was comprised of eleven current and former Alstom employees (both at ALSTOM and NeCMSC) that were selected because their positions or functions would make it likely that they would learn about problems related to the Acela trailer car friction brakes in the ordinary course of business. Files pertaining to Charles Wochele (Customer Director), John Robinson (Project Manager), Chris Chaffee (Contract Manager), Ann Dye (Contract Manager), Sebastien Geraud (Technical Manager), Leroy Motley (Site Manager), Greg Topf (Finance/Business Administration Director, NeCMSC), Norbert Behety (Engineering Director, NeCMSC), Sylvian Pages (Customer Service Technician, NeCMSC), Ed Kochis (former Accounting Manager, NeCMSC), Leopoldo Maestu (former Engineering Manager, NeCMSC) were searched. Email files and non-email project files on the hard drive (or, in Leopoldo Maestu's case, U-drive) of each individual were searched. For ALSTOM employees who worked on several projects (Robinson through Dye in the list above), the search was limited to files maintained in directories or sub-directories pertaining to the Acela project, except for Mr. Wochele whose entire Amtrak directory was searched. For employees stationed at NeCMSC (Geraud through Maestu in the list above), we did not limit the search to specific directories.

3. Where possible, documents that clearly did not pertain to the Acela brakes were excluded. As an illustration, ALSTOM did not produce documents that pertained solely to other systems on the Acela cars.

4. Where possible, documents that pertained to the brake systems in the locomotives were excluded, unless the documents appeared to be potentially responsive to both the locomotive braking systems and the trailer car friction braking systems. As an illustration, to the extent that an electronic document could apply to all braking systems, it was produced. Documents that could be clearly identified as pertaining only to the locomotive braking systems were not produced. Documents pertaining to brakes, but whose scope was unclear, were produced.

5. Where it was possible to specifically identify "events logs" files, such files were excluded. These electronic files are computer readouts of the various functions ("events") that take place on a trainset during any particular trip. As such, these documents contain several of the terms from Electronic Search 1, yet do not substantively refer to "cracks or malfunctions, including defective/deficient products," (as stated in Subpoena 05-18) pertaining to the trailer car friction brakes. These "events logs" files comprised approximately 20,000 documents. Before deciding to categorically exclude these documents, however, ALSTOM reviewed a significant number of these files to confirm that they did not substantively refer to the trailer car friction brakes.

6. ALSTOM's productions included responsive documents created or produced on or prior to April 14, 2005, the date that the cracked friction brake disc spokes were first discovered.

To the best of my knowledge, I certify that the foregoing is true and correct.

*Dana Wordes*

Dana Wordes

Associate General Counsel and

Secretary, ALSTOM Transportation Inc.

May 19, 2006

New York, New York

This is to certify that ALSTOM Transportation, Inc. ("ALSTOM") has, in accordance with the clarifications set forth herein, complied with the requests of OIG Subpoena No. 05-07 dated May 5, 2005. In addition, at my direction, ALSTOM has (i) inquired of its key engineering and customer service managers, who would be among the first to learn of any significant brake problem, whether any knew of cracked friction brake disc spokes prior to April 14, 2005, and (ii) undertaken a reasonable search for any documents showing knowledge of broken spokes on Acela trailer car friction brake discs prior to April 14, 2005. ALSTOM hereby certifies that, based on the results of our inquiry and search, it appears that no knowledgeable person had any notice of broken spokes prior to April 14, 2005.

Subpoena No. 05-07 requested copies of the following documents:

1. "All contracts, subcontracts and/or agreements between Alstom and any other entity, including, but not limited to, Bombardier, Knorr, Wabco Wabtec, Faively Transport, Sab Wabco, ORX, NeCMSC, relating to the Amtrak Acela trains."

2. "All operation and technical service manuals for the Acela trains, related to the brakes, including but not limited to disc assembly."

3. "All documents which describe or discuss your policies, procedures or methods for retaining and/or destroying records or documents, including electronic medium."

4. "All engineering reports regarding the Acela brake system, including the following parts or equipment, disc, wheels, wheel sets spokes, and/or brakes."

