

**Pillsbury**
**Winthrop**
**Shaw**
**Pittman** LLP

1540 Broadway
New York, NY 10036-4039
Tel 212.858.1000 | Fax 212.858.1500
www.pillsburylaw.com

## FACSIMILE

Century City

Houston

London

Los Angeles

New York

Northern Virginia

Orange County

Palo Alto

Sacramento

San Diego

San Diego-North County

San Francisco

Silicon Valley

Sydney

Tokyo

Washington DC

Total Pages: (Including cover): 28

| Date: | May 30, 2006 | User No: | |
|---|---|---|---|
| From: | **Philip Douglas** | Phone No: | **212-858-1704** |
| | | C/M No: | |

| To: | **David Sadoff** | Phone No: | 202-906-4355 |
|---|---|---|---|
| Company: | | Fax No: | **202-906-4695** |
| Confirm? | | Confirmed by: | |

Comments:

Please see the attached letter.

**CONFIDENTIALITY NOTE:**
The documents accompanying
this facsimile transmission may
contain confidential information
which is legally privileged.
The information is intended
only for the use of the individual
or entity named above. If you are
not the intended recipient, or the
person responsible for delivering
it to the intended recipient, you
are hereby notified that any
disclosure, copying, distribution
or use of any of the information
contained in this transmission is
strictly PROHIBITED. If you have
received this trans-mission in error,
please immediately notify us by
telephone and mail the original
transmission to us. Thank you.

EXHIBIT
131
ALL-STATE LEGAL®

If you have not properly received this fax, please call 212.858.1000. Thank you.
Operator:



Pillsbury
Winthrop
Shaw
Pittman LLP

WINSTON & STRAWN LLP

**Confidential Settlement and Investigative Communication**
**Disclosure Restricted to Head of Designated**
**Federal Entity Pursuant to 5 U.S.C. App. 3 § 8G(d)**

May 30, 2006

**BY FAX**

David Sadoff, Esq.
Associate Counsel to the Inspector General
Office of the Inspector General
Legal Counsel's Office
10 "G" Street, N.E.
Suite 3E-400
Washington, D.C. 20002

> Re:    *Fred E. Weiderhold, Jr. v. Bombardier, Inc., Alstom Transportation,*
> *Inc. and Northeast Corridor Maintenance Services Company*

Dear Mr. Sadoff:

NeCMSC continues to believe that the Office of Inspector General is not entitled to any certificate of compliance with the subpoenas.[1] Nonetheless, in an attempt to settle our differences and finally reach closure, NeCMSC is providing the form of a certification that an appropriate representative is willing to sign.

Very truly yours,

Philip Le B. Douglas
Pillsbury Winthrop Shaw Pittman LLP
1540 Broadway
New York, NY 10036-4039
(212) 858-1704

Timothy M. Broas
Winston & Strawn LLP
1700 K Street, N.W.
Washington, D.C. 20006-3817
(202) 282-5750

---

[1] Naturally, if there are statutes or regulations we have overlooked, please bring them to our attention.

**Confidential Investigative**
**and Settlement Communication**
**Disclosure Restricted to**
**Head of Designated Federal Entity**
**Pursuant to 5 U.S.C. App. 3 § 8G(d)**

**Submitted Without Prejudice**

May ___, 2006

## NeCMSC CERTIFICATION TO
## AMTRAK OFFICE OF INSPECTION GENERAL

The Northeast Corridor Maintenance Company ("NeCMSC") hereby certifies[1] as follows:

**A.**   **Lack of Notice of Broken Spokes**

NeCMSC representatives have (i) inquired of persons with primary responsibility for any significant brake problems whether they or, to their knowledge, any other knowledgeable NeCMSC representatives, received notice prior to April 14, 2005 of a problem with broken friction brake spokes, and (ii) undertaken a reasonable search for documents constituting such notice in those files of NeCMSC in Washington, D.C., in which such records were reasonably likely to be found. Based on that inquiry and search, it appears that no responsible person at NeCMSC had notice of broken friction brake spokes prior to April 14, 2005. (Sworn statements to this effect are annexed as Exhibit A).

---

[1] This certification is submitted in the course of settlement discussions with the OIG. NeCMSC does not concede that any certification is required.

500084930v4

**B.    The Initial Searches**

1.    **OIG Subpoena No. 05-09 (May 10, 2005) (the "First Subpoena")**

NeCMSC representatives have inquired of persons with knowledge of the types of

records requested in the First Subpoena regarding the existence and location of any

responsive documents.  Based on these interviews, and subject to the objections set forth

in its June 20, 2005 letter, NeCMSC responded to the First Subpoena by conducting

manual and certain limited electronic searches of files in which the records described

below were reasonably likely to be found, namely, certain files of NeCMSC at

Washington, D.C.   Correspondence regarding the documents produced as a result of

these searches are among the documents identified in Exhibit B.  Based on those

searches, NeCMSC has responded to the First Subpoena's numbered requests as follows:

Request No. 1

> All contracts, subcontracts and/or agreements between NeCMSC and any
> other entity, including, but not limited to, Knorr, Bombardier/Alstom,
> Wabco, Wabtec, Sab Wabco, ORX, NECMSC, relating to the Amtrak
> Acela trains.

