UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FRED E. WEIDERHOLD, JR.<br>  AS INSPECTOR GENERAL<br>NATIONAL RAILROAD PASSENGER<br>  CORPORATION,<br><br>                    Petitioner,<br><br>        v.<br><br>BOMBARDIER, INC.,<br>ALSTOM TRANSPORTATION, INC.,<br>NORTHEAST CORRIDOR MAINTENANCE<br>  SERVICES COMPANY,<br><br>                    Respondents. | Civil No. 1:05-mc-00367<br>(PLF/DAR) |

## MEMORANDUM IN SUPPORT OF EXPEDITED MOTION TO CLARIFY REFERRAL ORDER

JONES DAY
Attorneys for Bombardier Inc. and Northeast
 Corridor Maintenance Services Company
222 East 41st Street
New York, New York 10017-6702
(212) 326-3939

WINSTON & STRAWN LLP
Attorneys for Northeast Corridor Maintenance
 Services Company
1700 K Street, N.W.
Washington, D.C. 20006-3817
(202) 282-5000

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FRED E. WEIDERHOLD, JR.<br>  AS INSPECTOR GENERAL<br>NATIONAL RAILROAD PASSENGER<br>  CORPORATION,<br><br>                      Petitioner,<br><br>      v.<br><br>BOMBARDIER, INC.,<br>ALSTOM TRANSPORTATION, INC.,<br>NORTHEAST CORRIDOR MAINTENANCE<br>  SERVICES COMPANY,<br><br>                      Respondents. | Civil No. 1:05-mc-00367<br>(PLF/DAR) |

## **MEMORANDUM IN SUPPORT OF MOTION TO CLARIFY REFERRAL ORDER**

Respondents Northeast Corridor Maintenance Services Company ("NeCMSC") and Bombardier Inc. ("Bombardier"), respectfully submit this memorandum in support of their motion pursuant to Rule 7 of this Court's rules to clarify the scope of its Referral Order dated November 1, 2006 (the "Order"). Adopting the limitations on Magistrate Judge referrals in this Court's rules, the Order referred this case to Magistrate Judge Robinson "for management of all *pre-trial* matters, including for the purpose of issuing reports and recommendations *on any dispositive motion* filed in this case." Order at 1 (emphasis added). Nonetheless, at a hearing on February 12, 2007, Magistrate Judge Robinson construed the Order as authorizing her to issue a report and recommendations regarding the ultimate issue in this administrative subpoena enforcement case. At the same hearing, Magistrate Judge Robinson, on her own initiative, suggested that Respondents move this Court for clarification of the scope of the Order. This motion follows that suggestion on the part of the Magistrate Judge.

Enforcement of the limitations of the Order is particularly important here, because petitioner has sought to enlarge the case substantially since the Order was issued. After the Court's referral, petitioner made, for the first time, a new motion (which is currently pending) seeking relief under the Declaratory Judgment Act permitting him to disclose the substance of statements allegedly made during confidential settlement and mediation proceedings that were governed by express confidentiality agreements between Respondents and Amtrak. It would be especially inappropriate for the scope of the Order to be enlarged in light of the new and unrelated issues that petitioner has subsequently attempted to insert into the case.

## ARGUMENT

This is an action to enforce administrative subpoenas. As such, it is a freestanding action in which the enforcement or non-enforcement of the subpoenas constitutes the final resolution of the issues in the case. *See, e.g.*, *Cobbledick v. United States*, 309 U.S. 323, 330 (1940) (noting that action to enforce administrative subpoenas "may be deemed self-contained, so far as the judiciary is concerned"). Thus, a district court ruling regarding the enforceability or nonenforceability of an administrative subpoenas is "considered 'final' for purposes of 28 U.S.C. § 1291 because there is no ongoing judicial proceeding that would be delayed by an appeal." *In re Subpoena Duces Tecum*, 228 F.3d 341, 346 (4th Cir. 2000); *accord, e.g.*, *Kemp v. Gay*, 947 F.2d 1493, 1496-97 (D.C. Cir. 1991).

**A.   The Order Unambiguously Referred The Case Only For "Pre-Trial Matters."**

In the Order, this Court plainly and unambiguously referred the case to the Magistrate Judge only for "pre-trial matters" and "dispositive motions," not to issue any decision, whether by report and recommendation or otherwise, regarding the ultimate merits of the lawsuit. The Order states that "this action is referred to a magistrate judge for management of all *pre-trial matters*." Order at 1 (emphasis added). By its terms, this language presupposes that (unless a

dispositive motion is granted, as discussed in the next paragraph) the ultimate merits of the action do not fall within the scope of the referral. If the entire lawsuit could fall within the scope of the referral, it would render the limitation to "pre-trial matters" meaningless. *See, e.g.*, *Tax Analysts v. Int'l Revenue Serv.*, 217 F. Supp. 2d 23, 28 (D.D.C. 2002) (noting that constructions should be avoided where they render express provisions entirely meaningless).

