UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FRED E. WEIDERHOLD, JR.<br>  AS INSPECTOR GENERAL<br>NATIONAL RAILROAD PASSENGER<br>  CORPORATION,<br><br>                Petitioner,<br><br>        v.<br><br>BOMBARDIER, INC.,<br>ALSTOM TRANSPORTATION, INC.,<br>NORTHEAST CORRIDOR MAINTENANCE<br>  SERVICES COMPANY,<br><br>                Respondents. | Civil No. 1:05-mc-00367<br>(PLF/DAR) |

### RESPONDENTS' MOTION TO FILE, UNDER SEAL, RESPONDENTS' MOTION TO PRECLUDE FURTHER DISCLOSURES OF CONFIDENTIAL SETTLEMENT COMMUNICATIONS, AND TO AMEND SCHEDULING ORDER AND THE EXHIBITS THERETO

Respondents Bombardier Inc., Northeast Corridor Maintenance Services Company and Alstom Transportation, Inc. ("Respondents"), through their undersigned attorneys, respectfully move this Court, pursuant to Local Rule 5.1(j), for leave to file under seal Respondents' Motion To Preclude Further Disclosures Of Confidential Settlement Communications, And To Amend Scheduling Order and the exhibits thereto ("Respondents' Motion") (DKT. 67), which Respondents filed with the Court on Friday, February 16, 2007.  In accordance with Local Rule 7(m), counsel for the parties conferred regarding this motion and counsel for Petitioner does not oppose the relief requested by this motion.

Respondents' Motion was filed in response to Petitioner's Motion for Declaratory Relief, which was filed with this Court on February 8, 2007 and contains references to confidential

settlement discussions that are subject to certain confidentiality agreements entered into by, *inter alia*, Respondents and the National Railroad Passenger Corporation ("Amtrak") in connection with mediation and settlement negotiations. By the terms of the confidentiality agreements and the federal settlement privilege under Federal Rule of Evidence 501, these confidential settlement discussions should remain confidential. On February 12, 2007, this Court granted Petitioner's Motion to file its Motion for Declaratory Relief under seal with this Court. Respondents' Motion, *inter alia*, responds to Petitioner's references to the confidential settlement discussions that are contained in Petitioner's Motion.

As a result of the exigent nature of Respondents' Motion, Respondents inadvertently neglected to file a separate motion requesting that that Respondents' Motion be filed with the Court under seal pursuant to Local Rule 5.1(j). Although Respondents' Motion is publicly available currently, Respondents respectfully request that the Clerk of the Court remove it from the public Court docket and file the motion under seal. *See, e.g., Cobell v. Norton*, 355 F. Supp. 2d 531, 533 (D.D.C. 2005) (noting that defendants' failure to attach unredacted portions of documents when filing those documents with the Court under seal "while technically improper under the Local Rule" was "harmless enough and easily remedied").

Accordingly, Respondents respectfully request that the Court enter an Order directing the Clerk of This Court file and maintain under seal Respondents' Motion (DKT. 67), until further Order of this Court.

Dated: February 20, 2007             Respectfully submitted,

/s Philip Le B. Douglas
Philip Le B. Douglas (D.C. Bar No. 311944)
JONES DAY
222 East 41st Street
New York, New York 10017
Telephone: (212) 326-3611

- 3 -

*Counsel for Respondents Bombardier Inc. and Northeast Corridor Maintenance Services Company*

/s Timothy M. Broas                     _____
Timothy M. Broas (D.C. Bar No. 391145)
WINSTON & STRAWN LLP
1700 K Street, N.W.
Washington, D.C. 20006
Telephone: (202) 282-5750

*Counsel for Respondents Alstom Transportation, Inc. and Northeast Corridor Maintenance Services Company*

- 3 -