UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FRED E. WEIDERHOLD, JR.<br>  AS INSPECTOR GENERAL<br>NATIONAL RAILROAD PASSENGER<br>  CORPORATION,<br><br>                Petitioner,<br><br>      v.<br><br>BOMBARDIER, INC.,<br>ALSTOM TRANSPORTATION, INC.,<br>NORTHEAST CORRIDOR MAINTENANCE<br>  SERVICES COMPANY,<br><br>                Respondents. | Civil No. 1:05-mc-00367<br>(PLF/DAR) |

### RESPONDENTS' MOTION TO FILE, UNDER SEAL, RESPONDENTS' MEMORANDUM IN OPPOSITION TO PETITIONER'S MOTION FOR DECLARATORY RELIEF AND THE EXHIBITS THERETO

Respondents Bombardier Inc., Northeast Corridor Maintenance Services Company and Alstom Transportation, Inc. ("Respondents"), through their undersigned attorneys, respectfully move this Court, pursuant to Local Rule 5.1(j), for leave to file under seal Respondents' Memorandum in Opposition to Petitioner's Motion for Declaratory Relief and the exhibits thereto that Respondents are also filing with the Court on this date. In accordance with Local Rule 7(m), counsel for the parties conferred regarding this motion and counsel for Petitioner does not oppose the relief requested by this motion.

On February 12, 2007, this Court granted Petitioner's Motion to file its Motion for Declaratory Relief under seal with this Court. Although the Clerk of the Court represented to counsel for Respondents that a motion to file Respondents' Opposition to Petitioner's Motion for Declaratory Relief under seal was unnecessary because Petitioner's Motion for Declaratory

Relief was filed under seal, we submit this motion in an abundance of caution and in accordance with Local Rule 5.1(j).

As described in Respondents' Memorandum in Opposition to Petitioner's Motion for Declaratory Relief, on February 8, 2007, Petitioner filed with this Court a Motion for Declaratory Relief seeking, in part, to use confidential settlement discussions at any evidentiary hearing in this case and in any other context relating to Petitioner's conduct of its ongoing investigation. These confidential settlement discussions are subject to certain confidentiality agreements entered into by, *inter alia*, Respondents and the National Railroad Passenger Corporation ("Amtrak") in connection with mediation and settlement negotiations and, by the terms of the confidentiality agreements and the federal settlement privilege under Federal Rule of Evidence 501, should remain confidential. Petitioner's Motion for Declaratory Relief refers to specific confidential settlement discussions and Respondents' Opposition to Petitioner's Motion responds to Petitioner's references to the confidential settlement discussions that are contained in Petitioner's Motion.

Accordingly, Respondents respectfully request that the Court enter an Order directing that the Clerk of the Court file and maintain under seal Respondents' Memorandum in Opposition to Petitioner's Motion for Declaratory Relief and the exhibits thereto, until further Order of this Court.

Dated: February 20, 2007  Respectfully submitted,

/s Philip Le B. Douglas
Philip Le B. Douglas (D.C. Bar No. 311944)
JONES DAY
222 East 41st Street
New York, New York 10017
Telephone: (212) 326-3611

*Counsel for Respondents Bombardier Inc. and Northeast Corridor Maintenance Services Company*

/s Timothy M. Broas
Timothy M. Broas (D.C. Bar No. 391145)
WINSTON & STRAWN LLP
1700 K Street, N.W.
Washington, D.C. 20006
Telephone: (202) 282-5750

*Counsel for Respondents Alstom Transportation, Inc. and Northeast Corridor Maintenance Services Company*