UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FRED E. WEIDERHOLD, JR.<br>  AS INSPECTOR GENERAL<br>NATIONAL RAILROAD PASSENGER<br>  CORPORATION,<br><br>                                     Petitioner,<br><br>              v.<br><br>BOMBARDIER, INC.,<br>ALSTOM TRANSPORTATION, INC.,<br>NORTHEAST CORRIDOR MAINTENANCE<br>  SERVICES COMPANY,<br><br>                                     Respondents. | Civil No. 1:05-mc-00367<br>(PLF/DAR) |

**STIPULATED ORDER**

**IT IS HEREBY ORDERED**, on consent of the parties hereto, as follows:

1.     Within five days of the entry of this Stipulated Order, Northeast Corridor Maintenance Services Company ("NeCMSC") will make available for Petitioner's inspection, at the offices of Jones Day, 51 Louisiana Avenue, Washington, D.C., copies of the 92 e-mails and four paper documents ("Withheld Documents") withheld by Kroll Ontrack Inc. ("Kroll"), a data recovery firm, on NeCMSC's claim of privilege, and listed on the February 6, 2007 "Log of Documents Withheld at NeCMSC's Request by Kroll Ontrack, Inc." (the "Privilege Log"). The documents may be reviewed, but not copied, by the Petitioner. Petitioner may make notes regarding any of the Withheld Documents, provided that any such notes are (a) limited to a

particular document's log number, date, sender and recipient and a brief description of its general subject matter which does not disclose the substance of any attorney work product or other attorney communication in the document in question; (b) deemed confidential and will not be disclosed to any third party without Order of this Court; and (c) will be destroyed (with any copies thereof) upon conclusion of any proceeding described in Paragraph 3 below.

2.    Within five (5) days of the entry of this Stipulated Order, Respondent NeCMSC shall obtain from Kroll, and provide to Petitioner, or have Kroll provide to Petitioner, the three documents not listed on the Privilege Log (the "Three Documents") originally withheld by Kroll at the request of NeCMSC for which NeCMSC no longer asserts a privilege.  NeCMSC hereby certifies that the Withheld Documents to be shown to Petitioner together with the Three Documents were those NeCMSC asked Kroll to withhold from production in response to Subpoena 06-09, and NeCMSC is aware of no other documents responsive to the Kroll subpoena that were withheld at NeCMSC's request.

3.    Within thirty (30) days of its review under Paragraph 1, for each Withheld Document for which Petitioner disputes the claimed privilege and seeks production, Petitioner shall file a motion to compel production with the United States District Court for the District of Columbia in <u>Weiderhold v. Bombardier, Inc.</u>, Misc. 05-637 ("Motion to Compel").  Prior to filing any Motion to Compel, Petitioner will confer with counsel for Respondents in accordance with Local Rule 7(m), and state why it believes that the document is not privileged or protected from disclosure.  Respondents, in any opposition to the Motion to Compel, will provide copies of each document sought to the Court for its *in camera* review.

4.    In the event the Court orders the production of any Withheld Document that is or was an electronic document, that document shall be provided by Kroll in the format in which it

was created and maintained, and shall include all the embedded data and functional attributes that document had when created and used.

5. Except in connection with the requirements of Local Rule 7(m), no action or communication made by either Petitioner or Respondents pursuant to Paragraph 3 of this Stipulated Order may be used or cited in any Motion to Compel, opposition filed thereto, or related oral argument.

6. The Stipulated Order will not constitute an (a) an admission by any party regarding the merits of any matter presently at issue in this action, or (b) a waiver of any defense to production of any of the Withheld Documents, including, but not limited to, those involving any privilege or relevance.

7. Nothing in this Stipulated Order is intended to or shall modify any party's obligation or burden with respect to compliance with or enforcement of Subpoena 06-09, or with respect to proving or challenging the claim of any applicable privilege. By agreeing to this Stipulated Order, no party waives, and each expressly reserves, any and all claims, defenses and positions in this action.

**APPROVED and ENTERED this __ day of February 2007.**

_____
Honorable Deborah A. Robinson
United States Magistrate Judge

**STIPULATED AND AGREED TO BY:**


JONES DAY


By:   s/ Philip Le B. Douglas
    Philip Le B. Douglas, D.C. Bar # 311944

222 East 41st Street
New York, NY 10017-6702
(212) 326-3611


WINSTON & STRAWN LLP


By:   s/ Timothy M. Broas
    Timothy M. Broas, D.C. Bar # 391145

1700 K Street, N.W.
Washington, D.C. 20006
(212) 282-5750

Attorneys for Northeast Corridor Maintenance Services Company


OFFICE OF THE INSPECTOR GENERAL


By:   s/ David Sadoff
    David Sadoff, D.C. Bar # 204974
    Associate Counsel to the Inspector General

10 G Street, Northeast
Room 3E-406
Washington, D.C. 20002
(202) 906-4882

Attorney for Petitioner