# EXHIBIT B

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FRED E. WEIDERHOLD, JR.
  AS INSPECTOR GENERAL
NATIONAL RAILROAD PASSENGER
  CORPORATION,

                    Petitioner,

     v.

BOMBARDIER, INC.,
ALSTOM TRANSPORTATION, INC.,
NORTHEAST CORRIDOR MAINTENANCE
  SERVICES COMPANY,

                    Respondents.

Civil No. 1:05-mc-00367

(PLF/DAR)

## STIPULATED ORDER REGARDING TRANSFER AND ANALYSIS OF BACK-UP TAPES AND E-MAIL DRIVES

**IT IS HEREBY ORDERED**, on consent of Petitioner and Bombardier Inc., Alstom Transportation, Inc. and Northeast Corridor Maintenance Services Company ("NeCMSC") (collectively the "Parties"), as follows:

1. Promptly following the entry of this "Stipulated Order Regarding Transfer and Analysis of Back-Up Tapes and E-Mail Drives" ("Stipulated Order"), NeCMSC will undertake a search for any electronic media, used or attempted to be used, by it at any time during the period June 1, 2004 through June 30, 2005 to back up its computer system ("Back-Up Period Media"). If NeCMSC has reason to believe one or more Back-Up Period Media does not contain, in whole or in part, retrievable Microsoft Outlook e-mails and related files and folders ("E-Mail Documents"), or any Microsoft Exchange

"EDB" files, pointer files, or other files relating to the operation of the Outlook database ("Microsoft Exchange files"), it, rather than immediately search such media for E-Mail Documents and Microsoft Exchange files, will deliver that media to the OIG-Selected Expert for confirmation of this conclusion as provided for in paragraph 5 of this Stipulated Order. If, on the other hand, NeCMSC has reason to believe that one or more Back-Up Period Media may contain retrievable E-Mail Documents or Microsoft Exchange files, NeCMSC shall cause e-Mag Solutions Inc. ("eMag") to restore the Back-Up Period Media so that NeCMSC can employ the previously agreed electronic search terms and protocol ("Electronic Search 1") (see Annex A to this Stipulated Order) to search the E-Mail Document files of all NeCMSC employees whose electronic files were previously the subject of an Electronic Search 1 review, and shall separately search for Microsoft Exchange files. Upon completion of that search, NeCMSC will promptly (a) review for responsiveness and privilege purposes any E-Mail Documents identified by the above-described search and produce any non-privileged E-Mail Documents that relate to defects in the Acela trailer car friction brakes (the "Responsive E-Mail Documents"), (b) produce any Microsoft Exchange files, and (c) deliver the Back-Up Period Media searched pursuant to this paragraph 1 to the OIG-Selected Expert for the testing and analysis provided for in paragraph 5 of this Stipulated Order

2. In addition to the foregoing, NeCMSC shall instruct eMag to determine whether any E-Mail Documents contained on any of the Back-Up Period Media searched pursuant to paragraph 1 of this Stipulated Order contain E-Mail Documents or Microsoft Exchange files that eMag was unable to retrieve, in which case eMag shall prepare, and

NeCMSC shall provide to Petitioner, a complete report regarding any such E-Mail Documents or Microsoft Exchange files.

3. Respondent NeCMSC shall promptly provide Petitioner with copies of all Responsive E-Mail Documents and Microsoft Exchange files located in its, and eMag's, search and analysis of the Back-Up Period Media. The electronic documents will be produced in their original format, and shall include all the embedded data and functional attributes those documents and files had when created and used. For any Responsive E-Mail Document or Microsoft Exchange file that Respondent withholds from such production on claim of privilege, NeCMSC shall provide Petitioner with a legally sufficient, written basis for each such claim ("Privilege Log") no later than ten (10) days following its production of the Responsive E-Mail Documents and Microsoft Exchange files.

