**EXHIBIT D**

## NECMSC CERTIFICATION

The Northeast Corridor Maintenance Services Company ("NeCMSC") certifies as follows:

### A. Subpoena Compliance

In accordance with the clarifications set forth herein, NeCMSC has reasonably and in good faith complied with the requests of OIG Subpoenas Nos. 05-09 and 05-20 (collectively, the "Subpoenas"), dated May 10, 2005, and June 24, 2005, respectively. NeCMSC has not withheld any documents it, in good faith, deemed producible in response to the Subpoenas.

### B. Lack of Notice of Brake Problem

NeCMSC has (i) inquired of NeCMSC employees with primary responsibility for significant brake problems (a "Responsible Person") whether they or, to their knowledge, any other NeCMSC representatives, received notice prior to April 14, 2005 of the broken friction brake spoke problem discovered that day (the "Brake Problem"), and (ii) undertaken a reasonable search for any documents showing knowledge of the Brake Problem prior to April 14, 2005. Based on that inquiry and search, it appears that no Responsible Person at NeCMSC had notice of the Brake Problem prior to April 14, 2005.

### C. Phase I Record Search and Production

With regard to records produced prior to March 30, 2006 (the "Phase I Production"), NeCMSC notes as follows:

1. Over the course of several months, outside counsel for NeCMSC undertook to locate and produce potentially responsive NeCMSC files.

    (a) Outside counsel first conducted an extensive survey of NeCMSC's records that were potentially responsive to the Subpoenas. Among other things, outside counsel inspected NeCMSC's premises and interviewed more than ten NeCMSC executives, engineers, project managers, information technology personnel, purchasing agents and others with knowledge of NeCMSC's recordkeeping about types and locations of documents potentially responsive to the Subpoenas. Prior to initiating the document review, outside counsel also reviewed samples of potentially responsive information.

    (b) With regard to the Ivy City facility, outside counsel then searched NeCMSC's four main document areas for documents potentially

responsive to the Subpoenas: the Main Office (which included executive staff), the Engineering Offices, the Purchasing/Finance Offices and the Maintenance/Inspection Area.

    (c) With regard to the Sunnyside and Boston facilities, outside counsel determined that other than inspection records generated at Sunnyside and Boston, all of which were sent to Ivy City, no NeCMSC records relating to the brakes were kept at Sunnyside or Boston.

2. Where NeCMSC's counsel deemed a document request to be specific, it searched for, and NeCMSC produced, any responsive document retrieved in that search. The responsive documents are indicated on the attached "Index to NeCMSC's Productions" (Exhibit A hereto), as the entries for April 2005 and July 1, 2005.

3. With regard to the Subpoenas' more general requests, based on the foregoing inspections, interviews and surveys, outside counsel, in good faith, searched all files that were identified to outside counsel as reasonably likely to contain, and have not excluded from those files any believed to contain, potentially responsive documents (including any quality control documents) regarding problems with the Acela trailer car friction brakes. The searched files were: (a) Daily Inspection Reports, (b) Corrective Work Orders, (c) Purchasing Department Records, (d) Director of Business Administration Records, (e) Engineering Department Records, (f) Shipping/Receiving Records, (g) Main Office Records (which contained recent inspection records), (h) President's Records, (i) Wheel Specialist's records, and (j) Inspection & Maintenance Area Records. Where outside counsel could readily determine that a record within those files did not concern trailer car friction brakes, those records were excluded. As an illustration, NeCMSC excluded certain documents that pertained solely to other systems on the Acela cars. The results of that review are further set forth in Exhibit A hereto (except those produced on March 30 and April 24, 2006, which concern the Phase II Production described below).

4. NeCMSC's productions included documents created or produced on or prior to April 14, 2005, the date that the cracked friction brake disc spokes were first discovered.

5. Files of Bombardier Inc. or Alstom Transportation, Inc. employees assigned to NeCMSC were produced by his or her employer, rather than by NeCMSC.

D.  **Phase II Electronic Search and Production**

With respect to documents produced on or after March 30, 2006 (the "Phase II Production"), NeCMSC notes as follows:

1. Electronic Search 1, as such search was defined among counsel for the Office of the Inspector General ("OIG") and NeCMSC,[1] was conducted on NeCMSC's behalf, across the personal computer hard drives and server user drives of certain individuals that were agreed to by counsel for the OIG and NeCMSC (the "Stillman Employees").

2. The Stillman Employees consisted of current and former NeCMSC employees selected by NeCMSC after consultation with OIG. For NeCMSC personnel who worked on projects for other employers, the search was limited to files maintained in directories or sub-directories pertaining to the Acela project.

3. Where this could be easily accomplished, documents that did not pertain to any problems on the Acela trailer car friction brakes were excluded. As an illustration, NeCMSC did not produce documents that pertained solely to problems on other systems on the Acela cars.

4. On March 30 and April 24, 2006, NeCMSC produced the results of this Phase II Production, as indicated in Exhibit A hereto.