5. "All Service Bulletins or documents regarding service or repair information related to the Acela brakes or systems or equipment directly connected to the brakes."

6. "All Technical Service Advisories or documents providing service or repair information related to the Acela trains, including disc, wheels, wheel sets, spokes, and/or brakes."

7. "All documents which describe, discuss or relate to identification of quality control pertaining to braking discrepancies, malfunctions and/or defects for the Acela brakes or components of the brakes."

8. "All documents, correspondence, emails, notes, internal logs, records of conversation between Alstom representatives and any other entity, including, but not limited to Bombardier, Knorr, Wabco, Wabtec, Sab Wabco, ORX, NECMSC, regarding cracks, malfunctions, including defective/deficient products, pertaining to the Acela brakes, their assembly and/or wheel sets."

9. "For the time period January 2000 to the present, all Trip Reports/Logs and or Site Visit Reports/Logs by Alstom representatives to any Amtrak facility, NECMSC facility and or any other facility regarding the Acela trains. (In the event that the reports/logs do not clearly identify the parties in attendance,

please provide pertinent identifying information, including name, telephone number, etc.)"

10. "All documents which describe, discuss or relate to Quality Assurance reports of cracks and statements pertaining to the Acela brakes."

11. "All documents and records which describe, discuss or delineate the process or methodology of manufacturing the Acela brakes or any of its parts."

12. "All documents and records which describe, discuss or relate to your quality control program as it relates or related to the Acela brakes."

With respect to documents that were maintained in paper format in the ordinary course of business, ALSTOM clarifies its response as follows:

1. We reviewed ALSTOM Transportation Inc.'s project documents that could potentially be responsive to these requests. Where possible, documents that clearly did not pertain to the Acela brakes were excluded. As an illustration, ALSTOM did not produce documents that pertained solely to other systems on the Acela cars.

2. Where possible, documents that pertained to the brake systems in the locomotives were excluded, unless the documents appeared to be potentially responsive to both the locomotive braking systems and the trailer car friction braking systems. As an illustration, to the extent that a quality control manual could apply to all braking systems, it was produced. Documents that could be clearly identified as pertaining only to the locomotive braking systems were not produced. Documents pertaining to brakes, but whose scope was unclear, were produced.

3. ALSTOM's productions included responsive documents created or produced on or prior to April 14, 2005, the date that the cracked friction brake disc spokes were first discovered.

4. Documents produced in response to these requests consisted of the following:

Request 1:

   a. Security Interest and Buy America pre-award audit documents (June 28, 2005: ATI 00001 - ATI 00026)

   b. project document logs (June 28, 2005: ATI 00429 - ATI 00454)

Request #2:

   a. High Speed Trainset Illustrated Parts Manual (June 28, 2005: ATI 00027 - ATI 00194)

    b. miscellaneous documents related to maintenance and service (June 28, 2005: ATI 00501 - ATI 00517)

    c. miscellaneous documents related to Life Cycle Costs (June 28, 2005: ATI 00522 - ATI 00703; July 28, 2005: ATI 023321 - ATI 023379, ATI 023384 - ATI 023557, ATI 023559 - ATI 023618, ATI 024653 - ATI 024722)

    d. training manuals (June 28, 2005: ATI 01305 - ATI 01357)

    e. Running Maintenance Manual Vol. I. (June 28, 2005: CD # ATI 3 - pages not numbered)

    f. Running Maintenance Manual Vol. II. (June 28, 2005: CD # ATI 4 - pages not numbered)

    g. Heavy Repair Manual (June 28, 2005: CD # ATI 5 - pages not numbered)

    h. Illustrated Parts Manual - Coach Car (June 28, 2005: CD # ATI 6 - pages not numbered)

    i. Illustrated Parts Manual - First Class Car (June 28, 2005: CD # ATI 7 - pages not numbered)

    j. Illustrated Parts Manual - Cafe Car (June 28, 2005: CD # ATI 8 - pages not numbered)

    k. Illustrated Parts Manual - End Coach Car (June 28, 2005: CD # ATI 9 - pages not numbered)

    l. manuals referred to in CD Nos. ATI 3 through ATI 9 above (July 21, 2005: ATI 001388 - ATI 023281). This CD replaced CDs ATI 3 through ATI 9

    m. miscellaneous documents related to training (July 28, 2005: ATI 024531 - ATI 024652)

    n. miscellaneous correspondence, engineering, maintenance, training and other documents from the files of Leopoldo Maestu (February 23, 2006: ALSNEC_P00000001 - ALSNEC_P00000583)