Response to Request No. 1

NeCMSC has produced any responsive documents to the extent they relate to

friction brakes on Acela train cars.

Request No. 2

> All operation and technical service manuals for the Acela trains, related to
> the brakes, including but not limited to disc assembly.

Response to Request No. 2

NeCMSC has produced any maintenance manuals and service bulletins that relate

to friction brakes on Acela trailer cars.

2

Request No. 3

All documents which describe or discuss your policies, procedures or methods for retaining and/or destroying records or documents, including electronic medium.

Response to Request No. 3

NeCMSC has produced any documents responsive to this request.

Request No. 4

All engineering reports regarding the Acela brake system, including the following parts or equipment, disc, wheels, wheel sets spokes, and/or brakes.

Response to Request No. 4

NeCMSC has produced any failure analysis reports relating to the discs of the

friction brakes of the Acela trailer cars.

Request No. 5

All Service Bulletins or documents regarding service or repair information related to the Acela brakes or systems or equipment directly connected to the brakes.

Response to Request No. 5

NeCMSC has produced any documents responsive to this request that relate to

friction brakes on the Acela trailer cars.

Request No. 6

All High Speed Trainset Technical Bulletins, Service Advisories or documents providing service Or repair information related to the Acela trains, including disc, wheels, wheel sets, spokes, and/or brakes.

3

Response to Request No. 6

NeCMSC has produced any responsive service bulletins and technical bulletins

and maintenance records relating to the friction brakes on the Acela trailer cars.

Request No. 7

All documents which describe, discuss or relate to identification of quality
control pertaining to braking discrepancies, malfunctions and/or defects
for the Acela brakes or components of the brakes.

Response to Request No. 7

NeCMSC has produced any responsive records prepared in the course of

inspecting and maintaining, and Quality Assurance conformity and non-conformity

reports regarding, the friction brakes on the Acela trailer cars.

Request No. 8

All documents, correspondence, emails, notes, internal logs, records of
conversation between NECMSC representatives and any other entity,
including, but not limited to Bombardier/Alstom, ORX, Wabco, Wabtec,
Sab Wabco, Knorr, NECMSC, Faiveley, regarding cracks, malfunctions,
including defective/deficient products, pertaining to the Acela brakes, their
assembly and/or wheel sets.

Response to Request No. 8

NeCMSC has produced any responsive records relating to the friction brakes on

the Acela trailer cars.

Request No. 9

For the time period January 2000 to the present, all Trip Reports/Logs
and/or Site Visit Reports/Logs to any Amtrak facility, NECMSC facility,
facility and/or any other facility pertaining to the Acela trains, by, but not
limited to, ORX representatives, Wabco or Wabtec representatives, Sab
Wabco representatives, and/or Knorr representatives. (In the event that
the reports/logs do not clearly identify the parties in attendance, please
provide pertinent identifying information, including name, telephone
number, etc.)

4

Response to Request No. 9

NeCMSC has provided any responsive records relating to the friction brakes on

the Acela trailer cars.

Request No. 10

All documents which describe discuss or relate to Quality Assurance
reports of cracks and statements pertaining to the Acela brakes.

Response to Request No. 10

NeCMSC has produced any Quality Assurance conformity or non-conformity

records regarding friction brakes on the Acela trailer cars.

Request No. 11

All documents and records which describe, discuss or delineate the
process or methodology of manufacturing the Acela brakes or any of its
parts.

Response to Request No. 11

NeCMSC has produced any responsive records that describe or discuss the

process of manufacturing the friction brakes for the Acela trailer cars.

Request No. 12

All documents and records which describe, discuss or relate to your
quality control program as it relates or related to the Acela brakes.

Response to Request No. 12

NeCMSC has produced any responsive records relating to any inspection and

testing manuals for the friction brakes on the Acela trailer cars.

Request No. 13

All documents and record, including databases, that identify the wheelset
assembly records starting from when the wheel sets were first assembled
by ORX or any other entity and any changes that occurred to the wheel
sets as they were being returned to ORX or any other entity for wheel
replacement and/or requalification.

Response to Request No. 13

NeCMSC has produced any responsive documents relating to the friction brakes on the Acela trailer cars.

### 2.    OIG Subpoena No. 05-20 (June 24, 2005) (the "Second Subpoena")

Subject to the objections set forth in its June 20, 2005 letter, NeCMSC responded to the Second Subpoena by conducting non-electronic and certain limited electronic searches of files in which the records described below were reasonably likely to be found, namely, certain files of NeCMSC at Washington, D.C.  Based on those searches, NeCMSC has responded to the Second Subpoena's numbered requests as follows:

Request No. 1

> All documents, correspondence, emails, notes, internal logs, records of conversation by NECMSC among its employees, agents or representatives or between NECMSC and any other entity, including, but not limited to Alstom, Knorr, Wabco, Wabtec, Sab Wabco, Faiveley Transport, ORX, Bombardier, regarding cracks or malfunctions, including defective/deficient products, pertaining to the Acela brakes.