The distinction drawn by the Order between "pre-trial matters" and an ultimate ruling on the merits is reinforced by the fact that it expressly includes "issuing reports and recommendations on any dispositive motion filed in this case." Order at 1. First, this provision expressly delineates the referred authority to issue reports and recommendations, and clarifies that this power is limited to the resolution of dispositive motions, such as Respondents' motion to dismiss currently pending before the Magistrate Judge in this case. Second, the provision notes that such dispositive motions are "include[ed]" within the category of "pre-trial matters," thus reinforcing the distinction between pre-trial issues (which fall within the scope of the referral) and an ultimate merits resolution of the case (which does not).

Finally, any conceivable ambiguity on this score is eliminated by the following paragraph, which notes that the parties can "consent to assignment of this case to a magistrate judge to conduct any and all proceedings, including the final decision on motions for summary judgment or other dispositive motions, *as well as trial (with or without a jury), and entry of judgment*." Order at 1 (emphasis added). This provision (with regard to which the parties have not consented) unambiguously distinguishes between the "pre-trial matters" referred to the Magistrate Judge in the first paragraph and any potential future referral encompassing "any and all proceedings" including "trial" and "entry of judgment." While the consent of the parties would be required in order for such a judgment to be appealable directly to the D.C. Circuit, *see*

D.D.C. R. 73.1(c), the distinction in the language between the provisions clarifies beyond any doubt that the Court was careful to distinguish between "pre-trial matters" and a final merits resolution in the scope of the current referral.

In short, the language of the Order is clear and unambiguous. The case has been referred to the Magistrate Judge only for pre-trial management, including the resolution of dispositive motions, but not for a hearing and decision (recommended or otherwise) regarding the ultimate resolution of the case on the facts.

**B.**     **The Limited Scope of The Order Is Consistent with this Court's Rules.**

The plain language of the Order is reinforced by the fact that the Court's rules contain identical limitations on Magistrate Judge referrals. This Court's rule 72.1(b) expressly enumerates eight categories of Magistrate Judge power that can be triggered "[a]t the request of the judge to whom the case is assigned." These include: (1) handling proceedings with respect to pretrial matters in cases generally, and issuing reports and recommendations on the ultimate resolution only in a discrete set of cases listed in Rule 72.3, which does *not* include actions to enforce administrative subpoenas; (2) dismissing indictments on consent; (3) conducting arraignments, "to the extent of taking and entering pleas of not guilty"; (4) entering scheduling orders, handling pre-trial and discovery conferences, (5) serving as a special master; (6) conducting *voir dire*; (7) accepting verdicts in the Judge's absence; and (8) conducting certain examinations of judgment debtors. D.D.C. R. 72.1(b)(1)-(8).

Thus, unless the case is one of the types specifically enumerated in Rule 72.3 — which does not include actions to enforce administrative subpoenas — this Court's rules do not, without the parties' consent, authorize a Judge to refer a case to a Magistrate Judge for handling of a hearing or decision (whether by report and recommendation or otherwise) on the ultimate merits resolution of the case as a whole. More generally, the D.C. Circuit has warned against

inappropriate procedural shortcuts in the context of administrative subpoena enforcement actions. *FTC v. Atl. Richfield Co.*, 567 F.2d 96, 106 n.22 (D.C. Cir. 1977)  This reinforces that the Order means precisely what it said; the Order should obviously not be construed in a manner that would contravene the Court's rules, particularly when its language expressly and unambiguously demonstrates that its meaning is wholly consistent with those rules.

**CONCLUSION**

For the foregoing reasons, Respondents respectfully request that the Court enter an order clarifying that the scope of the referral was for pre-trial matters, including the issuance of reports and recommendations on any dispositive motions, but did not extend to considering and determining the ultimate merits of the lawsuit.  Because the Magistrate Judge has scheduled a hearing on the ultimate merits of the lawsuit on March 15, 2007 — including a new request made for the first time by petitioner after the Court issued the Order for relief under the Declaratory Judgment Act that is outside the scope of an ordinary administrative subpoena enforcement action — Respondents respectfully request that the Court clarify the scope of the ruling on an expedited basis, in order to avoid unnecessary and inappropriate proceedings outside the scope of the Order.

Dated:  February 14, 2007

Respectfully submitted,

| | |
|---|---|
| JONES DAY | WINSTON & STRAWN LLP |
| By:  _/s_ Philip Le B. Douglas<br>     Philip Le B. Douglas (# 311944)<br>Attorneys for Bombardier Inc. and<br>  Northeast Corridor Maintenance<br>  Services Company<br>222 East 41st Street<br>New York, New York 10017-6702<br>(212) 326-3939 | By:  _/s_ Timothy M. Broas<br>     Timothy M. Broas (# 391145)<br>Attorneys for Northeast Corridor Maintenance<br>  Services Company<br>1700 K Street, N.W.<br>Washington, D.C. 20036-3817<br>(202) 282-5000 |
| Of counsel:<br>   Michael S. Fried, Esq. | Of counsel:<br>   Franklin R. Parker, Esq. |