4. Pursuant to paragraph 1 of this Stipulated Order, NeCMSC shall deliver to an independent and qualified third-party expert designated by Petitioner (the "OIG-Selected Expert") for the testing and analysis authorized below, all (i) Back-Up Period Media, and (ii) email drives that were in its email server at any time on May 30, 2005 (the "E-Mail Drives"). The Back-Up Period Media and the E-Mail Drives are collectively described herein as the "NeCMSC Media"). In doing so, NeCMSC shall take appropriate steps to record the chain of custody and prevent any changes to or loss of data from the NeCMSC Media. Prior to such delivery of the NeCMSC Media, the OIG-Selected Expert will (a) first be provided with a copy of this Stipulated Order and have agreed to be bound by its terms by executing the "Declaration and Acknowledgement" at Annex B, and (b) deliver to NeCMSC's counsel a fully executed copy of Annex B.

5. The OIG-Selected Expert shall test and analyze the Back-Up Period Media to determine, to the extent possible: (i) whether E-Mail Documents or Microsoft Exchange files are recoverable from its contents in whole or in part; (ii) the file type, name and date of any other recoverable files; (iii) the nature and extent of any damage to the Back-Up Period Media or its contents; and, (iv) the cause of any damage.

6. The OIG-Selected Expert shall test and analyze the E-Mail Drives to determine (i) whether, despite any damage to, or overwriting of, any such drive, on or subsequent to, May 30, 2005, any E-Mail Documents existing on those drives prior to May 30, 2005 are recoverable in whole or in part, and (ii) the nature, extent and cause of any damage to the E-Mail Drives caused by the overheating of NeCMSC's servers on Memorial Day weekend 2005 (the "Memorial Day Incident") or by any subsequent reuse.

7. The tests and analyses conducted by the OIG-Selected Expert shall be at Petitioner's cost, and any test or analysis conducted shall be non-destructive and will be made on a "virtual copy" of the NeCMSC Media, if feasible. As part of the testing and analysis, the OIG-Selected Expert may create and maintain notes of his or her analysis and the results, provided that such notes do not reveal the substance of any recoverable data.

8. At the conclusion of the testing and analysis authorized above, the OIG-Selected Expert shall prepare a report that documents its findings and conclusions regarding the issues in paragraphs 5 and 6 of this Stipulated Order ("Report"). Any description of the contents of the NeCMSC Media shall be limited to the file type, name, size, apparent completeness and date of any retrievable E-Mail Document or Microsoft

Exchange file. The OIG-Selected Expert shall provide copies of the Report only to counsel for Petitioner and Respondent NeCMSC.

9.  Promptly following the conclusion of the foregoing testing and analysis, the OIG-Selected Expert shall return to NeCMSC's counsel the (i) all NeCMSC Media, and any copies thereof, and, (ii) any copies of information it retrieved from the NeCMSC Media. Subject to paragraph 14 of this Stipulated Order, the OIG-Selected Expert may retain one copy of the Report and records described in sub-parts (i) and (ii) of this paragraph.

10  In the event that the OIG-Selected Expert determines that one or more of the NeCMSC Media contains retrievable E-Mail Documents or Microsoft Exchange files created or last modified in the period May 30, 2004 – June 1, 2005 that NeCMSC was unable to retrieve, NeCMSC shall promptly, after the return of the NeCMSC Media to Respondent's counsel, comply with the requirements of paragraphs 1-3 of this Stipulated Order.

11.  At NeCMSC's direction and at its sole cost, the OIG-Selected Expert shall provide NeCMSC with further information regarding the nature of, and basis for, any testing and analysis performed and any conclusions reached in connection with this Stipulated Order (the "Additional Expert Services"). Any Additional Expert Services discussed or provided under this paragraph shall not limit or restrict the OIG-Selected Expert's professional relationship with Petitioner, nor restrict its provision of expert testimony on Petitioner's behalf. NeCMSC acknowledges that Petitioner may (a) seek to introduce expert testimony from and otherwise use the OIG-Selected Expert in this or, with the prior approval of this Court, in any related proceeding, and (b) retain the OIG-

Selected Expert in any unrelated matter, provided that Petitioner and the OIG-Selected Expert otherwise comply with this Stipulated Order.

12. In this or any other enforcement proceeding brought by Petitioner relating to the Respondent NeCMSC's search for or production of E-Mail Documents or Microsoft Exchange files, a copy of the Report may, upon prior notice, be provided to the Court for its *in camera* review.