5. NeCMSC's productions included responsive documents created or produced on or prior to April 14, 2005, the date that the cracked friction brake disc spokes were first discovered.

---

[1] As stated in the January 23, 2006 letter from David Sadoff, Esq. of OIG, Electronic Search 1 was defined as follows:

"'Electronic Search 1', we understand, can be expressed as:

A and (B or C or D), where

- A= (condition OR risk OR defect* OR deficien* OR malfunction* OR failure* OR crack* OR fracture* OR tear* OR rip* OR resonan* OR fatigue OR strain OR vibration OR frequenc*);

- B= (disc OR discs OR disk OR disks OR spokes OR spoke);

- C= (39566/2000 or 39566/2030 or *42120088S* or *42120089S* or WS700S*);

- D= (040305 or 090033 or 209902 or 279912 or 309913 or 309914 or 310008 or 339922 or 339939 or 339940 or 339958 or 3399914 or 499905 or 509902 or 509904 or 587410 or 587640 or 638411 or 693332)"

E.  **Privilege Claims**

    Attached as Exhibit B is NeCMSC's Privilege Log

                  Northeast Corridor Maintenance Services Company

                  By:_____
                     [Name]
                     [Title]

March __, 2007

# EXHIBIT A

## INDEX TO NECMSC'S PRODUCTIONS

| NECMSC PRODUCTION ||||
|---|---|---|---|
| Date Produced | Production Numbers | File Description | Applicable Subpoena Requests |
| April 2005 | Not applicable (prior to issuance of subpoena) | Seven binders of "Coach Car wheel set assembly data" from ORX. | Request Nos. 2, 4, and 13. |
| April 2005 | Not applicable (prior to issuance of subpoena) | The original NeCMSC Visitor's Book, from December 3, 2000 until the date it was provided to OIG. | Request No. 9. |
| April 2005 | Not applicable (prior to issuance of subpoena) | A copy of the Level 1 daily inspection procedure form. | Request Nos. 7, 10 and 12 |
| April 2005 | Not applicable (prior to issuance of subpoena) | Copies of the control sheet filled out daily by Amtrak personnel at NeCMSC facilities – both (i) the version that existed prior to April 14, 2005 and (ii) the new version created after NeCMSC became aware of the disc issue (but before the fleet was grounded). | Request Nos. 4, 5, 6, 7, 10 and 12, and OIG's request for "notice" documents. |
| April 2005 | Not applicable (prior to issuance of subpoena) | Knorr Service Bulletin 123c (*i.e.*, the Service Bulletin about the method of inspecting the brake discs). | Request Nos. 5, 6, and 7. |
| 6/24/05 | NEC0000001-NEC0226982 | Paper-based periodic inspection reports (DIRs) through approximately April 1, 2003, as retrieved from the Iron Mountain off-site storage facility. They are not actively maintained or used in NeCMSC's usual course of business, and were produced in the order received from the off-site storage facility. | Request Nos. 4, 5, 6, 7, 10 and 12, and OIG's request for "notice" documents. |
| 7/1/05 | NEC0226983-NEC0227436 | Corrective Work Orders. | Request Nos. 4, 5, 6, 7, 10 and 12, and OIG's request for "notice" documents. |
| 7/1/05 | NEC0227437-NEC0227486 | Knorr Life Cycle Contract. | Request No. 1 |

| NECMSC PRODUCTION |
| Date Produced | Production Numbers | File Description | Applicable Subpoena Requests |
| --- | --- | --- | --- |
| 7/1/05 | NEC0227487-NEC0375599 | NeCMSC server-based DIRs. | Request Nos. 4, 5, 6, 7, 10 and 12, and OIG's request for "notice" documents. |
| 7/5/05 | NEC0375600-NEC0520061 | NeCMSC server-based DIRs. | Request Nos. 4, 5, 6, 7, 10 and 12, and OIG's request for "notice" documents |
| 7/22/05 | NEC0520062-NEC0542348 | NeCMSC server-based DIRs. | Request Nos. 4, 5, 6, 7, 10 and 12, and OIG's request for "notice" documents. |
| 8/17/05 | NEC0542349-NEC0542636 | Additional Corrective Work Orders inadvertently omitted on 7/1/05. | Request Nos. 4, 5, 6, 7, 10 and 12, and OIG's request for "notice" documents |
| 8/17/05 | NEC0542637-NEC0544437 | Records maintained by the Purchasing Department. | Request Nos. 1, 5, 6, 7, 10 and 12. |
| 8/17/05 | NEC0544438-NEC0544921 | Records maintained by Greg Topf, NeCMSC's Director of Business Administration. | Request Nos. 4, 5, 6, 7, 8, 10, 12 and OIG's request for "notice" documents |
| 8/17/05 | NEC0544922-NEC0557011 | Binders maintained by the Engineering Department | Request Nos 2, 7, 10 and 12. |
| 8/17/05 | NEC0557012-NEC0557031 | Records maintained by the Purchasing Department | Request Nos. 1, 5, 6, 7, 10 and 12. |
| 8/17/05 | NEC0557032-NEC0563261 | Paper-based (pre-April 2003) DIRs which were inadvertently omitted from the 6/24/05 production. | Request Nos. 4, 5, 6, 7, 10 and 12, and OIG's request for "notice" documents. |
| 8/17/05 | NEC0563262-NEC0563613 | Shipping/receiving documents. | Request Nos. 5, 6, and 7 |
| 8/17/05 | NEC0563614-NEC0581671 | Records maintained in the Main Office. | Request Nos. 4, 5, 6, 7, 8, 10, 12 and OIG's request for "notice" documents. |
| 8/17/05 | NEC0581672-NEC0582107 | Records maintained by Pierre Hebert, president of NeCMSC. | Request Nos 4, 5, 6, 7, 8, 10, 12 and OIG's request for "notice" documents |
| 8/17/05 | NEC0582108-NEC0582279 | Records maintained by NeCMSC's wheel specialist, Sarabpreet Bumra (now an Amtrak employee). | Request Nos 4, 5, 6, 7, 8, 10, 12 and OIG's request for "notice" documents |