Request #3:

    a. Alstom document retention policy (May 18, 2006: ATIWS_000001 - ATIWS_000003)

Request #4:

    a. RIN (June 28, 2005: ATI 00704 - ATI 00709)

    b. miscellaneous maintenance and repair documents (June 28, 2005: ATI 00751 - ATI 00798)

    c. Truck Stress Analysis (June 28, 2005: ATI 00799 - ATI 00898)

    d. RAMS (June 28, 2005: ATI 01358 - ATI 01375)

    e. service notes and engineering reports (July 28, 2005: ATI 023640 - ATI 023890; ATI 023891 - ATI 023950)

    f. progress reports (July 28, 2005: ATI 023951 - ATI 024024)

    g. Reliability Plan (July 28, 2005: ATI 024723 - ATI 024771)

    h. System Safety Program (July 28, 2005: ATI 024772 - ATI 024845)

    i. Hazard Analysis (July 28, 2005: ATI 024846 - ATI 024855)

    j. miscellaneous documents related to design freeze (August 22, 2005: ATI 025111 - ATI 025373)

    k. miscellaneous correspondence, engineering, maintenance, training and other documents from the files of Leopoldo Maestu (February 23, 2006: ALSNEC_P00000001 - ALSNEC_P00000583)

Request #5:

    a. miscellaneous documents related to Life Cycle Costs (June 28, 2005: ATI 00522 - ATI 00703; July 28, 2005: ATI 023321 - ATI 023379, ATI 023384 - ATI 023557, ATI 023559 - ATI 023618, ATI 024653 - ATI 024722)

    b. miscellaneous maintenance and repair documents (June 28, 2005: ATI 00751 - ATI 00798)

    c. service notes (June 28, 2005: ATI 00915 - ATI 01009; July 28, 2005: ATI 023558)

    d. miscellaneous documents related to tools (July 28, 2005: ATI 023619 - ATI 023639)

    e. service notes and engineering reports (July 28, 2005: ATI 023640 - ATI 023890; ATI 023891 - ATI 023950)

    f. miscellaneous documents related to Maintainability Plan (July 28, 2005: ATI 024856 - ATI 024866)

    g. miscellaneous correspondence related to Knorr, training, repair and maintenance of brakes (August 22, 2005: ATI 024913 - ATI 024994)

    h. miscellaneous correspondence related to maintenance and repair of brakes (August 22, 2005: ATI 024995 - ATI 024998)

  i. miscellaneous correspondence and reports related to maintenance and repair of brakes (August 22, 2005: ATI 024999 - ATI 025019; ATI 025020 - ATI 025026)

  j. miscellaneous correspondence related to design and maintenance of brakes (August 22, 2005: ATI 025029 - ATI 025037)

  k. miscellaneous correspondence related to training (August 22, 2005: ATI 025038 - ATI 025042)

  l. miscellaneous correspondence, engineering, maintenance, training and other documents from the files of Leopoldo Maestu (February 23, 2006: ALSNEC_P00000001 - ALSNEC_P00000583)

Request #6

  a. RIN (June 28, 2005: ATI 00704 - ATI 00709)

  b. miscellaneous documents related to tools (July 28, 2005: ATI 023619 - ATI 023639)

  c. miscellaneous correspondence related to Knorr, training, repair and maintenance of brakes (August 22, 2005: ATI 024913 - ATI 024994)

  d. miscellaneous correspondence related to maintenance and repair of brakes (August 22, 2005: ATI 024995 - ATI 024998)

  e. miscellaneous correspondence and reports related to maintenance and repair of brakes (August 22, 2005: ATI 024999 - ATI 025019; ATI 025020 - ATI 025026)

  f. miscellaneous correspondence related to design and maintenance of brakes (August 22, 2005: ATI 025029 - ATI 025037)

  g. miscellaneous correspondence related to training (August 22, 2005: ATI 025038 - ATI 025042)

  h. miscellaneous correspondence, engineering, maintenance, training and other documents from the files of Leopoldo Maestu (February 23, 2006: ALSNEC_P00000001 - ALSNEC_P00000583)