Response to Request No. 1

NeCMSC has produced any responsive records relating to the friction brakes on the Acela trailer cars.

### C.    The Agreed Electronic Searches

After OIG initiated a proceeding in the United States District Court for the District of Columbia, *Fred E. Weiderhold, Jr., v. Bombardier, Inc., et al.,* No. 1:05 MS 367, the parties began extensive settlement discussions in an effort to resolve, among other things, OIG's claims arising out of the First and Second Subpoenas.  During these discussions, NeCMSC, in consultation with the OIG, undertook a series of electronic

6

searches of electronic files, including the search denominated by the parties as "Electronic Search 1."[2]. Among other things, these searches sought records constituting NeCMSC notice prior to April 14, 2005 of broken spokes or other significant problems in trailer car friction brakes (collectively the "Agreed Electronic Searches"). Correspondence describing the Agreed Electronic Searches and the documents produced as a result of those searches are among the documents identified in Exhibit B. The Agreed Electronic Searches were conducted and documents were produced as represented by NeCMSC in correspondence identified in Exhibit B.

**D.    Index**

Attached as Exhibit C is an index to NeCMSC's productions pursuant to the First Subpoena, the Second Subpoena and the Agreed Electronic Searches setting forth the date each record was produced, the production numbers, the file description and applicable requests.

**E.    Privilege Log**

NeCMSC's privilege log is annexed as Exhibit D.

NORTHEAST CORRIDOR MAINTENANCE
SERVICES COMPANY

By:_____
    Name:
    Title:

_____

[2] Electronic Search 1 used the following search terms: "(condition OR risk OR defect* OR deficien* OR malfunction* OR failure* OR crack* OR fracture* OR tear* OR rip* OR resonan* OR fatigue OR strain OR vibration OR frequenc*) and ((disc OR discs OR disk OR disks OR spokes OR spoke) or (39566/2000 or 39566/2030 or *42120088S* or *42120089S* or WS700S*) or (040305 or 090033 or 209902 or 279912 or 309913 or 309914 or 310008 or 339922 or 339939 or 339940 or 339958 or 3399914 or 499905 or 509902 or 509904 or 587410 or 587640 or 638411 or 693332))".

7

## EXHIBIT A

### "Notice Affidavits"

- Declaration of Norbert Behety

- Declaration of Sylvain Labbé

- Declaration of Chuck Wochele

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| FRED E. WEIDERHOLD, JR., AS INSPECTOR GENERAL, NATIONAL RAILROAD PASSENGER CORPORATION | ) ) ) ) ) | Misc. Civil No. |
| Petitioner | ) ) ) | |
| v. | ) ) | **AFFIDAVIT OF NORBERT BEHETY** |
| BOMBARDIER, INC. | ) ) | |
| ALSTOM TRANSPORTATION, INC. | ) ) | |
| NORTHEAST CORRIDOR MAINTENANCE SERVICES COMPANY | ) ) ) | |
| Respondents. | ) ) | |

NORBERT BEHETY, being first duly sworn, deposes and says:

1.     I am over the age of 18 and believe in the obligation of an oath.

2.     I am the Engineering Manager for Northeast Corridor Maintenance Services Company ("NeCMSC") and am also an employee of Alstom Transportation, Inc. ("Alstom"). I have been employed by Alstom since 1982, and have been with NeCMSC since July 2004. I have been involved with the Acela project since July 2004.

3.     As NeCMSC Engineering Manager I am responsible for the operational reliability of the Acela trains. I am responsible for identifying any potential problems and reporting them

to Bombardier and Alstom if it is not in my hands to solve them. Accordingly, I would have been notified of any issues relating to defective, cracked or broken friction brake disc spokes.

4.      Prior to April 14, 2005, I was unaware of any defective, cracked or broken spokes ("Spoke Issues") on the Acela trains.

5.      This concludes my affidavit.

_____
Norbert Behety

Subscribed and sworn to before me this
17th day of October, 2005

_____
Notary Public
My Commission Expires:

**VALERIE T. BEVERLY**
**Notary Public District of Columbia**
**My Commission Expires April 14, 2007**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FRED E. WEIDERHOLD, JR.,<br>AS INSPECTOR GENERAL,<br>NATIONAL RAILROAD PASSENGER<br>CORPORATION<br><br>    Petitioner<br><br>    v.<br><br>BOMBARDIER, INC.<br><br>ALSTOM TRANSPORTATION, INC.<br><br>NORTHEAST CORRIDOR MAINTENANCE<br>    SERVICES COMPANY<br><br>    Respondents. | Misc. Civil No. 1:05-mc-00367-PLF<br><br>**DECLARATION OF<br>SYLVAIN LABBÉ** |

I, SYLVAIN LABBÉ, pursuant to 28 U.S.C. § 1746, declare that:

1.    I am a Senior Mechanical Designer at Northeast Corridor Maintenance Services Company ("NeCMSC"), and am also an employee of Bombardier Transportation, a group of Bombardier Inc., the ultimate parent company of Bombardier Corporation (collectively "Bombardier"). I make this declaration in support of Alstom Transportation, Inc.'s ("Alstom"), Bombardier's and Northeast Corridor Maintenance Services Company's ("NeCMSC") (collectively "Respondents") Response to the Petition (the "Petition") of Fred E. Weiderhold, Jr., as Inspector General, National Railroad Passenger Corporation ("Amtrak").