13. This Stipulated Order only applies to E-Mail Documents and Microsoft Exchange files retrievable from the contents of the electronic documents on the NeCMSC Media. For all other electronic documents identified during the testing and analysis of the NeCMSC Media by the OIG-Selected Expert, the Parties reserve their respective rights with regard to whether NeCMSC is or is not required to produce any of those documents under the subpoenas.

14. Except as otherwise provided in this Stipulated Order, or further Order of this Court, the OIG-Selected Expert shall not disclose to Petitioner or any third-party any documents or information relating to its testing and analysis.

15. This Stipulated Order is not an admission of liability by any Party.

16. The provision under this Stipulated Order for the testing and analysis of the NeCMSC Media by the OIG-Selected Expert does not constitute a waiver by any of the Respondents of any otherwise valid objection to the subpoenas served on NeCMSC, their compliance therewith, or any applicable privilege.

17. This Stipulated Order does not limit or affect any otherwise valid objection by any of the Respondents to the admissibility of reports, findings or results by the OIG-Selected Expert.

18.   This Stipulated Order does not restrict or affect any position, argument or objection Petitioner or any of the Respondents may otherwise have relating to the subpoenas served on NeCMSC and its compliance or cooperation therewith, the conduct of the investigation, or this proceeding.

**APPROVED and ENTERED this __ day of March 2007.**

_____
Honorable Deborah A. Robinson
United States Magistrate Judge

STIPULATED AND AGREED TO BY:

JONES DAY

By: _____
Philip Le B. Douglas, D.C. Bar # 311944

222 East 41st Street
New York, NY 10017-6702
(212) 326-3611

Attorneys for Bombardier Inc. and Northeast Corridor Maintenance Services Company


WINSTON & STRAWN LLP

By: _____
Timothy M. Broas, D.C. Bar # 391145

1700 K Street, N.W.
Washington, D.C. 20006
(212) 282-5750

Attorneys for Alstom Transportation, Inc. and Northeast Corridor Maintenance Services Company


OFFICE OF THE INSPECTOR GENERAL

By: _____
David Sadoff, D.C. Bar # 204974
Associate Counsel to the Inspector General

10 G Street, Northeast
Room 3E-406
Washington, D.C. 20002
(202) 906-4882

Attorney for Petitioner

Annex A to
**Stipulated Order, Exhibit B**

**The previously agreed search terms are as follows:**

"A and (B or C or D), <u>where</u>

- A= (condition OR risk OR defect* OR deficien* OR malfunction* OR failure* OR crack* OR fracture* OR tear* OR rip* OR resonan* OR fatigue OR strain OR vibration OR frequenc*);

- B= (disc OR discs OR disk OR disks OR spokes OR spoke);

- C= (39566/2000 or 39566/2030 or *42120088S* or *42120089S* or WS700S*);

- D= (040305 or 090033 or 209902 or 279912 or 309913 or 309914 or 310008 or 339922 or 339939 or 339940 or 339958 or 3399914 or 499905 or 509902 or 509904 or 587410 or 587640 or 638411 or 693332)."

**Annex B to Exhibit B**

DECLARATION AND ACKNOWLEDGMENT CONCERNING
AGREEMENT REGARDING TRANSFER AND
ANALYSIS OF BACKUP TAPES AND EMAIL DRIVES

I _____, have received and carefully read a copy of the annexed "Stipulated Order Regarding Transfer and Analysis of Back-Up Tapes and E-Mail Drives" ("Stipulated Order").

I understand that the Stipulated Order is intended to protect both (i) the integrity of any data that may be on the NeCMSC Media, and (ii) any privileges that may pertain to any such data.

I agree to be bound by the provisions of the Stipulated Order, and I agree not to transfer custody of the NeCMSC Media, any copies thereof, or any information that may be derived therefrom, to any person or entity except in compliance with the terms of the Stipulated Order.

Signature: _____

Date: _____

**Upon signature,** this Declaration and Acknowledgement should be faxed to:

David Sadoff, Esq. 202-906-4695

Franklin Parker, Esq. 202-282-5100

Philip Le B. Douglas, Esq. 212-755-7306