Exhibit A                                        -2-

| NECMSC PRODUCTION | | | |
|---|---|---|---|
| Date Produced | Production Numbers | File Description | Applicable Subpoena Requests |
| 8/17/05 | NEC0582280-NEC0602713 | Records maintained in the trainset inspection/maintenance area. | Request Nos. 2, 4, 5, 6, 7, 10, 11, 12 and OIG's request for "notice" documents. |
| 10/12/05 | NEC0602714-NEC0917575 | Re-production of Inspection Records maintained on the NeCMSC servers (previously produced on July 1, 5 and 22, 2005, as NEC0227487-NEC0542348). | Request Nos. 4, 5, 6, 7, 10 and 12, and OIG's request for "notice" documents. |
| 10/18/05 | NEC0917576-NEC0917599 | Records maintained by the Purchasing Department, inadvertently omitted from 8/17/05 production. | Request Nos. 1, 5, 6, 7, 10 and 12. |
| January 2006 to present | Not applicable | Remote access to SPEAR database made available to OIG. | Request Nos. 4, 5, 6, 7, 10 12, and 13, and OIG's request for "notice" documents |
| 2/10/06 | KROLL-0001-KROLL-0037 | Emails from Kroll Ontrack, Inc. ("Kroll") regarding efforts made to recover NeCMSC emails | OIG's request for Kroll's emails regarding efforts made to recover NeCMSC emails |
| 2/23/06 | NEC0917600-NEC0917601 | Emails from Frank Christello to NeCMSC and Bombardier personnel regarding efforts made to recover NeCMSC emails. | OIG's request for Frank Christello's emails regarding efforts made to recover NeCMSC emails. |
| 3/30/06 | NEC0917602-NEC0944884 | Results of running the Electronic Search 1 across the loose electronic files of the user drives of individual NeCMSC employees previously identified to OIG [2] | Request Nos 4, 5, 6, 7, 10 and 12, and OIG's request for "notice" documents. |
| 4/24/06 | NEC0944885-NEC0952778 | Results of running the Notice Electronic Search across the email files of the user drives of individual NeCMSC employees previously identified to OIG [3] | Request Nos 4, 5, 6, 7, 10 and 12, and OIG's request for "notice" documents. |

---

[2] Certain files were eliminated where NeCMSC could easily determine that the files were obviously unrelated to defects in the Acela trainset brake system.

[3] Certain files were eliminated where NeCMSC could easily determine that the files were obviously unrelated to defects in the Acela trainset brake system.

Exhibit A                                      -3-

In re Amtrak Office of Inspector General
Subpoena Nos. 05-09 and 05-20
on Northeast Corridor Maintenance Services Corporation

**EXHIBIT B**

**PRIVILEGE LOG OF NORTHEAST CORRIDOR
MAINTENANCE SERVICES CORPORATION**

(March 2007)

A/C:  Attorney-Client Privilege
AWP: Attorney Work Product

**REDACTED DOCUMENTS**

| No. | Prod. No. | Date | From | To | cc | Description | Privilege |
|---|---|---|---|---|---|---|---|
| 1. | NEC0917601 | June 2, 2005 | Frank Christello | Suzanne El Zawi; Renaud Murray | Pierre Hebert; Bud Simpson | Reports communications with Pillsbury Winthrop Shaw Pittman LLP. | A/C (See Resp. Ex. 95) |
| 2. | KROLL-00016 | June 1, 2005 | Kip Cornack | Christine Mennes | | Reports communications with Pillsbury Winthrop Shaw Pittman LLP. | AWP (See Resp. Ex. 92) |
| 3. | KROLL-00016 | June 1, 2005 | Christine Mennes | Kip Cornack | | Reports communications with Pillsbury Winthrop Shaw Pittman LLP. | AWP (See Resp. Ex. 92) |

**DOCUMENTS WITHHELD BASED ON PRIVILEGE**

None.