Request #7

  a. miscellaneous documents related to quality (June 28, 2005: - ATI 00195-ATI 00204; ATI 00205 - ATI 00428; ATI 00455 - ATI 00456)

  b. Hazard List (June 28, 2005: ATI 00710 - ATI 00750)

  c. miscellaneous correspondence and reports related to maintenance and repair of brakes (August 22, 2005: ATI 024999 - ATI 025019; ATI 025020 - ATI 025026)

    d. miscellaneous correspondence related to Knorr, training, repair and maintenance of brakes (August 22, 2005: ATI 024913 - ATI 024994)

    e. miscellaneous correspondence related to maintenance and repair of brakes (August 22, 2005: ATI 024995 - ATI 024998)

    f. miscellaneous correspondence and reports related to maintenance and repair of brakes (August 22, 2005: ATI 024999 - ATI 025019; ATI 025020 - ATI 025026)

    g. miscellaneous correspondence related to design and maintenance of brakes (August 22, 2005: ATI 025029 - ATI 025037)

    h. miscellaneous correspondence related to training (August 22, 2005: ATI 025038 - ATI 025042)

    i. miscellaneous correspondence, engineering, maintenance, training and other documents from the files of Leopoldo Maestu (February 23, 2006: ALSNEC_P00000001 - ALSNEC_P00000583)

### Request #8

    a. project document logs (June 28, 2005: ATI 00429 - ATI 00454; July 28, 2005: ATI 023282 - ATI 023302)

    b. RIN (June 28, 2005: ATI 00704 - ATI 00709)

    c. miscellaneous documents related to interface (June 28, 2005: ATI 00899 - ATI 00914; July 28, 2005: ATI 024025 - ATI 024417)

    d. miscellaneous correspondence related to Knorr, training, repair and maintenance of brakes (August 22, 2005: ATI 024913 - ATI 024994)

    e. miscellaneous correspondence related to maintenance and repair of brakes (August 22, 2005: ATI 024995 - ATI 024998)

    f. miscellaneous correspondence and reports related to maintenance and repair of brakes (August 22, 2005: ATI 024999 - ATI 025019; ATI 025020 - ATI 025026)

    g. miscellaneous correspondence related to design and maintenance of brakes (August 22, 2005: ATI 025029 - ATI 025037)

    h. miscellaneous correspondence related to brake FMIs and other technical items (August 22, 2005: ATI 025043 - ATI 025110)

    i. Amtrak letter dated 18 April 2005 providing "notice" of the brake issue (August 22, 2005: ATI 025027 - ATI 025028)

    j. miscellaneous correspondence related to training (August 22, 2005: ATI 025038 - ATI 025042)

   k. miscellaneous correspondence, engineering, maintenance, training and other documents from the files of Leopoldo Maestu (February 23, 2006: ALSNEC_P00000001 - ALSNEC_P00000583)

Request #9

   a. We did not encounter responsive documents in our files.

Request #10

   a. miscellaneous documents related to quality (June 28, 2005: - ATI 00195-ATI 00204)

Request # 11

   a. miscellaneous documents related to brake forces (June 28, 2005: ATI 00517.001- ATI 00521)

   b. RIN (June 28, 2005: ATI 00704 - ATI 00709)

   c. miscellaneous documents related to interface (June 28, 2005: ATI 00899 - ATI 00914; July 28, 2005: ATI 024025 - ATI 024417)

   d. Knorr Bench Test (June 28, 2005: ATI 01099 - ATI 01138)

   e. miscellaneous drawings (June 28, 2005: ATI 01139 - ATI 01304; July 28, 2005: ATI 023303 - ATI 023320)

   f. Change Request (June 28, 2005: ATI 01376 - ATI 01387)

   g. miscellaneous documents related to Knorr (July 28, 2005: ATI 023380 - ATI 023383; July 28, 2005: ATI 024418 - ATI 024530)

   h. miscellaneous documents related to mass reduction (July 28, 2005: ATI 024867 - ATI 024912)