2.    I am a train brake specialist and a member of NeCMSC's reliability team. I have been responsible for designing interfaces to, trouble-shooting, testing and commissioning the brake system of trainsets for different transportation authorities, including the Acela trainsets.

3.    I have been employed by Bombardier since May 1980, and have been with NeCMSC since May 2002. I have been involved with the Acela project from its inception. I am therefore familiar with the facts and circumstances surrounding the events described in this declaration. Unless otherwise noted, this declaration is based on personal knowledge.

## Bombardier's and NeCMSC's Lack of Notice

4.    Because of my dual role as NeCMSC's lead brake specialist and the sole Bombardier brake specialist to have been continuously involved in the Acela project, I am routinely notified, through both formal and informal channels, of any problems with the brakes (other than one-time problems such as those caused by improper handling). Accordingly, I would have been notified of any issues relating to broken spokes.

5.    Prior to April 14, 2005, I was unaware of any defective, cracked or broken spokes ("Spoke Issues") on the Acela trains.

6.    After April 14, 2005, I reviewed my files to see if I had ever received any documents that might have put me on notice of any Spoke Issues. I found no such documents.

7.    I am unaware of any documents that might have put NeCMSC or Bombardier on notice of any Spoke Issues prior to April 14, 2005.

## Where Broken Spokes Might Be Identified

8.    All periodic NeCMSC inspections are conducted by Amtrak employees. These Amtrak employees are required to inspect the Acela trainsets thoroughly, including the brake discs, every day while the trainset is in service and at other regular intervals. (For convenience, I will refer to the various kinds of reports generated from routine inspection and maintenance as "Daily Inspection Reports" or "DIRs".) Any Amtrak employee who identifies a problem with

2

the trainsets (including, for instance, any problems with the brake discs), is required to note those problems on certain forms as part of their DIR for that trainset.

9.     If a problem on a DIR requires corrective action, a Corrective Work Order ("CWO") is generated.

10.     Accordingly, if a cracked spoke had ever been identified by an Amtrak employee at NeCMSC, it would first be noted in writing on a DIR and CWO.

11.     In November 2004, I searched the CWO titles in the SPEAR 2000 database for the word "CRACK" in order to provide information for a memorandum regarding cracked brake discs, which I understand is attached as Exhibit 12 to Mr. Weiderhold's Petition. I reviewed the search results; none of them involved a cracked or broken spoke.

12.     I am unaware of any DIR or CWO prior to April 14, 2005 noting any cracked spokes.

**Communications With Subcontractors Regarding Brakes**

13.     Although all formal communication between NeCMSC or Bombardier and Knorr Brake Corporation ("Knorr") goes through Bombardier's Supply Management department in St-Bruno, Canada, I am the primary contact for informal communications with Knorr. In early 2005, I was frequently on the telephone with Ted Lin, Ph.D., Lead Analytical Engineer of Knorr to discuss various brake-related issues (none of which related to brake spokes).

14.     Shortly before April 14, 2005, Dr. Lin called me to ask if Knorr and one of its subcontractors could visit NeCMSC's Ivy City facility. He stated that Knorr's subcontractor wanted to check the wear rate of its brake disc friction plates. Dr. Lin made no reference to brake disc spokes. In fact, our conversation did not appear unusual to me at the time. This

3

particular visit never took place, however, because on April 14, 2005, the Federal Railroad

Administration discovered cracks on the spokes of the Acela trailer car friction brakes, and took

the trains out of service.

15.     I do not ordinarily communicate directly with ORX or Knorr's subcontractors or

sub-subcontractors, including Faiveley Transport, Wabco, Wabtec, and Sab Wabco.

16.     Prior to April 14, 2005, neither ORX nor Dr. Lin nor anyone else at Knorr nor

Knorr's various subcontractors ever informed me of any cracked or broken spokes on the Acela

trailer car brake discs.

### March 16, 2005 Faiveley Memorandum

17.     Prior to September 22, 2005, I had never seen the "Confidential!" March 16, 2005

Faiveley Transport memorandum, which I understand is attached as Exhibit 11 to Mr.

Weiderhold's Petition (the "Faiveley Memorandum").

18.     I was entirely unaware of the substance of the Faiveley Memorandum before Mr.

Weiderhold filed his Petition.

19.    I am not aware of anyone else at Bombardier or NeCMSC who had knowledge of the Faiveley Memorandum before Mr. Weiderhold filed his Petition.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. This declaration was executed on October 19, 2005 in Washington, District of Columbia.