Request #12

   a. miscellaneous documents related to quality (June 28, 2005: - ATI 00195-ATI 00204; ATI 00205 - ATI 00428; ATI 00455 - ATI 00456)

   b. miscellaneous documents related to Life Cycle Costs (June 28, 2005: ATI 00522 - ATI 00703; July 28, 2005: ATI 023321 - ATI 023379, ATI 023384 - ATI 023557, ATI 023559 - ATI 023618, ATI 024653 - ATI 024722)

   c. Hazard List (June 28, 2005: ATI 00710 - ATI 00750)

   d. Maintenance Plan (June 28, 2005: ATI 01010 - ATI 01098)

   e. Reliability Plan (July 28, 2005: ATI 024723 - ATI 024771)

   f. System Safety Program (July 28, 2005: ATI 024772 - ATI 024845)

      g. Hazard Analysis (July 28, 2005: ATI 024846 - ATI 024855)

      h. miscellaneous correspondence, engineering, maintenance, training and other documents from the files of Leopoldo Maestu (February 23, 2006: ALSNEC_P00000001 - ALSNEC_P00000583)

5. ALSTOM maintains the original paper documents, including documents that were not produced in response to Subpoena No. 05-07 in accordance with the above criteria, in a secure storage area at an ALSTOM facility in Hornell, New York.

With respect to documents that were maintained in electronic form in the ordinary course of business, ALSTOM clarifies its response as follows:

1. Electronic Search 1, as such search was defined among counsel for the OIG, ALSTOM, Bombardier and the NeCMSC, was conducted on ALSTOM's behalf by a third-party vendor, for the files of certain individuals that were agreed to both by counsel for the OIG and ALSTOM (the "Set Initial Group"). ALSTOM did not conduct other electronic searches. As stated in the January 23, 2006 letter from David Sadoff, Electronic Search 1 was defined as follows:

"'Electronic Search 1', we understand, can be expressed as:

    A and (B or C or D), <u>where</u>

- A= (condition OR risk OR defect* OR deficien* OR malfunction* OR failure* OR crack* OR fracture* OR tear* OR rip* OR resonan* OR fatigue OR strain OR vibration OR frequenc*);

- B= (disc OR discs OR disk OR disks OR spokes OR spoke);

- C= (39566/2000 or 39566/2030 or *42120088S* or *42120089S* or WS700S*);

- D= (040305 or 090033 or 209902 or 279912 or 309913 or 309914 or 310008 or 339922 or 339939 or 339940 or 339958 or 3399914 or 499905 or 509902 or 509904 or 587410 or 587640 or 638411 or 693332)."

2. Electronic Search 1 was run on the electronic files of the Set Initial Group, which was comprised of eleven current and former Alstom employees (both at ALSTOM and NeCMSC) that were selected because their positions or functions would make it likely that they would learn about problems related to the Acela trailer car friction brakes in the ordinary course of business. Files pertaining to Charles Wochele (Customer Director), John Robinson (Project Manager), Chris Chaffee (Contract Manager), Ann Dye (Contract Manager), Sebastien Geraud (Technical Manager), Leroy Motley (Site Manager), Greg Topf (Finance/Business Administration Director, NeCMSC), Norbert Behety (Engineering Director, NeCMSC), Sylvian Pages (Customer Service Technician, NeCMSC), Ed Kochis (former Accounting Manager, NeCMSC), Leopoldo Maestu (former Engineering Manager, NeCMSC) were searched.

Email files and non-email project files on the hard drive (or, in Leopoldo Maestu's case, U-drive) of each individual were searched. For ALSTOM employees who worked on several projects (Robinson through Dye in the list above), the search was limited to files maintained in directories or sub-directories pertaining to the Acela project, except for Mr. Wochele whose entire Amtrak directory was searched. For employees stationed at NeCMSC (Geraud through Maestu in the list above), we did not limit the search to specific directories.