Sylvain Labbé

5

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| FRED E. WEIDERHOLD, JR., AS ) <br> INSPECTOR GENERAL, NATIONAL ) <br> RAILROAD PASSENGER ) <br> CORPORATION ) <br> ) <br> Petitioner ) <br> ) <br> v. ) <br> ) <br> BOMBARDIER, INC. ) <br> ) <br> ALSTOM TRANSPORTATION, INC. ) <br> ) <br> NORTHEAST CORRIDOR ) <br> MAINTENANCE SERVICES COMPANY ) <br> ) <br> Respondents. ) <br> ) | Misc. Civil No. <br><br><br><br><br><br><br> **AFFIDAVIT OF CHUCK WOCHELE** |

CHUCK WOCHELE, being first duly sworn, deposes and says:

1.    I am over the age of 18 and believe in the obligation of an oath.

2.    I am Vice President of Business Development/Amtrak Customer Director for

Alstom Transportation, Inc. ("Alstom"). I have served with Alstom since January, 1997, and as

Alstom's Customer Director for Amtrak since October, 2003.

3.    As Alstom's Customer Director for Amtrak, I am responsible for all customer

relations matters with Amtrak, and am its primary customer contact. All program managers

related to Amtrak report to me. These program managers work with the Acela project on a day-

to-day basis, and keep a running log of any reports or quality issues. As a result, I would be aware of such issues should they arise.

4.      Prior to April 14, 2005, I was unaware of any defective, cracked or broken spokes ("Spoke Issues") on the Acela trains.

5.      This concludes my affidavit.

Chuck Wochele

Subscribed and sworn to before me this
12th day of October, 2005

Notary Public
My Commission Expires:

ELIZABETH R.T. HALLO
Notary Public, State of New York
No. 01HA6130553
Qualified in New York County
Commission Expires July 18, 2009

## EXHIBIT B

| TAB | DATE | DESCRIPTION |
|-----|------|-------------|
| 1. | 6/20/2005 | Letter to C. Carriere from P. Douglas and T. Broas letter regarding objections to subpoena. |
| 2. | 6/24/2005 | Letter to C. Carriere from P. Douglas and T. Broas enclosing NEC0000001 to NEC0226982. |
| 3. | 6/27/2005 | Letter to P. Douglas and T. Broas from C. Carriere regarding 6/20/05 letter. |
| 4. | 6/24/2005 | Letter to C. Carriere from P. Douglas and T. Broas enclosing NEC0000001 to NEC0226982. |
| 5. | 6/27/2005 | Letter to P. Douglas and T. Broas from C. Carriere regarding 6/20/05 letter. |
| 6. | 6/28/2005 | Letter to C. Carriere from P. Douglas and T. Broas regarding NeCMSC's Memorial Day e-mail server failure. |
| 7. | 6/30/2005 | Letter to C. Carriere from P. Douglas and T. Broas regarding 6/27/05 letter. |
| 8. | 7/1/2005 | Letter to C. Carriere from P. Douglas and T. Broas enclosing NEC0226983 to NEC0375599. |
| 9. | 7/5/2005 | Letter to C. Carriere from P. Douglas and T. Broas enclosing NEC0375600 to NEC0520061. |
| 10. | 7/6/2005 | Letter to T. Broas and P. Douglas from D. Sadoff regarding response to subpoena and additional search terms. |
| 11. | 7/11/2005 | Letter to D. Sadoff from P. Douglas and T. Broas regarding 7/6/05 letter. |
| 12. | 7/22/2005 | Letter to P. Douglas from C. Carriere responding to 7/11/05 letter. |
| 13. | 7/22/2005 | Letter to C. Carriere from P. Douglas and T. Broas enclosing NEC0520062 to NEC0542348. |
| 14. | 8/5/2005 | Letter to C. Carriere from P. Douglas and T. Broas regarding 7/22/05 letter. |
| 15. | 8/9/2005 | Letter to P. Douglas and T. Broas from C. Carriere regarding 8/5/05 letter. |
| 16. | 8/17/2005 | Letter to C. Carriere from P. Douglas and T. Broas enclosing production NEC0542349 to NEC0602713. |
| 17. | 8/19/2005 | Letter to C. Carriere from P. Douglas and T. Broas regarding 8/9/05 letter. |
| 18. | 8/22/2005 | Letter to P. Douglas and T. Broas from C. Carriere regarding 8/19/05 letter. |
| 19. | 9/30/2005 | Letter to C. Carriere from P. Douglas and T. Broas regarding petition of Fred Weiderhold. |