3. Where possible, documents that clearly did not pertain to the Acela brakes were excluded. As an illustration, ALSTOM did not produce documents that pertained solely to other systems on the Acela cars.

4. Where possible, documents that pertained to the brake systems in the locomotives were excluded, unless the documents appeared to be potentially responsive to both the locomotive braking systems and the trailer car friction braking systems. As an illustration, to the extent that an electronic document could apply to all braking systems, it was produced. Documents that could be clearly identified as pertaining only to the locomotive braking systems were not produced. Documents pertaining to brakes, but whose scope was unclear, were produced.

5. Where it was possible to specifically identify "events logs" files, such files were excluded. These electronic files are computer readouts of the various functions ("events") that take place on a trainset during any particular trip. As such, these documents contain several of the terms from Electronic Search 1, yet do not substantively refer to "cracks or malfunctions, including defective/deficient products," (as stated in Subpoena 05-07) pertaining to the trailer car friction brakes. These "events logs" files comprised approximately 20,000 documents. Before deciding to categorically exclude these documents, however, ALSTOM reviewed a significant number of these files to confirm that they did not substantively refer to the trailer car friction brakes.

6. Electronic documents were produced largely in response to subpoena request #8, but also span various additional requests as all documents that received hits under Electronic Search 1, and were not excluded as provided above, were produced if they appeared to relate to Acela braking systems.

7. ALSTOM's productions included responsive documents created or produced on or prior to April 14, 2005, the date that the cracked friction brake disc spokes were first discovered.

8. The electronic documents from the Set Initial Group were produced as follows:

    a. March 10, 2006 - electronic documents from the hard drives of Alstom NeCMSC employees Greg Topf, Norbert Behety, and Sylvian Pages, as well as those of former Alstom NeCMSC employee Ed Kochis, and those from the U-drive of Alstom employee and former NeCMSC Engineering Manager Leopoldo Maestu. (Production Nos. ALSNEC_E00000001 - ALSNEC_E00030325)

b. April 7, 2006 - electronic documents from the hard drives of Alstom employees Chuck Wochele, John Robinson, Chris Chaffee, Ann Dye, Sebastien Geraud and Leroy Motley (Production Nos. ALSTOM_E000001 - ALSTOM_E035177)

c. April 18, 2006 - electronic documents from the hard drives of Alstom employees Chuck Wochele, John Robinson, Chris Chaffee, Ann Dye, Sebastien Geraud, and Leroy Motley; Alstom NeCMSC employees Greg Topf, Norbert Behety, and Sylvian Pages, as well as those of former Alstom NeCMSC employee Ed Kochis and those from the U-drive of Alstom employee and former NeCMSC Engineering Manager Leopoldo Maestu (Production Nos. ALSTOM_E035178 - ALSTOM_E092816; ALSNEC_E00030326 - ALSNEC_E00030331). Also, various electronic documents from the files of Ed Kochis, Sebastien Geraud, Chuck Wochele, John Robinson and Chris Chaffee containing confidential settlement materials and non-responsive information of a confidential financial nature were provided. These documents were redacted so that only responsive non-confidential pages were produced (Production Nos. ALSNEC_E00030332 - ALSNEC_E00030861 and ALSTOM_E092817 - ALSTOM_E092980)

d. April 19, 2006 - text-searchable PDF images and metadata corresponding to the "Redacted Documents" (Production Nos. ALSNEC_E00030332 - ALSNEC_E00030861 and ALSTOM_E092817 - ALSTOM_E092980)

e. April 26, 2006 - replacement disc for the one delivered on April 19, 2006, which was not readable. (Production Nos. ALSNEC_E00030332 - ALSNEC_E00030861 and ALSTOM_E092817 - ALSTOM_E092980)

To the best of my knowledge, I certify that the foregoing is true and correct.

*Dana Wordes* (signature)

Dana Wordes

Associate General Counsel and

Secretary, ALSTOM Transportation Inc.

May 19, 2006

New York, New York