| 20. | 10/4/2005 | Letter to T. Broas and P. Douglas from D. Sadoff regarding 9/30/05 letter. |
|-----|-----------|------------------------------------------------------------------------------|
| 21. | 10/5/2005 | Letter to D. Sadoff from P. Douglas and T. Broas regarding 10/4/05 letter declining request for hearing before the Inspector General and request for March 2005 documents summarized in Mr. Weiderhold's brief |
| 22. | 10/6/2005 | Letter to T. Broas and P. Douglas from D. Sadoff regarding 10/5/05 letter. |
| 23. | 10/11/2005 | Letter to D. Sadoff from P. Douglas and T. Broas regarding 10/6/05 letter. |
| 24. | 10/12/2005 | Letter to C. Carriere from P. Douglas and T. Broas enclosing NEC0602714 to NEC0917575. |
| 25. | 10/18/2005 | Letter to C. Carriere from T. Broas and P. Douglas enclosing NEC0917576 to NEC0917599. |
| 26. | 10/20/2005 | Respondents' Memorandum in Support of Request for Hearing and accompanying affidavits and exhibits. |
| 27. | 11/10/2005 | Letter to T. Broas and P. Douglas from D. Sadoff regarding 10/20/05 Memorandum in Support of Request for Hearing and accompanying affidavits and exhibits. |
| 28. | 11/14/2005 | Letter to D. Sadoff from T. Broas and P. Douglas regarding friction brake discs seized by the Inspector General. |
| 29. | 11/18/2005 | Letter to D. Sadoff from T. Broas and P. Douglas regarding 11/10/05 letter. |
| 30. | 12/22/2005 | Letter to D. Sadoff from P. Douglas regarding NeCMSC employees who are in positions similar to that of David Stillman. |
| 31. | 1/6/2006 | Letter to P. Douglas from D. Sadoff regarding 12/22/05 letter. |
| 32. | 1/23/2006 | Letter to T. Broas, P. Douglas and M.-A. Raymond from D. Sadoff regarding electronic search terms. |
| 33. | 2/9/2006 | Fax to D. Sadoff, M.-A. Raymond and F. Parker from L. Smith enclosing a proposed stipulation regarding the NeCMSC email drives and backup tapes. |
| 34. | 2/10/2006 | Letter to D. Sadoff from T. Broas and P. Douglas enclosing production KROLL-00001 to KROLL-00037. |
| 35. | 2/23/2006 | Letter to D. Sadoff from T. Broas and P. Douglas enclosing production NEC0917600 to NEC0917601 and a privilege log. |

500084930v4

| 36. | 3/1/2006 | Letter to D. Sadoff from P. Douglas regarding key points discussed during 2/27/06 conference call. |
|-----|----------|---------------------------------------------------------------------------------------------------|
| 37. | 3/9/2006[3] | Letter to T. Broas and P. Douglas from D. Sadoff regarding Bombardier production of BBD_040 in PDF and TIF formats and OIG's request for production of responsive electronic documents in "native format." |
| 38. | 3/24/2006 | Letter to T. Broas and P. Douglas from D. Sadoff regarding production under the terms of Subpoenas 05-05, 05-07, 05-09, 07-17, 05-19 and 05-20. |
| 39. | 3/30/2006 | Letter to D. Sadoff from T. Broas and P. Douglas enclosing NEC0917602 to NEC0944884. |
| 40. | 3/30/2006 | Letter to D. Sadoff from P. Douglas enclosing Supplemental Disk #NEC0039 Native Format Excel Files 3/30/06. |
| 41. | 4/6/2006 | Letter to T. Broas and P. Douglas from D. Sadoff regarding telephone conference and other issues. |
| 42. | 4/11/2006 | Letter to D. Sadoff from P. Douglas and T. Broas regarding 4/6/06 letter. |
| 43. | 4/24/2006 | Letter to D. Sadoff from T. Broas and P. Douglas enclosing NEC0944885 to NEC0952778. |
| 44. | 4/24/2006 | Letter to D. Sadoff from P. Douglas enclosing Supplemental Disk #NEC0040 Native Format Excel Files 4/24/06. |
| 45. | 4/25/2006 | Letter to T. Broas and P. Douglas from D. Sadoff regarding 4/11/06 letter. |
| 46. | 4/28/2006 | Letter to D. Sadoff from P. Douglas requesting meeting on all outstanding issues. |
| 47. | 5/9/2006 | Letter from G. Swenson of Capitol Digital Document Solutions regarding steps undertaken in document production. |
| 48. | 5/9/2006 | Letter from D. Drury of Alpha Systems regarding steps undertaken in document production. |
| 49. | 5/12/2006 | Letter from P. Douglas to D. Sadoff regarding NeCMSC backup tapes. |
| 50. | 5/18/2006 | Letter from D. Sadoff to P. Douglas regarding 5/12/06 letter. |
| 51. | 5/19/2006 | Letter from P. Douglas to D. Sadoff regarding 5/18/06 letter.[4] |

---

[3] The letter was mistakenly dated March 9, 2005.

[4] The letter mistakenly referred to a May 10, 2006 conversation between David Sadoff and Frank Parker. Although Mr. Parker happened to be present during the conference call, he informs us that the only participants who spoke during the call were Dana Wordes, Marc-André Raymond, and Mr. Sadoff.

**EXHIBIT C**

**INDEX TO NECMSC'S PRODUCTIONS[5]**

| NECMSC PRODUCTION | | | |
|---|---|---|---|
| Date Produced | Production Numbers | File Description | Applicable Subpoena Requests |
| April 2005 | Not applicable (prior to issuance of subpoena) | Seven binders of "Coach Car wheel set assembly data" from ORX. | Request Nos. 2, 4, and 13. |
| April 2005 | Not applicable (prior to issuance of subpoena) | The original NeCMSC Visitor's Book, from December 3, 2000 until the date it was provided to OIG. | Request No. 9. |
| April 2005 | Not applicable (prior to issuance of subpoena) | A copy of the Level 1 daily inspection procedure form. | Request Nos. 7, 10 and 12. |
| April 2005 | Not applicable (prior to issuance of subpoena) | Copies of the control sheet filled out daily by Amtrak personnel at NeCMSC facilities – both (i) the version that existed prior to April 14, 2005 and (ii) the new version created after NeCMSC became aware of the disc issue (but before the fleet was grounded). | Request Nos. 4, 5, 6, 7, 10 and 12, and OIG's request for "notice" documents. |
| April 2005 | Not applicable (prior to issuance of subpoena) | Knorr Service Bulletin 123c (*i.e.*, the Service Bulletin about the method of inspecting the brake discs). | Request Nos. 5, 6, and 7. |
| 6/24/05 | NEC0000001-NEC0226982 | Paper-based periodic inspection reports (DIRs) through approximately April 1, 2003, as retrieved from the Iron Mountain off-site storage facility.<br><br>They are not actively maintained or used in NeCMSC's usual course of business, and were produced in the order received from the off-site storage facility. | Request Nos. 4, 5, 6, 7, 10 and 12, and OIG's request for "notice" documents. |

---

[5] This index is produced as part of an offer to compromise the parties' claims and as part of compromise negotiations. Respondents reserve all rights and do not waive their objections to, among other things, the Subpoenas' instructions, scope, burdensomeness, and vagueness. Thus, the fact that a particular Subpoena request is identified here is not a concession that the referenced files contain any evidence of a cracked or broken spoke in, or any other problem with, trailer car friction brakes. A file could be responsive, for example, because the absence of any reference to disc spoke problems demonstrates that Respondents did not have "notice" of any such problem.

| NECMSC PRODUCTION | | | |
|---|---|---|---|
| Date Produced | Production Numbers | File Description | Applicable Subpoena Requests |
| 7/1/05 | NEC0226983-NEC0227436 | Corrective Work Orders. | Request Nos. 4, 5, 6, 7, 10 and 12, and OIG's request for "notice" documents. |
| 7/1/05 | NEC0227437-NEC0227486 | Knorr Life Cycle Contract. | Request No. 1. |
| 7/1/05 | NEC0227487-NEC0375599 | NeCMSC server-based DIRs. | Request Nos. 4, 5, 6, 7, 10 and 12, and OIG's request for "notice" documents. |
| 7/5/05 | NEC0375600-NEC0520061 | NeCMSC server-based DIRs. | Request Nos. 4, 5, 6, 7, 10 and 12, and OIG's request for "notice" documents. |
| 7/22/05 | NEC0520062-NEC0542348 | NeCMSC server-based DIRs. | Request Nos. 4, 5, 6, 7, 10 and 12, and OIG's request for "notice" documents. |
| 8/17/05 | NEC0542349-NEC0542636 | Additional Corrective Work Orders inadvertently omitted on 7/1/05. | Request Nos. 4, 5, 6, 7, 10 and 12, and OIG's request for "notice" documents. |
| 8/17/05 | NEC0542637-NEC0544437 | Records maintained by the Purchasing Department. | Request Nos. 1, 5, 6, 7, 10 and 12. |
| 8/17/05 | NEC0544438-NEC0544921 | Records maintained by Greg Topf, NeCMSC's Director of Business Administration. | Request Nos. 4, 5, 6, 7, 8, 10, 12 and OIG's request for "notice" documents. |
| 8/17/05 | NEC0544922-NEC0557011 | Binders maintained by the Engineering Department. | Request Nos. 2, 7, 10 and 12. |
| 8/17/05 | NEC0557012-NEC0557031 | Records maintained by the Purchasing Department. | Request Nos. 1, 5, 6, 7, 10 and 12. |
| 8/17/05 | NEC0557032-NEC0563261 | Paper-based (pre-April 2003) DIRs which were inadvertently omitted from the 6/24/05 production. | Request Nos. 4, 5, 6, 7, 10 and 12, and OIG's request for "notice" documents. |
| 8/17/05 | NEC0563262-NEC0563613 | Shipping/receiving documents. | Request Nos. 5, 6, and 7. |
| 8/17/05 | NEC0563614-NEC0581671 | Records maintained in the Main Office. | Request Nos. 4, 5, 6, 7, 8, 10, 12 and OIG's request for "notice" documents. |
| 8/17/05 | NEC0581672-NEC0582107 | Records maintained by Pierre Hebert, president of NeCMSC. | Request Nos. 4, 5, 6, 7, 8, 10, 12 and OIG's request for "notice" |

500084930v4

| NECMSC PRODUCTION | | | |
|---|---|---|---|
| Date Produced | Production Numbers | File Description | Applicable Subpoena Requests |
| | | | documents. |
| 8/17/05 | NEC0582108-NEC0582279 | Records maintained by NeCMSC's wheel specialist, Sarabpreet Bumra (now an Amtrak employee). | Request Nos. 4, 5, 6, 7, 8, 10, 12 and OIG's request for "notice" documents. |
| 8/17/05 | NEC0582280-NEC0602713 | Records maintained in the trainset inspection/maintenance area. | Request Nos. 2, 4, 5, 6, 7, 10, 11, 12 and OIG's request for "notice" documents. |
| 10/12/05 | NEC0602714-NEC0917575 | Re-production of Inspection Records maintained on the NeCMSC servers (previously produced on July 1, 5 and 22, 2005, as NEC0227487-NEC0542348). | Request Nos. 4, 5, 6, 7, 10 and 12, and OIG's request for "notice" documents. |
| 10/18/05 | NEC0917576-NEC0917599 | Records maintained by the Purchasing Department, inadvertently omitted from 8/17/05 production. | Request Nos. 1, 5, 6, 7, 10 and 12. |
| January 2006 to present | Not applicable | Remote access to SPEAR database made available to OIG. | Request Nos. 4, 5, 6, 7, 10 12, and 13, and OIG's request for "notice" documents. |
| 2/10/06 | KROLL-0001-KROLL-0037 | Emails from Kroll Ontrack, Inc. ("Kroll") regarding efforts made to recover NeCMSC emails. | OIG's request for Kroll's emails regarding efforts made to recover NeCMSC emails. |
| 2/23/06 | NEC0917600-NEC0917601 | Emails from Frank Christello to NeCMSC and Bombardier personnel regarding efforts made to recover NeCMSC emails. | OIG's request for Frank Christello's emails regarding efforts made to recover NeCMSC emails. |
| 3/30/06 | NEC0917602-NEC0944884 | Results of running the Notice Electronic Search[6] across the loose electronic files of the user drives of individual NeCMSC employees previously identified to OIG.[7] | Request Nos. 4, 5, 6, 7, 10 and 12, and OIG's request for "notice" documents. |
| 4/24/06 | NEC0944885-NEC0952778 | Results of running the Notice Electronic Search across the email files of the user drives of | Request Nos. 4, 5, 6, 7, 10 and 12, and OIG's request for "notice" documents. |

---

[6]  The parties have frequently referred to these search terms as "Electronic Search 1."

[7]  Certain files were eliminated where persons working at the direction of Bombardier's in-house legal staff could easily determine that the files were obviously unrelated to defects in the Acela trainset brake system.

3

| NECMSC PRODUCTION | | | |
|---|---|---|---|
| Date Produced | Production Numbers | File Description | Applicable Subpoena Requests |
| | | individual NeCMSC employees previously identified to OIG.[8] | |

---

[8]  Certain files were eliminated where persons working at the direction of Bombardier's in-house legal staff could easily determine that the files were obviously unrelated to defects in the Acela trainset brake system.

4

**EXHIBIT D**

**PRIVILEGE LOG**

*In re Amtrak Office of Inspector General*
*Subpoena Nos. 05-09 and 05-20*
*on Northeast Corridor Maintenance Services Corporation*

## PRIVILEGE LOG OF NORTHEAST CORRIDOR
## MAINTENANCE SERVICES CORPORATION

(May 12, 2006)

A/C:    Attorney-Client Privilege
AWP:    Attorney Work Product

### REDACTED DOCUMENTS

| No. | Prod. No. | Date | From | To | cc | Description | Privilege |
|-----|-----------|------|------|-----|-----|-------------|-----------|
| 1. | NEC0917601 | June 2, 2005 | Frank Christello | Suzanne El Zawi; Renaud Murray | Pierre Hebert; Bud Simpson | Reports communications with Pillsbury Winthrop Shaw Pittman LLP. | A/C |
| 2. | KROLL-00016 | June 1, 2005 | Kip Comack | Christine Mennes | | Reports communications with Pillsbury Winthrop Shaw Pittman LLP. | AWP |
| 3. | KROLL-00016 | June 1, 2005 | Christine Mennes | Kip Comack | | Reports communications with Pillsbury Winthrop Shaw Pittman LLP. | AWP |

### DOCUMENTS WITHHELD BASED ON PRIVILEGE

None.

JOB STATUS REPORT

```
TIME   : 05/30/2006 19:21
NAME   :
FAX#   : 2128581713
TEL#   :
SER.#  : 000004057725
```

```
DATE,TIME          05/30  19:18
FAX NO./NAME       912029064695
DURATION           00:03:17
PAGE(S)            28
RESULT             OK
MODE               STANDARD
                   ECM
```



## Pillsbury Winthrop Shaw Pittman LLP

1540 Broadway
New York, NY 10036-4039
Tel 212.858.1000 | Fax 212.858.1500
www.pillsburylaw.com

## FACSIMILE

Century City
Houston
London
Los Angeles
New York
Northern Virginia
Orange County
Palo Alto
Sacramento
San Diego
San Diego-North County
San Francisco
Silicon Valley
Sydney
Tokyo
Washington DC

Total Pages: (including cover): 28

| Date: | May 30, 2006 | User No: | |
|---|---|---|---|
| From: | **Philip Douglas** | Phone No: | **212-858-1704** |
| | | C/M No: | |

| To: | **David Sadoff** | Phone No: | 202-906-4355 |
|---|---|---|---|
| Company: | | Fax No: | **202-906-4695** |
| Confirm? | | Confirmed by: | |

Comments:

Please see the attached letter.

CONFIDENTIALITY NOTE: